UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUE EARL,<br><br>    **Plaintiff,**<br><br>v.<br><br>NOVARTIS CONSUMER HEALTH, INC,<br><br>    **Defendant.** | (Judge Richard J. Holwell)<br><br>2007 Civ. 09595(RJH) |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF**
<u>**MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**</u>

Plaintiff Sue Earl ("Plaintiff"), by and through undersigned counsel, respectfully moves this Court, pursuant to Federal Rule of Civil Procedure 15, to file an Amended Complaint against Defendant Novartis Consumer Health, Inc. ("Novartis Consumer Health"). The grounds for Plaintiff's Motion are set forth below.

**I. PROCEDURAL HISTORY**

1. On or about May 27, 2005, Ms. Earl timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Novartis Corporation and Novartis Pharmaceuticals Corporation. Ms. Earl received her Notice of Right to Sue on June 24, 2005.

2. Ms. Earl sought to redress the gender discrimination she experienced at Novartis as a plaintiff in the pending matter <u>Velez v. Novartis Corporation</u>, 04 Civ. 09194 (GEL) ("Velez matter"), in which twenty-two women alleged class-wide claims of gender discrimination against Thomas Ebeling, Novartis Pharmaceuticals Corporation ("Novartis Pharmaceuticals"), and Novartis Corporation, the parent company of Novartis Finance Corporation, Novartis Pharmaceuticals, Novartis Consumer Health, and Novartis Nutrition Corporation ("Novartis Nutrition").

3. On or about June 2, 2005, at which time Ms. Earl was in the process of perfecting her Notice of Right to Sue, plaintiffs in the pending Velez matter filed their Second Amended Complaint, including Ms. Earl as a plaintiff and class representative.

4. The statute of limitations on Ms. Earl's discrimination claim tolled as of the filing of the Second Amended Complaint in the Velez matter.

5. On or about July 31, 2007, Judge Gerard Lynch dismissed Defendant Novartis Corporation from the Velez matter, foreclosing Ms. Earl's ability to recover through the Velez matter as pled. As of the July 31, 2007 decision, the statute of limitations was no longer tolled.

6. Since no time passed between Ms. Earl's receipt of her Notice of Right to Sue and the filing of the Second Amended Complaint in the Velez matter, Ms. Earl had the full ninety (90) days to re-establish her claims, either through an amendment to the complaint in the Velez matter or by filing a related but individual action. This ninety (90) day period expired on October 28, 2007.

7. On or about October 26, 2007, Ms. Earl timely filed a gender discrimination lawsuit against Novartis Consumer Health.

8. Plaintiff now requests leave to amend her complaint and add an additional defendant, Nestle Healthcare Nutrition, Inc., which on information and belief, acquired Novartis Nutrition, an entity previously owned by Novartis Consumer Health.

## II.   STATEMENT OF FACTS

9. In July 1991, Plaintiff Sue Earl was hired as a sales representative for Sandoz Nutrition.

10. In approximately May 1997, Sandoz Nutrition became Novartis Nutrition as Sandoz and Ciba companies merged to form Novartis AG, a Swiss company of which the US Headquarters is Novartis Corporation.

11. In 2002, Ms. Earl was promoted to become an Acute Care Account Manager for Novartis Nutrition. Her responsibilities included selling and servicing enteral and oral nutrition products to hospitals, doctors, home health care companies, distributors and nursing homes.

12. During the time it employed Ms. Earl, Novartis Nutrition functioned as a business unit of the Novartis Consumer Health Division of Novartis Corporation. In addition, Novartis Finance Corporation, a wholly-owned subsidiary of Novartis Corporation, owned 10 percent or more of Novartis Nutrition's stock.

13. In approximately July 2007, Nestlé USA purchased Novartis Nutrition. In approximately February 2008, Novartis Nutrition was renamed Nestlé Healthcare Nutrition, Inc.

14. Nestlé Healthcare Nutrition, Inc. ("Nestlé Nutrition"), formerly Novartis Nutrition, is a division of Nestlé USA, one of the nation's leading food companies, specializing in the development, manufacture, and marketing of science-based nutrition products and services for consumers with special needs, including specific illnesses and disease states. Nestlé Nutrition is headquartered in Glendale, California, and has registered agents in California, Texas, Ohio, Louisiana, Minnesota, and Pennsylvania.

## III.   ARGUMENT

### A. Proposed Amendments

Plaintiff proposes adding one new defendant, Nestle Healthcare Nutrition, Inc. ("Nestle Nutrition").

