RECEIVED MAR 11 2008 CHAMBERS OF RICHARD J. HOLWELL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUE EARL,

    Plaintiff,

v.

NOVARTIS CONSUMER HEALTH, INC,

    Defendant.

CASE MANAGEMENT PLAN AND SCHEDULING ORDER

(Judge Richard J. Holwell)

2007 Civ. 09595(RJH)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/8/08

### I. Introduction and Description of Case

Plaintiff Sue Earl filed the instant action by and through her attorneys against Defendant Novartis Consumer Health, Inc. on October 26, 2007 in the Southern District of New York.

Steven L. Wittels of Sanford Wittels & Heisler, LLP serves as lead trial attorney for Plaintiff. Peter O. Hughes (application for *pro hac* vice admission pending) and Allyson M. Smith of Ogletree, Deakins, Nash, Smoak & Stewart, PC are counsel of record for Defendant; Mr. Hughes serves as lead trial attorney for Defendant.

The basis for federal jurisdiction is the presence of a federal question under 28 U.S.C. §1331, in that Plaintiff asserts claims under Title VII of the Civil Rights Act of 1964. Ms. Earl brings this action pursuant to Title VII, New York Executive Law §296 and other New York state law to redress the gender discrimination, pregnancy discrimination, retaliation and infliction of emotional distress she experienced as an employee of Novartis. Ms. Earl was injured, personally and financially, by Novartis's discriminatory and retaliatory practices.

Defendant contends that the action against it is improper, as Defendant never employed Plaintiff at any time or in any capacity, nor did it employ any of the persons whom Plaintiff claims discriminated against her. Defendant denies that it discriminated against Plaintiff in any way. Defendant also asserts that Plaintiff's claims are barred by the applicable statutes of limitations, and by Plaintiff's failure to exhaust administrative remedies in that no charge of discrimination was ever filed against Novartis Consumer Health, Inc. with the EEOC or any state agency.

Ms. Earl seeks front pay, back pay, declaratory and injunctive relief, and an award of compensatory, nominal, and punitive damages in an amount not less than six million dollars.

II.   **Proposed Case Management Plan**

After consultation with counsel for and by all parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

1. There is currently pending a motion to admit Peter O. Hughes *pro hac vice* on behalf of Defendant. ~~Within ten (10) days,~~ Defendant plans on filing a motion for summary judgment to dismiss the Complaint on the grounds that it did not employ Plaintiff or any of the persons who Plaintiff alleges discriminated against her. *Such motion shall be filed on or before June 6, 2008. Plaintiff shall*

2. The parties propose that joinder of additional parties must be accomplished by **April 15, 2008**.

3. The parties propose that amended pleadings may be filed until **April 15, 2008**.

4. Discovery Schedule

   Defendant believes it is premature to set a discovery schedule, given that Plaintiff is considering adding another party.

   (a) Discovery is to be completed by **November 7, 2008**. Interim deadlines set below may be extended by the parties on consent without application to the Court, provided the parties can still meet the discovery completion date ordered by the Court, which shall not be adjourned except upon a showing of extraordinary circumstances.

   (b) First request for production of documents and interrogatories is to be served by **May 30, 2008**.

*conduct discovery on this issue during the next 60 days and shall file opposition papers by July 15, 2008. Reply papers by July 30, 2008*

    (c)    The parties propose that experts, if any, are to be designated by Plaintiff by **August 8, 2008** and by Defendant by **September 9, 2008**. Plaintiff's expert reports are to be furnished by **September 9, 2008**. Defendant's expert reports in opposition shall be served by **October 9, 2008**.

5. Dispositive motions must be filed by **December 12, 2008**. Oppositions must be served by **January 12, 2009**. Replies must be served by **January 26, 2009**.

   All motions and applications shall be governed by the Court's Individual Practice Rules, which are available on the Internet at **http://www.nysd.uscourts.gov**. Note that under those rules, two courtesy copies of all motion papers are to be provided to chambers at the time the papers are served.

   Any party may request oral argument by letter at the time its moving, opposing, or reply papers are filed. The Court will determine whether and when oral argument is to be heard.

6. The joint pretrial order shall be filed no later than 30 days after completion of discovery, **December 7, 2008**.

7. The case is to be tried by a jury. The case will be ready for trial by **April 13, 2009**, and the parties estimate that it will last three days.

8. Counsel do not consent to trial by a U.S. Magistrate Judge.

9. The parties request a settlement conference. No settlement discussions have yet occurred.

10. The parties are to appear before the Court for another interim status conference in this matter on _____ at _____.

Dated:
New York, New York
April 7
March —, 2008

SO ORDERED:

_____
RICHARD J. HOLWELL
United States District Judge

11.