**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
Allyson M. Smith (AS-4750)
Peter O. Hughes (admitted *pro hac vice*)
Attorneys for Defendant
Novartis Consumer Health, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

SUE EARL,

               Plaintiff,

v.

NOVARTIS CONSUMER HEALTH,
INC.

               Defendant.

------------------------------------------------------

Hon. Richard M. Berman, U.S.D.J.
Civil No.: 07 CIV 9595 (RMB)

***Document Electronically Filed***

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On the Brief:

Peter O. Hughes (admitted *pro hac vice*)
Allyson M. Smith (AS-4750)

## TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT .......................................................................... 1

II.   FACTUAL AND PROCEDURAL HISTORY ....................................................... 3

III.  ARGUMENT.................................................................................................. 8

    A.    Standard Of Review for Motion for Summary Judgment ................................. 8

    B.    Plaintiff's Title VII Claims Are Barred by the Statute Of Limitations And
        Were Not Subject to Tolling.................................................................................. 9

        1.    Plaintiff Failed to File Her Title VII Lawsuit Within 90 Days After
            Receiving The Right-To-Sue Letter From The EEOC ................................... 9

        2.    Plaintiff's Decision To Proceed Individually In The Velez Class Action
            Stops Any Alleged Tolling Of The 90 Day Statute of Limitations.............. 10

            a.    Class Action Tolling Does Not Apply To Parties Who Were Not
                Named As Defendants In The Original Class Action.................11

            b.    Tolling Ceases Once The Plaintiff Opts Out And Elects To Proceed
                Individually...................................................................13

    C.    Plaintiff's Title VII Claims Should Be Dismissed Due To Her Failure To
        Name Novartis Consumer Health, Inc. As A Party In The EEOC Charge of
        Discrimination ..................................................................................................... 14

    D.    Plaintiff's State Law Claims Should Be Dismissed For Lack of Subject
        Matter Jurisdiction ............................................................................................ 17

    E.    Plaintiff's State Law Claims Must Be Dismissed Because Consumer Health
        Never Employed Plaintiff or Any of the Individuals Identified in Her
        Complaint ............................................................................................................ 17

    F.    Plaintiff's Motion To Amend The Complaint to Include Nestle Healthcare
        Nutrition, Inc. As A Defendant Should Be Denied Because The Motion Is
        Futile.................................................................................................................... 22

IV.   CONCLUSION ...................................................................................................... 23

## TABLE OF AUTHORITIES

**Cases**

*Agency Holding Corp. v. Malley-Duff & Associates, Inc.*,
  483 U.S. 143 (1987) ....................................................................................................... 12

*American Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1971) ....................................................................................................... 11

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ......................................................................................................... 9

*Arneil v. Ramsey*,
  550 F.2d 774 (2d Cir. 1977) ......................................................................................... 12

*Balut v. Loral Elec. Sys.*,
  988 F.Supp. 339 (S.D.N.Y. 1997) ................................................................................ 21

*BellSouth Telecomms., Inc. v. W.R. Grace & Co.*,
  77 F.3d 603 (2d Cir. 1996) ............................................................................................. 9

*Berry v. CINA/RSI-CIGNA*,
  975 F.2d 1188 (5th Cir. 1992) ..................................................................................... 10

*Brown v. Hartshorne Pub. Sch. Dist. #1*,
  926 F. 2d 959 (10th Cir. 1991) .................................................................................... 10

*Caldarola v. Calabrese*,
  298 F.3d 156 (2d Cir. 2002) ........................................................................................... 8

*Castellano v. Board of Trustees*,
  937 F.2d 752 (2d Cir. 1991) ......................................................................................... 17

*Cullen v. Margiotta*,
  811 F.2d 698 (2d Cir. 1987) ......................................................................................... 12

*Darden v. DaimlerChrysler N.A. Holding. Corp.*,
  191 F. Supp. 2d 382 (S.D.N.Y. 2002) ......................................................................... 15

*Egleston v. State University College at Genesco*,
  535 F.2d 752 (2d Cir. 1976) ......................................................................................... 15

*Forman v. Davis*,
  371 U.S. 178 (1962) ....................................................................................................... 22

*Govette v. DCA Advertising, Inc.,*
  830 F.Supp. 737 (S.D.N.Y.1993) ................................................................. 19

*Grace v. Rosenstock,*
  228 F.3d 40 (2d Cir. 2000)........................................................................... 22

*Hamad v. Nassau County Medical Center,*
  191 F.Supp.2d 286 (E.D.N.Y. 2000) ........................................................... 15

*Hargett v. Metropolitan Transit Authority,*
  -- F. Supp.2d --, 2008 WL 1700143 (S.D.N.Y. April 8, 2008)..................... 19

*Harrington v. Hudson Sheraton Corp.,*
  2 F. Supp. 2d 475 (S.D.N.Y. 1998) .............................................................. 15

*Heard v. MTA Metro-North Commuter Railroad Co.,*
  - F. Supp. 2d. -, 2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003).................. 10

*In re World Com Securities Litig.,*
  496 F.3d 245 (2nd Cir. 2007)....................................................................... 12

*Johnson v. Palma,*
  931 F.2d 203 (2d Cir. 1991)......................................................................... 15

*Jorge v. Rumsfeld,*
  404 F.3d 556 (1st Cir. 2005)......................................................................... 10

*Kane v. Krebser,*
  44 F. Supp. 2d 542 (S.D.N.Y. 1999)............................................................ 22

*Kellett v. Glaxa Enter.,*
  1994 WL 669975 (S.D.N.Y. November 30, 1994)....................................... 21

