UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SUE EARL, | : |
| | : Hon. Richard M. Berman, U.S.D.J. |
| Plaintiff, | : Civil No.: 07 CIV 9595 (RMB) |
| | : |
| v. | : **DEFENDANT NOVARTIS CONSUMER** |
| | : **HEALTH, INC'S STATEMENT OF** |
| NOVARTIS CONSUMER HEALTH, | : **UNDISPUTED MATERIAL FACTS IN** |
| INC. | : **SUPPORT OF ITS MOTION FOR** |
| | : **SUMMARY JUDGMENT** |
| | : |
| Defendant. | : *Document Electronically Filed* |

---

Defendant Novartis Consumer Health, Inc., by its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., and pursuant to Local Civil Rule 56.1 of the Southern District of New York, hereby set forth their statement of uncontested material facts upon which they rely in connection with their motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure as follows:

1. Plaintiff was employed by Novartis Nutrition Corporation and before that, by Sandoz Nutrition Corporation from July 1991 until her resignation in March 2005. *See Plaintiff's Complaint ¶16, annexed to Smith Dec. as Exhibit A; see also Plaintiff's Response to Defendant's First Set of Request for Admissions No. 1, annexed to Smith Dec. as Exhibit B.*

2. On or about May 24, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Novartis Pharmaceuticals Corporation and Novartis Corporation. *See Plaintiff's Charge of Discrimination, annexed to Smith Dec. as Exhibit C; see also Exhibit B, Nos. 7-9*

3. Plaintiff was represented and assisted by her own counsel in filing the Charge of Discrimination, the counsel that currently represent her in the case at bar. Counsel are highly qualified and, according to their own court submissions, "have substantial experience successfully prosecuting complex employment discrimination and wage and hour class actions." *See Exhibit B, Nos. 10-12; see also* Velez *Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, p. 45, annexed to Smith Dec. as Exhibit D.*

4. Plaintiff has never, at any time, filed a Charge of Discrimination with the EEOC or any other agency against Consumer Health. *See Exhibit B, No. 16.*

5. Plaintiff has never, at any time, filed a Charge of Discrimination with the EEOC or any other agency against Novartis Nutrition Corporation. *See Exhibit B, No. 17.*

6. On or about June 2, 2005, while Plaintiff's Charge against Novartis Corporation and Novartis Pharmaceuticals Corporation was pending, Plaintiff elected to join the Velez matter, in which twenty-two women alleged class wide claims of gender discrimination against Novartis Pharmaceuticals Corporation, Novartis Corporation and an individual defendant, Thomas Ebeling. Specifically, Plaintiff joined the Velez case as a plaintiff and putative class representative with the filing of the Second Amended Complaint. *See Exhibit A, ¶¶7-8.*

7. Consumer Health was never a party to the Velez matter. *See caption pages of the Complaint, First – Fourth Amended Complaints filed in the* Velez *matter, annexed to Smith Dec. as Exhibit E.*

8. On or about June 24, 2005, the EEOC issued a right-to-sue letter to Plaintiff. *See Exhibit A, ¶6.*

9. On or about July 25, 2005 Novartis Pharmaceuticals Corporation filed an Answer to the Second Amended Complaint denying that it ever employed Sue Earl. *See relevant portions of Novartis Pharmaceutical Corporation's Answer to the Second Amended Complaint, annexed to Smith Dec. as Exhibit F.*

10. On or about July 25, 2005 Novartis Corporation filed an Answer to the Second Amended Complaint denying it ever employed Sue Earl. *See relevant portions of Novartis Corporation's Answer to the Second Amended Complaint, annexed to Smith Dec. as Exhibit G.*

11. On or about September 9, 2005 and March 13, 2006, plaintiffs in the Velez matter filed Third and Fourth Amended Complaints, respectively. Plaintiff Sue Earl's allegations were identical to the allegations asserted in the Second Amended Complaint. *See relevant portions of the Second, Third, and Fourth Amended Complaints, annexed to Smith Dec. as Exhibits H, I, and J.*

12. On or about March 20, 2006 and March 31, 2006, in their respective Answers to the Fourth Amended Complaint, Novartis Pharmaceuticals Corporation and Novartis Corporation once again denied ever employing Sue Earl. *See relevant portions of Novartis Pharmaceutical Corporation's Answer to the Fourth Amended Complaint, annexed to Smith Dec. as Exhibit K; see also relevant portions of Novartis Corporation's Answer to the Fourth Amended Complaint, annexed to Smith Dec. as Exhibit L.*

13. On or about January 16, 2007, Plaintiffs in the Velez matter filed a Notice of Motion for Class Certification. However, in Plaintiffs' Memorandum of Law in Support of the Motion for Class Certification, Plaintiff Sue Earl expressly notified the court that she was not participating in the proposed class and was instead proceeding

individually. Specifically, Plaintiffs' Memorandum of Law states: "Two named plaintiffs, Ashley Narmour and Sue Earl, do not serve as class representatives and proceed individually in this action." *See Exhibit D, p. 3 n. 1.* The Memorandum of Law further specified that only 17 of the 19 named plaintiffs were seeking class certification. *Id.*

