UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
AMY VELEZ, et al.                                               :
                                                                :
Individually and on behalf of others similarly                  :    04 Civ. 9194 (GEL)
situated,                                                       :
                                                                :
PLAINTIFFS,                                                     :    ANSWER OF NOVARTIS
                                                                :    CORPORATION TO SECOND
v.                                                              :    AMENDED COMPLAINT
                                                                :
NOVARTIS CORPORATION and NOVARTIS                               :
PHARMACEUTICALS CORPORATION, and                                :
THOMAS EBELING,                                                 :
                                                                :
DEFENDANTS.                                                     :
---------------------------------------------------------------X

## ANSWER OF NOVARTIS CORPORATION TO
## SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Novartis Corporation ("Novartis Corp"), by and through its attorneys White & Case LLP, for its Answer to the Second Amended Complaint ("Complaint") of Plaintiffs, responds as follows:

I.  **NATURE OF THIS ACTION**

1.  Admits that the twenty-two plaintiffs have filed a lawsuit under Title VII but denies that it employed any of the plaintiffs and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint. Furthermore, Novartis Corp. assumes that, unless otherwise clarified, references to "Novartis" throughout the Complaint refer to Novartis Pharmaceuticals Corporation ("NPC").

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits that plaintiffs seek to represent other female employees of NPC, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Admits that plaintiffs are seeking the relief set forth in paragraph 4 of the Complaint but denies they are entitled to any such relief. Novartis Corp. further denies that any pervasive and discriminatory employment policies, practices or procedures exist.

## II. JURISDICTION AND VENUE

5. Denies the allegations contained in this paragraph 5 of the Complaint for the reasons set forth in Defendants' Motion for Summary Judgment and to Change Venue previously submitted.

6. Denies the allegations contained in paragraph 6 of the Complaint for the reasons set forth in Defendants' Motion for Summary Judgment and to Change Venue previously submitted.

7. As set forth in Defendants' Motion for Summary Judgment and to Change Venue previously submitted, Novartis Corp. denies the allegations contained in paragraph 7 of the Complaint that the Southern District of New York is the most logical forum in which to litigate. Novartis Corp. further denies that it is headquartered in New York, New York and denies knowledge or information sufficient to form a belief to the remaining allegations contained in paragraph 7 of the Complaint.

## III. PROCEDURAL HISTORY

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

### P. Sue Earl

338. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 338 of the Complaint.

339. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 339 of the Complaint.

340. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 340 of the Complaint.

341. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 341 of the Complaint.

342. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 342 of the Complaint.

343. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 343 of the Complaint.

344. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 344 of the Complaint.

345. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 345 of the Complaint.

346. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 366 of the Complaint.

347. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 347 of the Complaint.

348. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 348 of the Complaint.

349. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 349 of the Complaint.

350. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 350 of the Complaint.

351. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 351 of the Complaint.

352. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 352 of the Complaint.

353. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 353 of the Complaint.

**Q.    Jamie Holland**

354. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 354 of the Complaint.

355. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 355 of the Complaint.

356. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 356 of the Complaint.

357. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 357 of the Complaint.

358. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 358 of the Complaint.

359. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 359 of the Complaint.

**COUNT XVII**
**VIOLATIONS OF N.Y. EXEC. LAW § 296, SUBDIVISION 6**

**RETALIATION**
(Aiding and Abetting Liability Against Thomas Ebeling)

550. Re-alleges and incorporates by reference each and every response to Plaintiffs' allegations contained in each and every aforementioned paragraph as though fully set forth herein.

551. Denies the allegations contained in paragraph 551 of the Complaint.

552. Admits that Mr. Ebeling is head of the Novartis Group Pharmaceuticals Division, member of the Novartis Group Executive Committee and member of NPC's Board of Directors but denies the remaining allegations of paragraph 552 of the Complaint.

553. Denies the allegations contained in paragraph 553 of the Complaint.

554. Denies the allegations contained in paragraph 554 of the Complaint.

555. Denies the allegations contained in paragraph 555 of the Complaint.

**AFFIRMATIVE DEFENSES**

1. No Plaintiff may recover for any acts occurring more than 300 days prior to the day she filed her EEOC charge.

2. Plaintiffs' claims are barred to the extent Plaintiffs have failed to exhaust the administrative prerequisites for filing suit under Title VII.

3. Plaintiffs' claims are barred to the extent they are not like or reasonably related to the underlying EEOC Charges.

4. Plaintiff Amy Velez is barred from recovery because her EEOC Charge was dismissed as untimely.

5. Plaintiff Stephanie Cates falsified her employment application with NPC. Therefore, any back pay recovery by Cates would be cut-off as of the date this falsification is confirmed.

6. Those Plaintiffs who are no longer employed by NPC have failed to mitigate their damages.

7. The claims of any Plaintiff are barred to the extent any such individual has executed or, in the future executes, a release of employment-related claims.

8. NPC exercised reasonable care to prevent and promptly correct alleged harassing behavior and Plaintiffs' claims are barred to the extent they unreasonably failed to take advantage of NPC's preventive and corrective opportunities, including but not limited to internal complaint procedures, or avoid harm otherwise.

9. Plaintiffs are not entitled to punitive damages in that NPC has acted at all times with good faith efforts to comply with all laws prohibiting discrimination.

10. Novartis Corp. is not a proper party Defendant because it did not employ any of the Plaintiffs or putative class members, and was otherwise not responsible for the employment actions or practices of which Plaintiffs complain.

11. The venue of this action should be transferred to the District of New Jersey.

12. Ashley Narmour and Sue Earl are not proper plaintiffs because they were not employees of Novartis Pharmaceuticals Corporation nor Novartis Corp.

13. Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation.

Dated: July 25, 2005

By: /s/ Heather K. McDevitt
Vincent R. FitzPatrick, Jr. (VF-1636)
Heather K. McDevitt (HM-9973)
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Defendant Novartis Corporation

## CERTIFICATE OF SERVICE

The undersigned counsel for Novartis Corporation hereby certifies that on the 25th day of July 2005, a true copy of Defendant Novartis Corporation's Answer to Plaintiffs' Second Amended Complaint was sent electronically and by first class mail to:

David W. Sanford
Lisa Goldblatt
Sanford, Wittels & Heisler, LLP
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037
dsanford@nydclaw.com

Jonathan A. Wexler
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue - 23rd Floor
New York, New York 10022
jwexler@vedderprice.com

and sent by first class mail only to:

Steven Wittels
Jeremy Heisler
Sanford, Wittels & Heisler, LLP
545 Fifth Avenue
Suite 960
New York, NY 10017

Grant Morris
Law Offices of Grant E Morris
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037

By: /s/ Alison Kirshner
Alison Kirshner

Dated: July 25, 2005