Westlaw.

Not Reported in F.Supp.2d  
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)  
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.))**

Page 1

C  
Heard v. MTA Metro-North Commuter R. Co.  
S.D.N.Y.,2003.  
Only the Westlaw citation is currently available.  
United States District Court,S.D. New York.  
Stacey **HEARD**, Plaintiff,  
v.  
MTA METRO-NORTH COMMUTER RAILROAD COMPANY, Winston Resources, and Teresa Whyte Defendants.  
**No. 02 Civ. 7565(JGK).**

Sept. 22, 2003.

Former temporary employee sued employer, staffing service company which placed her with the employer, and an individual coemployee, asserting Title VII claims for sexual harassment and retaliation, as well as related state law claims. On defense motions to dismiss, the District Court, Koeltl, J., held that: (1) Title VII claim against employer was time-barred, and (2) court would decline to exercise supplemental jurisdiction over employee's state and local law claims against employer and coemployee.

Motions granted.

West Headnotes

**[1] Limitation of Actions 241 130(5)**

241 Limitation of Actions  
   241II Computation of Period of Limitation  
     241II(H) Commencement of Proceeding; Relation Back  
       241k130 New Action After Dismissal or Nonsuit or Failure of Former Action  
         241k130(5) k. Dismissal or Nonsuit in General. Most Cited Cases  
Limitations period governing employee's Title VII claim was not tolled while her action was pending before the court in which she originally filed suit, and thus, the claim was time-barred where she did not bring suit within the 60-day period allowed by that court when it dismissed the suit. Civil Rights Act of 1964, § 706(e,f) as amended, 42 U.S.C.A. § 2000e-5(e,f).

**[2] Federal Courts 170B 18**

170B Federal Courts  
   170BI Jurisdiction and Powers in General  
     170BI(A) In General  
       170Bk14 Jurisdiction of Entire Controversy; Pendent Jurisdiction  
         170Bk18 k. Validity or Substantiality of Federal Claims and Disposition Thereof. Most Cited Cases  
District court would decline to exercise supplemental jurisdiction over former employee's causes of action alleging state law violations based on same facts that formed basis for employee's dismissed Title VII claim, which had been only federal claim against employer, where substantial judicial resources had not been expended on any claims against employer, and adjudicating those claims would only have delayed Title VII action against staffing service company which placed employee with employer, an action with a clear basis in original jurisdiction. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.; 28 U.S.C.A. § 1367(a).

**[3] Federal Courts 170B 18**

170B Federal Courts  
   170BI Jurisdiction and Powers in General  
     170BI(A) In General  
       170Bk14 Jurisdiction of Entire Controversy; Pendent Jurisdiction  
         170Bk18 k. Validity or Substantiality of Federal Claims and Disposition Thereof. Most Cited Cases  
District court would decline to exercise supplemental jurisdiction over former employee's causes of action against a coemployee, alleging state and local law violations based on same facts that formed basis for a dismissed Title VII claim, which

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                      Page 2
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.))**

had been the only federal claim against coemployee, where case against coemployee was at its earliest stage, and the state of state law at issue was somewhat unsettled with respect to individual liability. Civil Rights Act of 1964, § 701 et seq., as amended, 42 U.S.C.A. § 2000e et seq.

## OPINION AND ORDER

KOELTL, J.
*1 This suit involves claims for sexual harassment and retaliation brought against MTA Metro-North Commuter Railroad Co. ("Metro-North") and Winston Resources, also referred to as Winston Staffing Services ("Winston"), in violation of Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e-2. The plaintiff, Stacey Heard, initially filed two separate actions. One suit, brought against Winston, was assigned to this Court, and the other, brought against Metro-North, was assigned to Chief Judge Mukasey. The suit against Metro-North was dismissed without prejudice, and the plaintiff now brings an amended complaint before this Court, attempting to add Metro-North and an individual, Teresa Whyte ("Whyte"), as defendants.

Metro-North and Whyte both move to dismiss the federal claims against them under Federal Rule of Civil Procedure 12(b)(6). They further move to dismiss under Rule 12(b)(1), asking that the Court decline to exercise supplemental jurisdiction over state law claims brought against them.

I.

