UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SUE EARL,

        Plaintiff,

v.

NOVARTIS CONSUMER HEALTH, INC,

        Defendant.

2007 Civ. 09595 (RMB)

**PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES**

Plaintiff Sue Earl ("Plaintiff" or "Ms. Earl"), by and through her undersigned counsel, hereby submits the following objections and responses to Defendant's First Set of Interrogatories.

## GENERAL OBJECTIONS

1. Plaintiff objects to each interrogatory to the extent that it exceeds the scope of the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

2. Plaintiff objects to each interrogatory to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege.

3. Plaintiff objects to each interrogatory to the extent that it is overbroad and unduly burdensome.

4. Plaintiff objects to each interrogatory to the extent that it seeks discovery of information that is unreasonably cumulative or duplicative or may be obtained from some other source that is more convenient, less burdensome, or less expensive.

5. Plaintiff objects to each interrogatory to the extent that it seeks discovery of information that is already in the possession of Defendant.

6. Plaintiff objects to each interrogatory to the extent that it constitutes an invasion of privacy.

7. Plaintiff objects to each interrogatory to the extent that it seeks the production of information that is not relevant to the claims in the above-captioned action and is not reasonably calculated to lead to the discovery of admissible evidence.

8. Plaintiff objects to each interrogatory to the extent that it is vague or ambiguous.

9. Plaintiff objects to each interrogatory to the extent that it calls for a legal conclusion or attempts to state legal or factual conclusions, or to obtain admissions as to any fact in dispute, and, by responding to such interrogatory, Plaintiff does not concede the truth or validity of any assertion contained in the interrogatories.

10. Plaintiff objects to each interrogatory to the extent that it does not provide a time period for which information is sought and/or the time period for which information is sought is overbroad.

11. Plaintiff's responses are made without prejudice to her rights to produce evidence of any subsequently identified fact or document that may later be recalled or discovered, whether now known to Plaintiff or not, which, in good faith, was overlooked or omitted in responding to said interrogatories, or which, in good faith, was not understood to apply to said interrogatories.

12. Discovery is ongoing. Plaintiff reserves the right to supplement her responses with additional information discovered or identified after the submission of these responses.

## SPECIFIC RESPONSES TO INTERROGATORIES

1.  If your responses to any item in Defendant's First Set of Requests for Admissions is other than an unqualified admission, set forth in detail each and every fact upon which you base your denial or partial denial and:

    a.  Identify all persons having knowledge or any information relevant to your denial or partial denial:

    b.  Identify all documents that refer or relate to any facts upon which you base your denial or partial denial.

**Specific Objection to Interrogatory No. 1:** Plaintiff objects to Interrogatory No. 1 to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. Plaintiff further objects to Interrogatory No. 1 to the extent that it is overbroad and unduly burdensome. In addition, Plaintiff objects to Interrogatory No. 1 to the extent that it seeks information that is already in the possession of Defendant and not in the possession, custody or control of Plaintiff. Subject to and without waiving these objections, Plaintiff responds as follows:

**RESPONSE:** Please see Plaintiff's Responses to Document Request No. 4.

2.  Set forth all facts on which you base your allegation that you were employed by Novartis Consumer Health, Inc. and:

    a.  Identify all persons having knowledge of any information regarding those facts;

    b.  Identify all documents that refer or relate to any facts upon which you base your allegation that you were employed by Novartis Consumer Health, Inc.

**Specific Objection to Interrogatory No. 2:** Plaintiff objects to Interrogatory No. 2 to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege. Plaintiff further objects to Interrogatory No. 2 to the extent that it is overbroad and unduly burdensome. In addition, Plaintiff objects to Interrogatory No. 2 to the extent that it seeks information that is already in the

3

possession of Defendant and not in the possession, custody or control of Plaintiff. Subject to and without waiving these objections, Plaintiff responds as follows:

**RESPONSE:** Please see Plaintiff's Responses to Document Request No. 4.

3.  Identify all attorneys and law firms with which you consulted in connection with any claim or potential claim of discrimination against Novartis Corporation, Novartis Pharmaceutical Corporation, Novartis Consumer Health, Inc., or Novartis Nutrition Corporation and state:

  a.  The dates you consulted or communicated with such attorneys and law firms;

  b.  Identify any and all retainer agreements and/or fee agreements you entered into with any attorneys or law firms;

  c.  If you retained any attorneys or law firms to represent you, identify the starting and ending dates of their representation of you.

**Specific Objection to Interrogatory No. 3:** Plaintiff objects to Interrogatory No. 3 to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

**RESPONSE:** Sanford Wittels & Heisler, LLP represents Ms. Earl in her claims of discrimination against Novartis Consumer Health, Inc.

4.  Identify all attorneys and law firms that represented you at the time you signed your Charge of Discrimination against Novartis Corporation and Novartis Pharmaceuticals Corporation on May 24, 2005.

**Specific Objection to Interrogatory No. 4:** Plaintiff objects to Interrogatory No. 4 to the extent that it seeks the production of information that is protected by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable privilege.

**RESPONSE:** Sanford Wittels & Heisler, LLP and the Law Offices of Grant Morris, Esq. represented Ms. Earl at the time she signed her Charge of Discrimination on May 24, 2005.

4

Respectfully submitted this 23rd day of May, 2008.

By: *Steven Wittels /RS*
Steven Wittels, (SLW-8110)
Jeremy Heisler, (JH-0145)
**SANFORD WITTELS & HEISLER, LLP**
950 Third Avenue
10th Floor
New York, NY 10022
Telephone: (646) 723-2947
Facsimile: (646) 723-2948

David W. Sanford, D.C. Bar No. 457933
**SANFORD WITTELS & HEISLER, LLP**
1666 Connecticut Avenue, N.W., Suite 310
Washington, D.C. 20009
Telephone: (202) 742-7780
Facsimile: (202) 742-7776

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY certify that a copy of the foregoing has been served on May 23, 2008 via First Class Mail in a prepaid envelope, correctly addressed to the following:

Allyson Marie Smith, Esq.
Peter O. Hughes, Esq.
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 402
Morristown, NJ 07960

*Attorneys for Novartis Consumer Health, Inc.*

_____
Blevin Shelnutt