UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Peter O. Hughes (POH-6017)
Allyson M. Smith (AS-4750)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
10 Madison Avenue, Suite 402
Morristown, New Jersey 07960
(973) 656-1600
Attorneys for Defendant

---

| | |
|---|---|
| SUE EARL, | : Civil No.: 07 CIV 9595 (RJH) |
| Plaintiff, | : |
| v. | : |
| NOVARTIS CONSUMER HEALTH, INC. | : |
| Defendant. | : |

---

## RESPONSE OF DEFENDANT NOVARTIS CONSUMER HEALTH INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO:  Andrew Meltzer, Esq.
     Steven Wittels, Esq.
     Jeremy Heisler, Esq.
     Sanford, Wittels & Heisler, LLP
     950 Third Ave., 10th Floor
     New York, New York 10022
     Attorneys for Plaintiff

Pursuant to Federal Rule of Civil Procedure 33, defendant Novartis Consumer Health, Inc. hereinafter "Defendant" hereby objects and responds to plaintiff's First Set of Interrogatories as follows:

## **GENERAL OBJECTIONS**

1. Defendant objects on the grounds that Plaintiff has served interrogatories in excess of the number permitted by Fed.R.Civ.P. 33(a) and Defendant will not respond to any interrogatories in excess of 25.

2. Defendant objects to all requests for information and documents prior to January 1, 2004 as overly broad and seeking information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. The responses herein cover the period beginning January 1, 2004.

3. Defendant objects to all requests for information and documents relating to Novartis Nutrition Corporation. Information and documents in the possession or control of Novartis Nutrition Corporation are not in the possession or control of Defendant.

4. Defendant objects to all interrogatories to the extent that they are overly broad and seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5. Defendant further objects to all interrogatories to the extent that the interrogatories may be construed as calling for information that is subject to a claim of privilege or otherwise immune from discovery, including, without limitation, documents and information protected by the attorney-client privilege and/or the attorney work-product doctrine.

6. Defendant further objects to all interrogatories to the extent that the interrogatories may be construed as calling for confidential and/or proprietary information.

7. Defendant reserves the right to challenge the competency, relevancy, materiality and/or admissibility of, or to object on any grounds to the use of, the documents or information provided in response to any discovery request served by plaintiff.

**INTERROGATORY NO. 16:** Describe in detail any organizational or personnel chart including officers and board members for:

    a.    Novartis Consumer Health, Inc.; and

    b.    Novartis Nutrition Corp.

**RESPONSE:** Defendant objects to Interrogatory No. 16 on the grounds it is vague, ambiguous, overly broad and unduly burdensome. Defendant further reiterates its General Objection No. 3, and responds that it has no information in its possession or control regarding Novartis Nutrition Corporation's organizational or personnel charts. Subject to and without waiving these objections, Defendant refers Plaintiff to the documents bates labeled 0030-0031.

**INTERROGATORY NO. 17:** State whether and to what extent any human resources policy or procedure or any document concerning human resources policy or procedure, including but not limited to, company manuals concerning training of employees, training materials, handbooks, handouts, employee manuals, salary and benefit materials was used by both Novartis Consumer Health, Inc. and Novartis Nutrition Corp.

**RESPONSE:** Defendant reiterates its General Objection No. 3, and responds that it has no information in its possession or control regarding the human resources policies, procedures, or documents used by Novartis Nutrition Corporation. Without waiving this objections, and subject to it, Defendant responds that employees of Defendant and Novartis Nutrition Corporation were eligible to participate in the same Investment Savings Plan; consequently Defendant believes the summary plan description for the Investment Savings Plan provided to employees of both companies would have been the same. Salaried

**INTERROGATORY NO. 19:** State whether and to what extent any employment policy or procedure or any document concerning employment policy or procedure, including but not limited to, hiring, firing, promotions, demotions, discipline, transfers and evaluations was used by both Novartis Consumer Health, Inc. and Novartis Nutrition Corp.

**RESPONSE:** **Defendant responds that information regarding the human resources policies or procedures used by Novartis Nutrition Corporation is not in Defendant's possession or control.**

**INTERROGATORY NO. 20:** State whether and to what extent any employment policy or procedure or any document concerning employment policy or procedure, including, but not limited to, hiring, firing, promotions, demotions, discipline, transfers and evaluations was written, drafted, created, generated, edited or approved by Novartis Consumer Health, Inc. for use by Novartis Nutrition Corp.

**RESPONSE:** **Defendant responds that information regarding the human resources policies or procedures used by Novartis Nutrition Corporation is not in Defendant's possession or control. Defendant did not write, draft, create, generate, or edit such policies for Novartis Nutrition Corporation, and was not in a position to approve or disapprove use of any policy or procedure by Novartis Nutrition Corporation.**

AS TO OBJECTIONS:

                                 **OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.**
                                 *Attorneys for Defendant*

                                 By: _____
                                     Peter O. Hughes

Dated: June 2, 2008

## CERTIFICATION

_Beth Molinaro_, being of full age, certifies and states that she is employed by defendant Novartis Consumer Health, Inc. ("Novartis") as Human Resources Manager and that she is authorized to sign the foregoing answers on behalf of defendant that she has read the foregoing answers to Plaintiff's First Set of Interrogatories and knows the contents thereof, and subscribes to same on behalf of defendant; that said answers were prepared with the assistance of other representatives of and that the answers, subject to inadvertent or undiscovered errors, are based upon and, therefore, limited by, the records and information still in existence, presently recollected, and thus far discovered in the course of the preparation of these answers; that consequently, defendant reserves the right to make changes in the answers if it appears at any time that omissions or errors have been made therein, or that more accurate information is available; that subject to the limitations set forth therein, said answers are true to the best of her knowledge, information, and belief, based upon the information provided.

I hereby certify under penalty of perjury that the foregoing statements made by me are true. Executed on _June 2_, 2008.

_/s/ B. Molinaro_

## CERTIFICATION OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served via United States mail, postage pre-paid, upon:

Andrew Meltzer, Esq.
Steven Wittels, Esq.
Jeremy Heisler, Esq.
Sanford, Wittels & Heisler, LLP
950 Third Ave., 10th Floor
New York, New York 10022
Attorneys for Plaintiff

on this 2nd day of June, 2008.

_____
Allyson M. Smith

6384115.1 (OGLETREE)