*B. The Proposed Addition of Claims Satisfies Requirements of Rule 15(a).*

    **1.    Justice Requires That Leave Be Granted To File Plaintiff's Amended Complaint.**

Federal Rule of Civil Procedure 15(a) states in relevant part: "A party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has admonished that "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962) (granting leave to amend). The United States District Court for the Southern District of New York itself has said that leave to amend "must be freely granted, and amendments are generally accepted absent futility or undue prejudice." Academy of Ambulatory Foot Surgery v. American Podiatry Ass'n, 516 F. Supp. 378, 382-83 (S.D.N.Y. 1981) (allowing a plaintiff to add claims by amending a complaint); see also Jones v. New York City Human Resources Admin., 539 F. Supp. 795, 800-01 (S.D.N.Y. 1982) (allowing plaintiffs to add a claim even after final judgment had been entered).

Here, Plaintiff's request would in no way be futile nor will it unduly prejudice Defendant. This proposed amendment comes only approximately one month after Plaintiff's amendment by right.

    **2.    Plaintiffs Exhibit No Undue Delay, Bad Faith, Or Repeated Failure To Cure Deficiencies**

When a party seeks leave to amend, leave should, as the Federal Rules of Civil Procedure require, be given

> "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . .".

Foman v. Davis, 371 U.S. 178, 182 (1962).

Defendant will not be prejudiced in any way should this Court grant Plaintiff's request for leave to amend. The amendment is proposed very early in the litigation, so that the schedule will allow the parties to conduct discovery regarding corporate separateness. If it becomes clear that the original defendant, Novartis Consumer Health, is not an appropriate party to the instant matter, Plaintiff will stipulate to its dismissal. As such, Plaintiff's proposed amendment does not prejudice Defendant but, in fact, ensures the suitability of its inclusion in this lawsuit.

There has also been no undue delay on the part of Plaintiff. This motion arises only approximately one month after Plaintiff's amendment by right and before formal discovery. Even if there had been delay of any kind, delay alone, does not justify denial of leave to amend. Asoma Corp. v. SK Shipping Co., 53 Fed. Appx. 581, 583 (2d Cir. 2002) (reversing the District Court's denial of plaintiff's request for leave to amend a complaint, even though that request was made in plaintiff's opposition to summary judgment).

Nor is Plaintiff demonstrating bad faith or dilatory motive. Plaintiff only became aware of Nestle Nutrition's applicability as a defendant after receiving Novartis Consumer Health's Answer to the Complaint. As soon Novartis Consumer Health implicated Nestle Nutriton in the lawsuit, Plaintiff moved for leave to amend.

Finally, nothing about the proposed amendments can be seen as futile. Indeed, Defendant's own Answer suggests the viability of the proposed amendments.

### *C. The Addition of Nestle Nutrition as a Defendant is Proper Under Rule 20(a).*

Federal Rule of Civil Procedure 20(a) states, in relevant part: "All persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants

5

will arise in the action." Fed. R. Civ. P. 20(a).  "[T]he purpose of joinder under Fed. R. Civ. P. 20(a) is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."  <u>Cline v. 1-888-Plumbing Group, Inc.</u>, No. 99 Civ. 1401, 2000 U.S. Dist. LEXIS 4038, at *5 (S.D.N.Y. Mar. 30, 2000).  Those ends are exactly what Plaintiff hopes to achieve.  Plaintiff seeks to avoid duplicative litigation and asserts that joinder can easily resolve.  Denial of the instant motion would require that Plaintiff embark on a fishing expedition for the proper defendant, which was caused by defendants' own corporate shuffling.  Such process could require duplicative litigation.

## IV. CONCLUSION

Federal Rule of Civil Procedure 15(a) states that parties may amend "freely as justice so requires."  Fed. R. Civ. P. 15(a).  For the reasons stated above, this Court should grant Plaintiff's Motion for Leave to File Amended Complaint.

Respectfully submitted this 2nd day of April, 2008.

By:      s/ Steven Wittels
Steven Wittels, (SLW-8110)
Jeremy Heisler, (JH-0145)
**SANFORD WITTELS & HEISLER, LLP**
950 Third Avenue
10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

David W. Sanford, D.C. Bar No. 457933
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W.
Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile:  (202) 742-7776

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2008, a copy of the foregoing was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

    Allyson Marie Smith
    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**
    10 Madison Avenue, Suite 402
    Morristown, NJ 07960

    *Attorney for Novartis Consumer Health, Inc.*

    ___s/ Steven Wittels___
    Steven Wittels