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,*
  475 U.S. 574 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)................................. 8

*Minette v. Time Warner,*
  997 F.2d 1023 (2d Cir. 1997)....................................................................... 10

*Murray v. Miner,*
  74 F.3d 402 (2d Cir. 1996)........................................................................... 19

*Price v. Digital Equipment Corporation,*
  846 F. 2d 1026 (5th Cir. 1988) .................................................................... 10

*R.G. Group, Inc. v. Horn & Hardart Co.*,
    751 F.2d 69 (2d Cir. 1984)..............................................................................9

*S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*,
    608 F.2d 28 (2d Cir. 1979)............................................................................22

*State Div. of Human Rights on Emrich v. GTE Corp.*,
    109 A.D.2d 1082, 487 N.Y.S.2d 234 (4th Dept. 1981) ...............................19

*Tarr v. Credit Suisse Asset Management, Inc.*,
    958 F.Supp. 785 (E.D.N.Y. 1997) ...............................................................15

*Tufariello v. Long Island R.R.*,
    364 F. Supp. 2d 252 (E.D.N.Y. 2005) ...........................................................9

*United Mine Workers v. Gibbs*,
    383 U.S. 715, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966)...............................17

*Velez v. Novartis Pharmaceuticals Corp. et al.*,
    Docket No. 04 Civ. 09194 (GEL)...................................................................2

*Velez v. Pharmaceuticals Corporation*,
    244 F.R.D. 243 (S.D.N.Y. 2007) .................................................................16

## Rules

*Fed. R. Civ. P.* 15(a) ......................................................................................22

*Fed.R.Civ.P.* 12(b)(6)....................................................................................22

*Fed.R.Civ.P.* 56 ...............................................................................................2

## Statutes

28 U.S.C. § 1367.............................................................................................17

42 U.S.C. §2000e-2(a) ....................................................................................18

42 U.S.C. §2000e-5(f)(1) ..........................................................................10, 14

## I.    PRELIMINARY STATEMENT

This is an employment matter where the Plaintiff Sue Earl ("Plaintiff") has brought federal claims under Title VII of gender discrimination, sexual harassment, pregnancy discrimination and retaliation and state claims under New York Executive Law §296 of gender discrimination, sexual harassment, retaliation, and claims of intentional infliction of emotional distress, negligent infliction of emotional distress, and negligent hiring, retention and supervision against her alleged employer Novartis Consumer Health, Inc. ("Consumer Health").  Consumer Health now moves for summary judgment dismissing Plaintiff's Title VII claims on the grounds that they are barred by the statute of limitations and dismissing the remaining state claims for lack of subject matter jurisdiction.  Consumer Health also requests the Court deny Plaintiff's Motion to Amend the Complaint to add Nestle Healthcare Nutrition Inc. (the successor to Novartis Nutrition Corporation)[1] as a defendant because the motion is futile and would result in undue prejudice.

Plaintiff is not and has never been an employee of Consumer Health.   Plaintiff, by her own admission, acknowledges she was employed by Novartis Nutrition Corporation, and before that, by Sandoz Nutrition Corporation from July 1991 until her resignation in March 2005.  Yet, three months following her resignation from Novartis Nutrition Corporation, and with the assistance of counsel, Plaintiff inexplicably filed an EEOC Charge of Discrimination against Novartis Pharmaceuticals Corporation and Novartis Corporation and joined a pending class action filed in the Southern District of New York entitled *Velez v. Novartis Pharmaceuticals Corp. et al.*, Docket No. 04 Civ.

---

[1] For ease of reference, we will refer to Nestle Healthcare Nutrition, Inc. as Novartis Nutrition Corporation, which was the name of the company when Plaintiff worked for it.

09194 (GEL) ("Velez matter") as a putative class representative. Following Plaintiff's own election to not continue her claims as a putative class representative and the subsequent determination by the Honorable Gerald E. Lynch, U.S.D.J. that Novartis Corporation never employed Sue Earl or any of the plaintiffs in the Velez matter, Plaintiff has now filed a Complaint based on the same allegations against Novartis Consumer Health, Inc. in an attempt to sustain her claims. This attempt must fail.

Plaintiff's Title VII claims against Consumer Health are barred by the statute of limitations. Plaintiff has never filed an EEOC Charge of Discrimination against Consumer Health. Likewise, Plaintiff failed to file a Complaint against Novartis Consumer Health, Inc. within 90 days following the receipt of her right-to-sue letter on the Charge of Discrimination she did file against Novartis Corporation and Novartis Pharmaceuticals Corporation. Moreover, any tolling of statute of limitations as the result of Plaintiff's involvement in the Velez class action ceased when Plaintiff subsequently elected to not pursue her claim as part of the class action, but rather to proceed in her individual capacity. Accordingly, pursuant to *Fed.R.Civ.P.* 56, Defendant moves for summary judgment on Plaintiff's Title VII claims due to lack of subject matter jurisdiction.

In addition, Plaintiff's claims must be dismissed because plaintiff was not at any time an employee of Consumer Health, and there is no basis in law for any claim by Plaintiff against Consumer Health. Alternatively, upon dismissal of the federal Title VII claims the Court also should dismiss Plaintiff's state law claims for lack of subject matter jurisdiction.

2

Finally, Plaintiff's request to amend her Complaint to add Novartis Nutrition Corporation as a defendant should be denied because the motion is futile and would result in undue prejudice.