14. On or about July 31, 2007, the Honorable Gerard E. Lynch, U.S.D.J., issued an amended opinion and order certifying the class action with respect to 17 of the 19 named plaintiffs against Novartis Pharmaceuticals Corporation, noting "Two of the nineteen named plaintiffs, Ashley Narmour and Sue Earl, sue only in their individual capacities, and not as putative class representatives." *See Velez v. Novartis Pharmaceuticals Corporation*, 244 F.R.D. 243, 249 (S.D.N.Y. 2007), annexed to Smith Dec. as Exhibit M.

15. In his amended opinion dated July 31, 2007, Judge Lynch also granted Novartis Corporation's pending motion for summary judgment filed on April 19, 2005 and dismissed it as a defendant in the case. *Id.* at 271.

16. On or about October 26, 2007, Sue Earl, filed the Complaint in the case at bar against Novartis Consumer Health, Inc. *See Exhibit A.*

17. On or about February 25, 2008, Defendant Novartis Consumer Health timely filed its Answer denying the allegations and specifically denying it employed plaintiff at any time or in any capacity. *See Defendant's Answer, annexed to Smith Dec. as Exhibit N.*

18. On or about April 2, 2008, Plaintiff filed a Motion for Leave to File an Amended Complaint to add Nestle Healthcare Nutrition, Inc. (formerly known as

4

Novartis Nutrition Corporation, Inc.) as a defendant. *See Plaintiff's Motion for Leave to File an Amended Complaint, annexed to Smith Dec. as Exhibit O.*

19. Plaintiff Earl is a citizen of the State of New Jersey, residing in Sparta, New Jersey. *See Exhibit A, ¶16.*

20. Consumer Health also is a citizen of New Jersey, having its principal place of business in Parsippany, New Jersey. *See Certification of Mark Armstrong ¶3.*

21. Consumer Health never employed Plaintiff, and never employed any of the individuals Plaintiff identifies in the Complaint as having discriminated against her. *See Affidavit of Bon Lopez ¶¶4-5.*

22. Plaintiff was at all relevant times employed by Novartis Nutrition Corporation, which paid all her wages and directed her day-to-day business activities. *See Exhibit B, Nos. 1 and 3.*

23. Plaintiff received paychecks, paystubs and IRS W-2 forms showing that her employer was Novartis Nutrition Corporation. *See Exhibit B, Nos. 3 and 4.*

24. Plaintiff never received any paychecks, paystubs or IRS W-2 forms showing her employer to be Novartis Consumer Health, Inc. *See Exhibit B, Nos. 5 and 6.*

25. On her own resumes, Plaintiff lists Novartis Nutrition Corporation as her employer. Nowhere does Plaintiff list Consumer Health as her employer. *See Plaintiff's resumes, annexed to Smith Dec. as Exhibit Q.*

26. At no time was there any parent-subsidiary relationship between Consumer Health and Novartis Nutrition Corporation ("Novartis Nutrition"). Consumer Health owned no stock or shares or other equity interest in Novartis Nutrition. Novartis

Nutrition Corporation owned no stock or shares or other equity interest in Consumer Health. *See Certification of Mark Armstrong ¶5.*

27. Neither company had the right or authority to review the financial performance of the other. Consumer Health had no authority to approve or disapprove any business decision of Novartis Nutrition Corporation, and Novartis Nutrition Corporation had no authority to approve or disapprove any business decision of Consumer Health. *See Certification of Mark Armstrong ¶7.*

28. Consumer Health exercised neither control nor right of control over Novartis Nutrition Corporation, and Novartis Nutrition Corporation exercised neither control nor right of control over Consumer Health. Consumer Health has its own Articles of Incorporation, by-laws, Board of Directors, and independent operations. *See Certification of Mark Armstrong ¶6.*

29. Consumer Health did not formulate or implement personnel or employment decisions regarding Novartis Nutrition Corporation employees. Consumer Health had no influence over, and played no role in formulating or implementing any of the personnel decisions at issue in the Complaint by Plaintiff. *See Affidavit of Bon Lopez ¶¶7 and 9.*

30. Consumer Health exercised neither control nor right of control over Plaintiff's performance or conduct, nor over the terms and conditions of her employment. *See Affidavit of Bon Lopez ¶¶7 and 9.*

Respectfully submitted,

Dated: June 16, 2008   By: ___/s/ Allyson M. Smith___
Peter O. Hughes (admitted *pro hac vice*)
Allyson M. Smith (AS 4750)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
521 5th Avenue, Suite 1700
New York, New York 10175
Tel: (212) 292-4314
Attorneys for Defendant
Novartis Consumer Health, Inc.

6409707.1 (OGLETREE)