The relevant facts as alleged in the Amended Verified Complaint, related Affidavits, and attached Exhibits are as follows. The plaintiff was a temporary employee at Metro-North, having been placed by Winston, a staffing service company. (Am. Verified Compl. ("Am.Compl.") ¶ 5.) The plaintiff alleges that while working at Metro-North, she was sexually harassed by her supervisor, Teresa Whyte. (Id. ¶¶ 7-8.) The plaintiff states that she filed complaints with Metro-North and Winston, but received no response from either company and was later terminated from her position. (Id. ¶¶ 9-11.)

On July 23, 2001, the plaintiff filed charges before the Equal Employment Opportunity Commission ("EEOC") alleging claims of sexual harassment and retaliation against Metro-North and Winston. (EEOC Notice of Charge of Discrimination, attached to Aff. of Sofia C. Hubscher sworn to Mar. 14, 2003 ("Hubscher Aff."), Ex. A.) The EEOC issued to the plaintiff a right-to-letter regarding Metro-North on July 17, 2002, and the plaintiff received that letter on July 18. (See Hubscher Aff., Ex. D (providing Complaint and EEOC Dismissal and Notice of Rights regarding Metro-North).) On July 19, 2002, the EEOC issued a separate right-to-sue letter regarding Winston, which the plaintiff received on July 20. (See id. Ex. B (providing Complaint and EEOC Dismissal and Notice of Rights regarding Winston).)

On August 30, 2002, within ninety days of receiving the EEOC letters, the plaintiff submitted two separate complaints to the Pro Se Office of the Court. The first named Winston as the sole defendant and was assigned to this Court. See Heard v. Winston Staffing Serv., No. 02 Civ. 7565 (S.D.N.Y. filed Sept. 19, 2002) (Complaint) (attached to Hubscher Aff., Ex. B). The second complaint named Metro-North as the defendant and was assigned to Chief Judge Mukasey. See Heard v. Metro-North R.R. Co., No. 02 Civ. 9028 (S.D.N.Y. filed Nov. 13, 2002) (Complaint) (attached to Hubscher Aff., Ex. D). Because the pleadings in the second action were insufficiently detailed, by Order dated November 13, 2002, Chief Judge Mukasey gave the plaintiff sixty days to file an amended complaint. See Heard v. Metro-North R.R. Co., No. 02 Civ. 9028 (S.D.N.Y. Nov. 13, 2002) (order directing plaintiff to file amended complaint) (attached to Aff. of Stacey Heard sworn to Mar. 21, 2003 ("Heard Aff."), Ex. 1). The Order indicated that if the plaintiff failed to file an amended complaint within the time allowed, the complaint would be dismissed. Id. The Order also indicated that no

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.))**

Page 3

summons would issue at that time and all further proceedings were stayed for sixty days or until the plaintiff complied with Order. *Id.*

*2 The plaintiff, however, did not file an amended complaint within the sixty-day period. Instead, on January 16, 2003, the plaintiff's newly retained counsel filed a notice of appearance and submitted a letter requesting that the two cases be consolidated. (Heard Aff., Exs. 2, 3.) The new counsel also indicated that he "can file an amended complaint with all defendants named as parties under a single docket number."(*Id.* Ex 3.) This Court found consolidation unnecessary because the suit against Metro-North before Chief Judge Mukasey was closed and dismissed without prejudice. *See Heard v. Winston Res., M.D.,* No. 02 Civ. 7565 (S.D.N.Y. Feb. 4, 2003) (order denying request to consolidate cases) (attached to Heard Aff., Ex. 4). Instead, this Court directed the plaintiff to amend the complaint against Winston including additional parties and "detailing any available claims that the plaintiff has against any defendants."*Id.* On January 29, 2003, the plaintiff filed an amended complaint, adding Metro-North and Whyte as defendants. (*See* Am. Compl.)

II.

[1] Metro-North moves to dismiss the Title VII claim as time-barred. In order to sue in federal court under Title VII, a claimant must first file a timely complaint with the EEOC and receive a right-to-sue letter. 42 U.S.C. § 2000e-5(e), (f). Having received the right-to-sue letter, the claimant has ninety days to bring suit. 42 U.S.C. § 2000e-5(f)(1); *seeZipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (explaining that requirement to file complaint within ninety days of receiving EEOC letter is akin to statue of limitations). The EEOC issued, and the plaintiff received, right-to-sue letters against Metro-North and Winston in July 2002. (*See* Hubscher Aff., Exs. B, D.) The plaintiff brought a timely action against Winston in this Court, but the Amended Complaint adding Metro-North was not filed until January 29, 2003-long after the ninety-day limitations period expired. (*See* Heard Aff. ¶ 6.)