## II.    **FACTUAL AND PROCEDURAL HISTORY**

1.    Plaintiff was employed by Novartis Nutrition Corporation and before that, by Sandoz Nutrition Corporation from July 1991 until her resignation in March 2005. *See Plaintiff's Complaint ¶16, annexed to Allyson M. Smith Declaration ("Smith Dec."). as Exhibit A; see also Plaintiff's Response to Defendant's First Set of Request for Admissions No. 1, annexed to Smith Dec. as Exhibit B.*

2.    On or about May 24, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Novartis Pharmaceuticals Corporation and Novartis Corporation. *See Plaintiff's Charge of Discrimination, annexed to Smith Dec. as Exhibit C; see also Exhibit B, Nos. 7-9*

3.    Plaintiff was represented and assisted by her own counsel in filing the Charge of Discrimination, the counsel that currently represent her in the case at bar. Counsel are highly qualified and, according to their own court submissions, "have substantial experience successfully prosecuting complex employment discrimination and wage and hour class actions." *See Exhibit B, Nos. 10-12; see also Velez Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, p. 45, annexed to Smith Dec. as Exhibit D.*

4.    Plaintiff has never, at any time, filed a Charge of Discrimination with the EEOC or any other agency against Consumer Health. *See Exhibit B, No. 16.*

3

5.     Plaintiff has never, at any time, filed a Charge of Discrimination with the EEOC or any other agency against Novartis Nutrition Corporation. *See Exhibit B, No. 17.*

6.     On or about June 2, 2005, while Plaintiff's Charge against Novartis Corporation and Novartis Pharmaceuticals Corporation was pending, Plaintiff elected to join the Velez matter, in which twenty-two women alleged class wide claims of gender discrimination against Novartis Pharmaceuticals Corporation, Novartis Corporation and an individual defendant, Thomas Ebeling. Specifically, Plaintiff joined the Velez case as a plaintiff and putative class representative with the filing of the Second Amended Complaint. *See Exhibit A, ¶¶7-8.*

7.     Consumer Health was never a party to the Velez matter. *See caption pages of the Complaint, First – Fourth Amended Complaints filed in the Velez matter, annexed to Smith Dec. as Exhibit E.*

8.     On or about June 24, 2005, the EEOC issued a right-to-sue letter to Plaintiff. *See Exhibit A, ¶6.*

9.     On or about July 25, 2005 Novartis Pharmaceuticals Corporation filed an Answer to the Second Amended Complaint denying that it ever employed Sue Earl. *See relevant portions of Novartis Pharmaceutical Corporation's Answer to the Second Amended Complaint, annexed to Smith Dec. as Exhibit F.*

10.    On or about July 25, 2005 Novartis Corporation filed an Answer to the Second Amended Complaint denying it ever employed Sue Earl. *See relevant portions of Novartis Corporation's Answer to the Second Amended Complaint, annexed to Smith Dec. as Exhibit G.*

11.    On or about September 9, 2005 and March 13, 2006, plaintiffs in the Velez matter filed Third and Fourth Amended Complaints, respectively.  Plaintiff Sue Earl's allegations were identical to the allegations asserted in the Second Amended Complaint.  *See relevant portions of the Second, Third, and Fourth Amended Complaints, annexed to Smith Dec. as Exhibits H, I, and J.*

12.    On or about March 20, 2006 and March 31, 2006, in their respective Answers to the Fourth Amended Complaint, Novartis Pharmaceuticals Corporation and Novartis Corporation once again denied ever employing Sue Earl. *See relevant portions of Novartis Pharmaceutical Corporation's Answer to the Fourth Amended Complaint, annexed to Smith Dec. as Exhibit K; see also relevant portions of Novartis Corporation's Answer to the Fourth Amended Complaint, annexed to Smith Dec. as Exhibit L.*

13.    On or about January 16, 2007, Plaintiffs in the Velez matter filed a Notice of Motion for Class Certification.  However, in Plaintiffs' Memorandum of Law in Support of the Motion for Class Certification, Plaintiff Sue Earl expressly notified the court that she was not participating in the proposed class and was instead proceeding individually.    Specifically, Plaintiffs' Memorandum of Law states: "Two named plaintiffs, Ashley Narmour and Sue Earl, do not serve as class representatives and proceed individually in this action." *See Exhibit D, p. 3 n. 1.*  The Memorandum of Law further specified that only 17 of the 19 named plaintiffs were seeking class certification. *Id.*

14.    On or about July 31, 2007, the Honorable Gerard E. Lynch, U.S.D.J., issued an opinion and order certifying the class action with respect to 17 of the 19 named plaintiffs against Novartis Pharmaceuticals Corporation, noting "Two of the nineteen

named plaintiffs, Ashley Narmour and Sue Earl, sue only in their individual capacities, and not as putative class representatives." *See Velez v. Novartis Pharmaceuticals Corporation*, 244 F.R.D. 243, 249 (S.D.N.Y. 2007), annexed to Smith Dec. as Exhibit M.

15.    In his opinion, Judge Lynch also granted Novartis Corporation's pending motion for summary judgment filed on April 19, 2005 and dismissed it as a defendant in the case. *Id.* at 271.