The plaintiff argues that the claim against Metro-North should not be time barred because the plaintiff filed a timely complaint against Metro-North before Chief Judge Mukasey.[FN1] However, the Court of Appeals for the Second Circuit has concluded: "In instances where a complaint is timely filed and later dismissed, the timely filing of a complaint does not 'toll' or suspend the 90-day limitations period."*Minnette v. Time Warner,* 997 F.2d 1023, 1027 (2d Cir.1993). In *Minnette,* the Court of Appeals decided to transfer the plaintiff's Title VII claim rather than dismiss it for improper venue because a dismissal would have left the claim time barred. *Id.* at 1027;*see also Berry v. CIGNA/RSI-CIGNA,* 975 F.2d 1188, 1191 (5th Cir.1992) (explaining that if Title VII complaint is timely filed and later dismissed, limitations period is not tolled and second Title VII complaint would be time barred if not filed within original ninety-day limitations period); *Wilson v. Grumman Ohio Corp.,* 815 F.2d 26, 27-28 (6th Cir.1987) (per curiam) (barring second filing of complaint because original complaint was dismissed when defendant was not served in a timely manner and filing first complaint did not toll limitations period).

FN1. The plaintiff does not argue that the Amended Complaint should relate back to the date of the filing of the original Complaint in this Court, and it plainly should not. Among other reasons, the plaintiff was aware of Metro-North, and it is clear that the failure to join Metro-North was not because of any mistake in its identity. *See* Fed.R.Civ.P. 15(c)(3); *Cornwell v. Robinson,* 23 F.3d 694, 705 (2d Cir.1994) (finding no mistake and no relation back where plaintiff sued employer under Title VII and then, after limitations period had run, attempted to amend her complaint to

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-09595-RMB    Document 20-24    Filed 06/16/2008    Page 4 of 6

Page 5 of 7

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.))**

add as defendants individuals identified in original pleading). The plaintiff also does not dispute that Metro-North never had notice within the time required under the rule.

*3 In this case, the plaintiff first submitted a complaint to Chief Judge Mukasey that "failed to set forth allegations of discrimination under Title VII."*Heard v. Metro-North,* No. 02 Civ. 9028, at 1 (order of Nov. 13, 2002). If Chief Judge Mukasey had dismissed the complaint for failure to state a claim, any subsequent complaint against Metro-North would have been time barred because ninety days had already passed after the plaintiff's receipt of the right-to-sue letter. *SeeMinnette,* 999 F.2d at 1027;*Brown v. Hartshorne Pub. Sch. Dist. # 1,* 926 F.2d 959, 961 (10th Cir.1991) (stating that Title VII limitations period was not tolled while dismissed action was pending). Instead, the plaintiff was allowed to preserve her claim by filing an amended complaint within sixty days.

But the plaintiff did not file an amended complaint within the given time. Rather, on January 16, 2003, after the sixty-day extension expired, the plaintiff, now represented by counsel, moved to consolidate her closed case with the case before this Court and to amend the Complaint in this action by January 31, 2003. By the time the Amended Complaint was submitted to this Court, the case before Chief Judge Mukasey had been closed and dismissed. Because the limitations period was not tolled while the action was pending before Chief Judge Mukasey, the plaintiff's claim against Metro-North is now time barred. Just as the plaintiff would be time barred from filing a second, independent complaint against Metro-North, filing the amended complaint before this Court does not revive her claim against Metro-North. *SeeMinnette,* 999 F.2d at 1027;*Berry,* 975 F.2d at 1191;*Brown,* 926 F.2d at 961;*see alsoBaldwin County Welcome Ctr. v. Brown,* 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) (per curiam) (applying Title VII's limitation period strictly and criticizing plaintiff for failing to preserve claim by not following court's instructions); *Smith v. Henderson,* 137 F.Supp.2d 313, 318-19 (S.D.N.Y.2001) (noting that ninety-day limitation period is strictly construed and that plaintiff must act diligently in preserving legal rights). Metro-North's motion to dismiss the Title VII claim against it as time barred is therefore granted.