16.    On or about October 26, 2007, Sue Earl, filed the Complaint in the case at bar against Novartis Consumer Health, Inc. *See Exhibit A.*

17.    On or about February 25, 2008, Defendant Novartis Consumer Health timely filed its Answer denying the allegations and specifically denying it employed plaintiff at any time or in any capacity. *See Defendant's Answer, annexed to Smith Dec. as Exhibit N.*

18.    On or about April 2, 2008, Plaintiff filed a Motion for Leave to File an Amended Complaint to add Nestle Healthcare Nutrition, Inc. (formerly known as Novartis Nutrition Corporation) as a defendant. *See Plaintiff's Motion for Leave to File an Amended Complaint, annexed to Smith Dec. as Exhibit O.*

19.    Plaintiff Earl is a citizen of the State of New Jersey, residing in Sparta, New Jersey. *See Exhibit A, ¶16.*

20.    Consumer Health also is a citizen of New Jersey, having its principal place of business in Parsippany, New Jersey. *See Certification of Mark Armstrong ¶3.*

21.    Consumer Health never employed Plaintiff, and never employed any of the individuals Plaintiff identifies in the Complaint as having discriminated against her. *See Affidavit of Bon Lopez ¶¶4-5.*

22.    Plaintiff was at all relevant times employed by Novartis Nutrition Corporation, which paid all her wages and directed her day-to-day business activities. *See Exhibit B, Nos. 1 and 3.*

23.    Plaintiff received paychecks, paystubs and IRS W-2 forms showing that her employer was Novartis Nutrition Corporation. *See Exhibit B, Nos. 3 and 4.*

24.    Plaintiff never received any paychecks, paystubs or IRS W-2 forms showing her employer to be Novartis Consumer Health, Inc. *See Exhibit B, Nos. 5 and 6.*

25.    On her own resumes, Plaintiff lists Novartis Nutrition Corporation as her employer. Nowhere does Plaintiff list Consumer Health as her employer. *See Plaintiff's resumes, annexed to Smith Dec. as Exhibit Q.*

26.    At no time was there any parent-subsidiary relationship between Consumer Health and Novartis Nutrition Corporation ("Novartis Nutrition"). Consumer Health owned no stock or shares or other equity interest in Novartis Nutrition. Novartis Nutrition Corporation owned no stock or shares or other equity interest in Consumer Health. *See Certification of Mark Armstrong ¶5.*

27.    Neither company had the right or authority to review the financial performance of the other. Consumer Health had no authority to approve or disapprove any business decision of Novartis Nutrition Corporation, and Novartis Nutrition Corporation had no authority to approve or disapprove any business decision of Consumer Health. *See Certification of Mark Armstrong ¶7.*

28.    Consumer Health exercised neither control nor right of control over Novartis Nutrition Corporation, and Novartis Nutrition Corporation exercised neither control nor right of control over Consumer Health. Consumer Health has its own Articles

of Incorporation, by-laws, Board of Directors, and independent operations. *See Certification of Mark Armstrong ¶6.*

29.    Consumer Health did not formulate or implement personnel or employment decisions regarding Novartis Nutrition Corporation employees. Consumer Health had no influence over, and played no role in formulating or implementing any of the personnel decisions at issue in the Complaint by Plaintiff. *See Affidavit of Bon Lopez ¶¶7 and 9.*

30.    Consumer Health exercised neither control nor right of control over Plaintiff's performance or conduct, nor over the terms and conditions of her employment. *See Affidavit of Bon Lopez ¶¶7 and 9.*

## III.    **ARGUMENT**

### A.    **Standard Of Review for Motion for Summary Judgment**

A court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)).

As the Supreme Court stated in *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-250 (1986), "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."   Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment.  *Id.* at 247-48.  Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed.  *R.G. Group, Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984) (internal quotations omitted); *Tufariello v. Long Island R.R.*, 364 F. Supp. 2d 252, 256 (E.D.N.Y. 2005). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996) (internal quotations omitted).

**B.      Plaintiff's Title VII Claims Are Barred by the Statute Of Limitations And Were Not Subject to Tolling**

As set forth below in Section C, Plaintiff never filed an EEOC Charge of Discrimination against Consumer Health, and her Title VII claims are foreclosed on that basis.  Even leaving that aside, however, Plaintiff's claims against Consumer Health are barred by the statute of limitations because she failed to file a lawsuit against Consumer Health within 90 days of receiving her right-to-sue letter in 2005.   Contrary to the assertions made in Plaintiff's Complaint, the statute of limitations was not tolled during plaintiff's prior lawsuit.

**1.      Plaintiff Failed to File Her Title VII Lawsuit Within 90 Days After Receiving The Right-To-Sue Letter From The EEOC**

9

A plaintiff must file a Title VII lawsuit within 90 days after receiving the right-to-sue letter from the EEOC.  *See* 42 U.S.C. §2000e-5(f)(1).  However, the Second Circuit Court of Appeals has held unequivocally that:

> In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not "toll" or suspend the 90-day limitations period.

*Minette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1997). *See also*, *Heard v. MTA Metro-North Commuter Railroad Co.*, - F. Supp. 2d. -, 2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003), *attached to Smith Dec. as Exhibit P*; *Jorge v. Rumsfeld*, 404 F.3d 556, 563 (1st Cir. 2005); *Berry v. CINA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992); *Brown v. Hartshorne Pub. Sch. Dist. #1*, 926 F. 2d 959, 961 (10th Cir. 1991); *Price v. Digital Equipment Corporation*, 846 F. 2d 1026, 1027 (5th Cir. 1988).

It is noteworthy that, in the cases cited above, the plaintiff had sued the *correct* defendant and had put that defendant on notice that it was asserting a claim against it. Nonetheless, tolling did not apply.  Here, Plaintiff Earl never sued Consumer Health within the 90-day right-to-sue period, so there is no way that tolling could apply.

According to Plaintiff's Complaint, the EEOC issued the right-to-sue letter to Plaintiff on June 24, 2005.  Therefore, the 90-day period within which Plaintiff could have brought her claim against Consumer Health expired no later than September 26, 2005 – even assuming she could have filed such a claim in light of her failure to name Consumer Health in the EEOC Charge.  Plaintiff brought her suit against Consumer Health almost 25 months later, in October 2007. Consequently, her claims are time-barred.