III.

[2] The plaintiff's second and third causes of action allege violations of the New York State Human Rights Law and the New York City Human Rights Law based on the same facts that formed the basis for the plaintiff's claims under Title VII.[FN2]Metro-North moves to dismiss those claims on the grounds that the Court should not exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because the Court has dismissed only federal claim against Metro-North.

> FN2. While the third cause of action is asserted under the New York State Human Rights Law, N.Y. Exec. Law § 296, if this were correct, it would be duplicative of the second cause of action. (*See* Am. Compl. ¶¶ 14, 16 (asserting second and third causes of action, each claiming that "Plaintiff's rights under the New York State Human Rights Law were violated").) In the first paragraph of the Amended Complaint, the plaintiff clearly attempts to assert claims under both "state and local law." (*See* Am. Compl. ¶ 1.) Therefore, liberally construed, the third cause of action is apparently an effort to plead a violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.

A district court has "considerable discretion over what state law claims it will include within its supplemental jurisdiction in a particular case."*Yaba v. Cadwalader, Wickersham & Taft,* 931 F.Supp. 271, 275 (1996) (*quotingCushing v. Moore,* 970 F.2d 1103, 1110 (2d Cir.1992)). The interests of judicial

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                           Page 5
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.))**

economy, convenience, and fairness counsel against hearing state law claims when the federal claims against a party are dismissed at an early stage in the litigation. *SeeTorres v. N.Y. Univ.,* No. 95 Civ. 4106, 1996 WL 15691, at *2 (S.D.N.Y. Jan.17, 1996) (refusing supplemental jurisdiction when Title VII claims against defendants were dismissed before substantial judicial resources had been expended).

*4 This Court declined to exercise supplemental jurisdiction in the case of *Yaba v. Cadwalader, Wickersham & Taft,* which presented circumstances similar to this case. *SeeYaba,* 931 F.Supp. at 275. In *Yaba,* the plaintiff brought an action under Title VII against a law firm and a senior partner in his individual capacity. *Id.* at 273.After the Court dismissed the Title VII claim against the senior partner, the plaintiff sought to amend her complaint to include federal and state claims against a series of new defendants. *Id.* Having rejected the federal claims against the prospective defendants, this Court decided not to exercise supplemental jurisdiction over the state law claims. *Id.* at 275.This Court found that the "interests of judicial economy, convenience, and fairness argue strongly that the state law claims should not be considered."*Id.* Substantial judicial resources had not been expended on the state law claims against the individual defendants. *Id.* Moreover, entertaining those claims would have delayed adjudication of the Title VII claim against the law firm, over whom the Court had a plain basis for jurisdiction. *Id.*

In this case, the plaintiff's original complaint stated a Title VII claim against Winston. The plaintiff now asks the Court to grant supplemental jurisdiction over state and local law claims against an additional defendant, Metro-North, despite the fact that there are no valid federal claims against that defendant. Substantial judicial resources have not been expended on any claims against Metro-North, and adjudicating those claims would only delay the Title VII action against Winston-an action with a clear basis in original jurisdiction. *Seeid.;Torres,* 1996 WL 15691, at *2.

Moreover, the factual allegations against Metro-North are intertwined with the claims against Whyte, which, for reasons explained below, belong in state court. Therefore, in the interest of judicial economy, convenience, and fairness, the Court declines to exercise supplemental jurisdiction over the state and local law claims against Metro-North.

IV.

[3] The defendant Teresa Whyte has also filed a motion to dismiss, arguing that the Title VII claim against her is time barred and that Title VII does not permit individual liability. *SeeTomka v. Seiler,* 66 F.3d 1295, 1313 (2d Cir.1995) (finding no liability for individual employees under Title VII). The plaintiff concedes that individuals cannot be sued under Title VII and that there is no viable federal claim against Whyte. The only remaining issue is whether this Court should exercise supplemental jurisdiction over the claims asserted under the Human Rights Laws of New York State and New York City. *See*N.Y. Exec. Law § 296; N.Y.C. Admin. Code § 8-107.