**2.      Plaintiff's Decision To Proceed Individually In The <u>Velez</u> Class Action Stops Any Alleged Tolling Of The 90 Day Statute of Limitations**

Consumer Health anticipates that Plaintiff will argue that her participation as a putative class member/representative in the Velez matter tolled the 90 day statute of limitations Plaintiff had to file a Complaint following her receipt of the right-to-sue letter. There are two fundamental problems with this argument. First, the putative class action was not asserted against Consumer Health (nor against Novartis Nutrition Corporation, for that matter); a party's participation in a class action against one party does not toll the statute of limitations against a different party. Secondly, and even more importantly, even if the limitations period had been tolled, such tolling ceased when plaintiff ceased to be a member of the class and voluntarily elected to proceed individually in the prior case. Here, plaintiff Earl expressly disclaimed participation in the putative class, and formally notified the court that she was proceeding individually in the Velez matter no later than January 16, 2007. Thus, the tolling – assuming it ever applied – ceased as of January 16, and plaintiff failed to timely file her Complaint.

### a.   Class Action Tolling Does Not Apply To Parties Who Were Not Named As Defendants In The Original Class Action

Consumer Health anticipates that plaintiff will rely upon *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1971) where the Court held that commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action. However, neither American Pipe nor any other case has ever held that the commencement of a class action against *one* defendant acts to toll the statute of limitations against a *different* party. Such a proposition is totally at odds with the underlying justification of the American Pipe rule:

> The policies of ensuring essential fairness to defendants and of barring a plaintiff who 'has slept on his rights,' . . . are satisfied when, as here, a named plaintiff who is found to be representative of a class <u>commences a suit and thereby notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.</u> <u>Within the period set by the statute of limitations, the defendants have the essential information necessary to determine both the subject matter and size of the prospective litigation</u>, whether the actual trial is conducted in the form of a class action, as a joint suit, or as a principal suit with additional intervenors.

414 U.S. at 554-555 (emphasis added). *See also, In re World Com Securities Litig.*, 496 F.3d 245, 255 (2nd Cir. 2007) ("As the Supreme Court has repeatedly emphasized, the initiation of a class action puts the defendants on notice of the claims against them").

Obviously, this rule does not and cannot apply to a party that was not named in the original class action, since that defendant was not on notice of the claim. Thus the Second Circuit has held:

> Plaintiffs contend that the statute was tolled as to all defendants. However, nothing in <u>American Pipe</u> suggests that the statute be suspended from running in favor of a person not named as a defendant in the class suit, and we decline so to extend the rule. A different conclusion would not comport with reason.

*Arneil v. Ramsey*, 550 F.2d 774, 782 n. 10 (2d Cir. 1977). *See also, Cullen v. Margiotta*, 811 F.2d 698 (2d Cir. 1987) *overruled on other grounds, Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143 (1987) ("Tolling under this theory is available against any person who was a defendant in the earlier class action . . .; but we have held it inapplicable to persons who were not defendants, since commencement of a suit against others is insufficient to give a nondefendant notice of the assertion of claims against him).

12

Here, Consumer Health was not named as a defendant in the original <u>Velez</u> action. Consequently, <u>American Pipe</u> tolling does not apply, and Plaintiff's Complaint against Consumer Health is time-barred.

         **b.**      **Tolling Ceases Once The Plaintiff Opts Out And Elects To Proceed Individually**

Even if <u>American Pipe</u> applied here, tolling is not applicable in cases where plaintiffs opt out of being class members and file individual complaints. *See In re World Com*, 496 F.3d at 255. That is precisely what Plaintiff Earl did here.

Plaintiff made the decision to opt out of the class action as a putative class representative and to proceed individually in the action against Novartis Pharmaceuticals Corporation and Novartis Corporation, and she communicated this decision to the court in the <u>Velez</u> case no later than January 16, 2007. On that date, the <u>Velez</u> plaintiffs filed their Motion for Class Certification. The supporting motion papers expressly notified the court that only 17 of the 19 plaintiffs in the case were seeking class certification. *See Memorandum of Law in Support of Motion for Class Certification at p. 3, attached to Smith Dec. as Exhibit D*. The Memorandum of Law continued:

> Two named Plaintiffs, Ashley Narmour and Sue Earl, do not serve as class representatives and proceed individually in this action.

*Id.,* p. 3, n. 1.

Again, because Consumer Health was never a target or defendant in the putative <u>Velez</u> class action, <u>American Pipe</u>-type tolling never applied to any potential claims against Consumer Health. Even assuming such tolling had applied, such tolling would have ended no later than January 16, 2007. Even if Plaintiff had 90 days from that point, that time expired no later than April 16, 2007 yet plaintiff did not file suit against

Consumer Health for more than six (6) months after that. Since Plaintiff did not bring her lawsuit against Consumer Health within 90 days of receiving her right-to-sue letter, her Title VII claims are barred by the statute of limitations and must be dismissed.

C.  **Plaintiff's Title VII Claims Should Be Dismissed Due To Her Failure To Name Novartis Consumer Health, Inc. As A Party In The EEOC Charge of Discrimination**

A further basis for dismissing Plaintiff's Title VII claims is that she failed to file an EEOC Charge of Discrimination against Consumer Health, and failed to identify Consumer Health as a respondent in her EEOC charge she did file against Novartis Corporation and Novartis Pharmaceuticals Corporation. *See* Exhibit C. Plaintiff's failure to name Consumer Health is hardly surprising, since she in fact never was employed by Consumer Health. Notably, however, she also failed to name in the charge Novartis Nutrition Corporation, which clearly was her employer, and which she is trying to add to this case through amendment to the Complaint.