For the reasons explained above with respect to Metro-North, judicial economy, convenience, and fairness indicate that this Court should not retain supplemental jurisdiction over the state and local claims against Whyte. There is no federal claim and the case against Whyte is at its earliest stage. There is an additional reason that the state and local claims against Whyte should proceed in state court: namely, the somewhat unsettled state of the law with respect to individual liability for a violation of the New York State Human Rights Law.

*5 Defendant Whyte argues that under the New York State Human Rights Law ("NYSHRL") only employers can be held individually liable, and Whyte does not meet that definition because she is an employee without an ownership interest or power over personnel decisions. *SeeN.Y. Exec. Law*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.))**

Page 6

§ 296(1)(a) (prohibiting discrimination by "an employer"); *Patrowich v. Chem. Bank,* 63 N.Y.2d 541, 483 N.Y.S.2d 659, 473 N.E.2d 11, 12 (N.Y.1984) (interpreting "employer" to exclude those without "any ownership interest or any power to more than carry out the personnel decisions made by others"). The plaintiff does not suggest that Whyte is an employer under § 296(1)(a). Instead, the plaintiff responds that Whyte can be held liable under § 296(6), which makes it unlawful "for any person to aid, abet, incite, compel, or coerce the doing" of any discriminatory act. N.Y. Exec. Law § 296(6). The Court of Appeals for the Second Circuit has cited that language to allow a claim against an individual who "actually participates in the conduct giving rise to a discrimination claim."*Tomka,* 66 F.3d at 1317.

The positions taken by the plaintiff and defendant reflect a split among New York courts on the question of individual liability under the NYSHRL. *See, e.g.,Lewis v. Triborough Bridge & Tunnel Auth.,* 77 F.Supp.2d 376, 380 n. 6 (S.D.N.Y.1999) ("The holding in *Tomka* has engendered great disagreement among New York state courts."); *Hicks v. IBM,* 44 F.Supp.2d 593, 599 n. 3 (S.D.N.Y.1999)(*"Tomka* is a subject of controversy among the New York courts."); *Ponticelli v. Zurich Am. Insur. Group,* 16 F.Supp.2d 414, 439 (S.D.N.Y.1998) (explaining competing theories of individual liability).

Section 1367(c)(1) provides that a court may decline to exercise supplemental jurisdiction when the "claim raises a novel or complex issue of State law."28 U.S.C. § 1367(c)(1). The dispute among state courts over the proper standard for individual liability under the New York State Human Rights Law is an additional reason to decline to exercise supplemental jurisdiction over claims asserting individual liability under § 296(6).*See, e.g.,Hockeson v. N.Y. State Office of Gen. Serv.,* 188 F.Supp.2d 215, 222-23 (N.D.N.Y.2002); *Silva v. N.Y. City Transit Auth.,* No. CV 96-2758, 1999 WL 1288683, at *18 (E.D.N.Y. Nov.17, 1999); *Ponticelli,* 16 F.Supp.2d at 439-40. *But see Duviella v. Counseling Serv.,* No. 00-CV-2424, 2001 WL 1776158, at *17 n. 15 (E.D.N.Y. Nov.20, 2001) (exercising supplemental jurisdiction because of "the express holding in *Tomka*" ),*aff'd,*2002 WL 31628509 (2d Cir. Nov.21, 2002).

In this case, this Court declines to exercise supplemental jurisdiction. Not only is the issue of individual liability unsettled among New York State courts, but the considerations of judicial economy, convenience, comity, and fairness also weigh against the plaintiff. *SeePonticelli,* 16 F.Supp.2d at 438;*Yaba,* 931 F.Supp. at 275;*Torres,* 1996 WL 15691, at *2. In this case, the plaintiff seeks to add an individual, Whyte, who is defending only against state and local law claims, to the federal case against Winston, which was the plaintiff's employer but not Whyte's. Doing so would complicate and delay the adjudication of claims against Winston.

*Conclusion*

*6 For the reasons explained above, the motions to dismiss the Amended Complaint against Metro-North and Whyte are granted. The Title VII claim against Metro-North is time barred, and the Court declines to exercise supplemental jurisdiction over the claims brought against Metro-North and Whyte under state and local law.

SO ORDERED.

S.D.N.Y.,2003.
Heard v. MTA Metro-North Commuter R. Co.
Not Reported in F.Supp.2d, 2003 WL 22176008 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.