Generally, a party not named as a respondent in the EEOC charge may not later be named as a defendant in a civil suit under Title VII. 42 U.S.C. §2000e-5(f)(1). This rule ensures that a defendant is given notice of the alleged violation and an opportunity to voluntarily remedy the situation before the plaintiff resorts to filing a complaint in federal court.

It is true that the courts will recognize an exception to this rule where there is an clear "identity of interest" between the unnamed defendant and the party named in the administrative charge. The Second Circuit has explained the rationale for this exception: "Because these charges generally are filed by parties not versed in the vagaries of Title VII and its jurisdictional and pleading requirements, we have taken a 'flexible stance in

14

interpreting Title VII's procedural provisions,' . . . so as not to frustrate Title VII's remedial goals." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991) (*quoting Egleston v. State University College at Genesco*, 535 F.2d 752 (2d Cir. 1976)).

However, because the purpose of the "identity of interest" exception is to protect laypersons who are unfamiliar with the vagaries of Title VII, the exception does not apply when plaintiff was represented by, and assisted by, an attorney at the time of the filing of the EEOC charge. As explained by one court:

> Indeed, the underlying concern guiding this Circuit's adoption of the "identity of interest" exception is that certain individuals lack the legal wherewithal to identify adequately the parties responsible for the violation of their federal rights. *See Johnson,* 931 F.2d at 209. Such concern, however, is inappropriate where an individual's EEOC charge and related documents have been prepared by counsel familiar with ADEA and Title VII requirements.

*Hamad v. Nassau County Medical Center*, 191 F.Supp.2d 286, 306 (E.D.N.Y. 2000). *See also, Harrington v. Hudson Sheraton Corp.,* 2 F. Supp. 2d 475, 478 (S.D.N.Y. 1998) (finding that plaintiff who was represented by counsel at the time she filed her EEOC charge could not "be considered one who is not 'versed in the vagaries of Title VII,' and was therefore not excused for failing to name defendant ITT in her EEOC charge"); *Darden v. DaimlerChrysler N.A. Holding. Corp.*, 191 F. Supp. 2d 382 (S.D.N.Y. 2002) (dismissing plaintiff's Title VII claims, noting identity of interest exception does not apply when the Plaintiff had the benefit of counsel when he filed his EEOC complaint); *Tarr v. Credit Suisse Asset Management, Inc.*, 958 F.Supp. 785, 794 (E.D.N.Y. 1997) ("Thus as a threshold matter, the exception 'only applies where plaintiff [was] not represented by counsel' at the time of the EEOC filing").

Here, Plaintiff Earl was represented by highly-competent counsel, who are well versed in Title VII and other employment laws. They are the same attorneys who

represented her in the <u>Velez</u> matter and in the case at bar. *See* Exhibit B, Nos. 10 and 11; *see also* Exhibit W, No. 3. In support of their Motion for Class Certification in the <u>Velez</u> matter, counsel touted their acumen and experience in seeking to be named class counsel:

> [C]ounsel for plaintiffs are qualified and adequate. Counsel have appointed class counsel in 25 other employment discrimination cases and have substantial experience prosecuting complex employment discrimination and wage and hour class actions.

*Exhibit D*, p. 45. It was on the strength of this skill and experience that Judge Lynch did, in fact, appoint counsel to serve as class counsel. *Velez v. Pharmaceuticals Corporation*, 244 F.R.D. 243 (S.D.N.Y. 2007), *attached to the Smith Dec. as Exhibit M*.

Plaintiff and her counsel failed to name Consumer Health as a respondent in her EEOC charge. The identity of interest exception does not apply and her Title VII claims against Consumer Health must be dismissed.

Even applying the identity of interest exception, Plaintiff's failure to name Consumer Health bars her claim. First, Consumer Health was never Plaintiff's employer, so its interests cannot be identical to any other alleged employer. *See* Affidavit of Bon Lopez, ¶4. Moreover, no identity of interest can be imputed to Consumer Health since it had no knowledge of any of Plaintiff's EEOC charge until she filed her present Complaint against Consumer Health in late 2007. *See* Certification of Gregory Tole, ¶3. Consumer Health was not notified by Novartis Pharmaceuticals Corporation, Novartis Corporation or by any other party that Plaintiff had filed an EEOC charge, and Consumer Health was not aware of any claim or potential claim by Plaintiff against Consumer Health, until October 2007, when the Complaint in this action was filed. *Id.* Again, since Consumer Health never employed Plaintiff, there would have been no reason for those entities to have notified Consumer Health of a potential claim against it.

16

Thus, since Consumer Health was not Plaintiff's employer and had no knowledge of Plaintiff's allegations there can be no identity of interest and her Title VII claims against Consumer Health must be dismissed.

**D.    Plaintiff's State Law Claims Should Be Dismissed For Lack of Subject Matter Jurisdiction**

Because Plaintiff's Title VII claim is time-barred and must be dismissed, there no longer is federal question jurisdiction under 28 U.S.C. §1331. There is no jurisdiction under 28 U.S.C. §1332, either, because there is no diversity of citizenship. Plaintiff and Consumer Health are citizens of the same state, New Jersey.

Under a federal court's supplemental jurisdiction, it may entertain state law claims when they are so related to federal claims within the court's original jurisdiction that they form part of the same case or controversy. *See* 28 U.S.C. §1367. However, if all federal claims are dismissed before trial, and independent diversity jurisdiction does not apply, the court ordinarily should dismiss the state claims as well. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 16 L. Ed. 2d 218, 86 S. Ct. 1130 (1966); *Castellano v. Board of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991). Accordingly, should the Court dismiss Plaintiff's federal discrimination claims, it should likewise dismiss Plaintiff's state law claims.

**E.    Plaintiff's State Law Claims Must Be Dismissed Because Consumer Health Never Employed Plaintiff or Any of the Individuals Identified in Her Complaint**

If the court retains jurisdiction of the state law claims, Consumer Health is entitled to summary judgment on Plaintiff's remaining claims because Plaintiff was not employed by Consumer Health. *See* Affidavit of Bon Lopez, ¶4. Moreover, none of the individuals referenced in Plaintiff's Complaint have ever been employed by Consumer Health. *Id* at

¶5. There simply is no set of facts pursuant to which Consumer Health can be liable to plaintiff.

It is obvious, but nonetheless worth observing, that Plaintiff may only bring her employment discrimination claims against the party that employed her. *See* 42 U.S.C. §2000e-2(a). Similarly, for her common law claims, Plaintiff must show that the defendant harmed her, either directly or through its agents. Plaintiff Earl has not and cannot show that.

Plaintiff was at all times employed by Novartis Nutrition Corporation. She never was employed by Consumer Health. Plaintiff admits that Novartis Nutrition Corporation was her employer. Exhibit B, ¶1. In addition, Plaintiff admits she received paychecks, paystubs and IRS W-2 forms showing that her employer was Novartis Nutrition Corporation. *Id.* at ¶¶3-4). Plaintiff admits she **never** received any paychecks, paystubs or W-2 forms showing her employer to be Novartis Consumer Health, Inc. *Id.* at ¶¶5-6). In response to limited discovery Plaintiff has produced numerous documents which further demonstrate that Consumer Health was not her employer. For example:

- A copy of Plaintiff's resumes indicating she has worked for Novartis Nutrition from July 1991 – Present. *Attached to Smith Dec. as as Exhibit Q.*
- A copy of a letter authored by Plaintiff in 2002 which begins "as a dedicated twelve year clinical veteran of Novartis Nutrition…." *Attached to Smith Dec. as Exhibit R.*
- A copy of Novartis Nutrition's Job Description for Plaintiff's position as an Account Manager, Acute Care. *Attached to Smith Dec. as Exhibit S.*
- A copy of Plaintiff's 2005 W-2 and Earnings Summary listing her employer as Novartis Nutrition Corp. *Attached to Smith Dec. as Exhibit T.*
- Thank-you letters from customers identifying Plaintiff's employer as Novartis Nutrition. *Attached to Smith Dec. as Exhibit U.*

Plaintiff apparently is trying to hold Consumer Health liable under some sort of "single employer" theory. Plaintiff's theory has no merit and has no factual basis, and

she cannot meet her heavy burden of proof. "[T]he law only treats the employees of a corporate entity as the employees of a related entity under extraordinary circumstances." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996); *Velez*, 244 F.R.D. at 255. Plaintiff bears the burden of proof on this issue. *Id.*

For purposes of the New York Human Rights Law, the test is very strict as well. A given entity is an individual's "employer" based on the following factors: "1) whether the proposed employer had the power of the selection and engagement of the employee; 2) whether the proposed employer made the payment of salary or wages to the employee; 3) whether the proposed employer had the power of dismissal over the employee; and 4) whether the proposed employer had the power to control the employee's conduct." *Govette v. DCA Advertising, Inc.*, 830 F.Supp. 737, 746 (S.D.N.Y.1993). *See also, Hargett v. Metropolitan Transit Authority*, -- F. Supp.2d --, 2008 WL 1700143, p. 9 (S.D.N.Y. April 8, 2008). *Attached to Smith Dec. as Exhibit V.* "The really essential element of the relationship is the right of control, that is, the right of one person, the master, to order and control another, the servant, in the performance of work by the latter." *State Div. of Human Rights on Emrich v. GTE Corp.*, 109 A.D.2d 1082, 487 N.Y.S.2d 234, 1083 (4th Dept. 1981); *Hargett*, 2008 WL 1700143, p. 9.

Plaintiff Earl has not, and cannot, make any such showing. As detailed above, she admits she was employed by Novartis Nutrition Corporation. All of her compensation was paid by Novartis Nutrition. Plaintiff herself identified Novartis Nutrition Corporation as her employer in her own resumes and in other documents. Plaintiff never identified Consumer Health as her employer. Consumer Health did not employ Plaintiff and, just as importantly, did not employ any of the individuals plaintiff identifies in her

Complaint as having perpetrated discrimination or other wrongful conduct against her. Consumer Health had neither control nor right of control over Plaintiff.

Tellingly, when asked in interrogatories to set forth the basis of her allegation that Consumer Health was her employer, Plaintiff refused and provided nothing:

> 2.    *Set forth all facts on which you base your allegation that you were employed by Novartis Consumer Health, Inc. and:*
>
>> a.    *Identify all persons having knowledge of any information regarding those facts;*
>>
>> b.    *Identify all documents that refer or relate to any facts upon which you base your allegation that you were employed by Novartis Consumer Health, Inc.*
>
> **_Specific Objection to Interrogatory No. 2:_**  *Plaintiff objects to Interrogatory No. 2 to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.  Plaintiff further objects to Interrogatory No. 2 to the extent that it is overbroad and unduly burdensome.  In addition, Plaintiff objects to Interrogatory No. 2 to the extent that it seeks information that is already in the possession of Defendant and not in the possession, custody or control of Plaintiff.  Subject to and without waiving these objections, Plaintiff responds as follows:*
>
> **_RESPONSE:_** *Please see Plaintiff's Response to Document Request No. 4.*

See Plaintiff's Objections and Responses to Defendant's First Set of Interrogatories, No. 2, attached to Smith Dec. as Exhibit W.  The documents her answer refers to are the very tax forms and her own resumes that clearly show she knew that Novartis Nutrition Corporation was her employer.  Having refused in discovery to respond to this simple request, Plaintiff should be barred from now arguing that Consumer Health was her employer.

Novartis Nutrition Corporation and Consumer Health were two separate, independently-operating corporations. There was no parent-subsidiary relationship between Consumer Health and Novartis Nutrition Corporation. Consumer Health owned no stock or shares or other equity interest in Novartis Nutrition. Novartis Nutrition Corporation owned no stock or shares or other equity interest in Consumer Health. Neither controlled the operations of the other. Each had its own Articles of Incorporation, by-laws, boards of Directors, and independent operations. Consumer Health did not share bank accounts with Novartis Nutrition Corporation; it had its own bank accounts. Consumer Health did not approve nor have any right of approval over any business decisions of Novartis Nutrition Corporation, and Novartis Nutrition Corporation did not approve or have any right of approval over any business decisions. Neither entity had the right or authority to review the financials of the other.

Regarding human resources functions, Consumer Health had no control nor right of control over plaintiff, nor any other employee of Novartis Nutrition Corporation. Consumer Health had no authority to approve or disapprove the use of any policy or practice by Novartis Nutrition Corporation. *See Defendant's Response to Plaintiff's First Set of Interrogatories, No. 20, attached to Smith Dec. as Exhibit S.*[2]

The fact is that Consumer Health and Novartis Nutrition were completely separate entities. Consumer Health was never plaintiff's employer. Plaintiff has failed to identify

---

[2]    Employees of both companies were eligible to participate in certain common benefit plans. (Defendant's Response to Interrogatory No. 17). However, "'the fact that the companies maintained the same benefits does not suggest centralized control of labor relations' . . . 'Rather, a 'common benefits package speaks only to economies of scale and not to centralized labor relations.'" *Velez v. Novartis Pharmaceuticals Corporation*, 244 F.R.D. at 252, *citing*, *Balut v. Loral Elec. Sys.*, 988 F.Supp. 339, 347 (S.D.N.Y. 1997) and *Kellett v. Glaxa Enter.*, 1994 WL 669975, p. 5 (S.D.N.Y. November 30, 1994). *Attached to the Smith Dec. as Exhibit Y.*

any evidence showing that Consumer Health exercised centralized control of labor operations with Novartis Nutrition Corporation and, more importantly for plaintiff's state law claims, she has failed to offer any evidence whatsoever that Consumer Health had any control or right of control over Plaintiff's employment or conduct. Accordingly, plaintiff's state law claims against Consumer Health must be dismissed.

**F.   Plaintiff's Motion To Amend The Complaint to Include Nestle Healthcare Nutrition, Inc. As A Defendant Should Be Denied Because The Motion Is Futile**

Plaintiff seeks leave of the Court to amend her complaint to include Nestle Healthcare Nutrition, Inc. (formerly known as Novartis Nutrition Corporation) as a defendant. Motions for leave to amend a complaint should be granted "freely…when justice so requires." *Fed. R. Civ. P.* 15(a). However, such motions need not be granted when the amendment is futile.     *Forman v. Davis*, 371 U.S. 178, 182 (1962).   An amendment is futile if it cannot survive a motion to dismiss for failure to state a claim pursuant *Fed.R.Civ.P.* 12(b)(6). *See Kane v. Krebser*, 44 F. Supp. 2d 542, 545 (S.D.N.Y. 1999) (citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block-Bldg. 1 Hous. Dev. Fund Co.*, 608 F.2d 28, 42 (2d Cir. 1979)).   Futility clearly exists where the proposed claim would be barred by the statute of limitations. *Grace v. Rosenstock*, 228 F.3d 40, 47 (2d Cir. 2000).

Here, the proposed amendment would be futile because the claims against Nestle Healthcare Nutrition, Inc. would be barred by the statute of limitations. All of the reasons described above why plaintiff's claims against Consumer Health are time-barred apply with equal force to Novartis Nutrition Corporation / Nestle Healthcare.  First, Novartis Nutrition Corporation was not named as a respondent in Plaintiff's EEOC Charge of

22

Discrimination.   Second, Plaintiff never filed a complaint against Novartis Nutrition Corporation within 90 days of receiving her right-to-sue letter.   Third, any tolling Plaintiff might have been entitled to following her involvement in the Velez matter ceased when she informed the Court that she was no longer pursuing her claim against Novartis Pharmaceuticals Corporation and Novartis Finance Corporation as a putative class representative, but rather based on her own individual action.   Accordingly, Plaintiff's motion to amend is futile and should be denied.

## IV.   **CONCLUSION**

For the foregoing reasons, Defendant Novartis Consumer Health, Inc. respectfully requests that the Court grant its Motion for Summary Judgment and deny Plaintiff's Motion to Amend the Complaint to add Nestle Healthcare Nutrition as a defendant.


Dated: June 16, 2008


Respectfully Submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Defendant Novartis Consumer
Health, Inc.

By:___ /s/ Allyson M. Smith_____ __
        Peter O. Hughes (admitted *pro hac vice*)
        Allyson M. Smith (AS 4750)


5518337.1 (OGLETREE)