# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | 171-2005-01036 |

_____ and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Sue Earl | (973) 729-0754 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 115 Conestoga Trail, Sparta, New Jersey 07871 | | September 1, 1961 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Novartis Pharmaceuticals Corporation | >50 | (888) 669-6682 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| One Health Plaza | East Hanover, New Jersey 07936-1080 | Morris |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Novartis Corporation | (212) 307-1122 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 608 Fifth Avenue | New York, New York 10020 | New York |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☐ RETALIATION  ☐ NATIONAL ORIGIN  ☐ DISABILITY  ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA)   LATEST (ALL)

July 1991 – March 2005

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

[Please see attached sheets.]

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

I declare under penalty of perjury that the foregoing is true and correct.

5/24/05   *Sue Earl*
Date      Charging Party *(Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Day, month, and year)*

EEOC FORM 131 (10/96)

# U. S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Mr Eric Witkin<br>Counsel<br>BROWN, RAYSMAN, MILLSTEIN,<br>FELDER & STEINER<br>900 Third Avenue<br>New York, NY 10022 | Sue Earl |
| | THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s) |
| | EEOC CHARGE NO.<br>171-2005-01036 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[X] Title VII of the Civil Rights Act            [ ] The Americans with Disabilities Act

[ ] The Age Discrimination in Employment Act    [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [X] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [ ] Please provide by _____ a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to _____
If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Amparo Soto,<br>Intake Supervisor | **Newark Area Office**<br>**1 Newark Center**<br>**21st Floor**<br>**Newark, NJ 07102** |
|---|---|
| EEOC Representative | |
| Telephone: **(973) 645-6016** | |

Enclosure(s): [X] Copy of Charge

### CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [X] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [ ] AGE   [ ] DISABILITY   [ ] RETALIATION   [ ] OTHER

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Jun 02, 2005 | Corrado Gigante,<br>Director | [signed] Corrado Gigante |

EEOC Charge of Discrimination
Sue Earl
May 24, 2005

I. <u>Overview of Individual and Class Allegations</u>

In the course of my employment, Novartis has subjected me to discrimination in employment based on my gender, female, by denying me promotions in favor of less senior, less qualified male employees and subjecting me to disparate terms and conditions of employment, a hostile work environment and other forms of discrimination. I believe that Novartis' actions are part of a continuing pattern and practice of discrimination against female Novartis employees, including, but not limited to, denying them promotions in favor of less senior, less qualified male employees and subjecting female employees to disparate terms and conditions of employment, a hostile work environment and other forms of discrimination.

II. <u>Employment History</u>

I worked for Novartis in New Jersey, New York and Pennsylvania from approximately July 1991 until my resignation in March 2005. During that time, I held the positions of Long-term Care Sales Representative and Acute Care Accounts Manager, and served as a Field Sales Trainer and a member of the Market Advisory Board.

III. <u>Statement of Facts</u>

In approximately 1997, I became pregnant. Before my pregnancy I served the role of Field Sales Trainer at Novartis and was supposedly being groomed for management positions. Even though the Field Sales Trainer role was supposed to be a two year rotation, I was removed from the role after only one year when I became pregnant and was going to be taking maternity leave.

Further, I began to be subjected to much closer scrutiny after I became pregnant. Specifically, if I was a few minutes late to a meeting, I observed that other employees and managers noted my tardiness. Conversely, male employees and non-pregnant female employees were not held to such strict standards.

I was also denied promotions at Novartis in favor of less qualified male employees. For example, in approximately 2002, while I was working in the Acute Care division, Novartis was creating an Acute Care "Associate Director" position, in which I was extremely interested. My manager, Ken Notaro, also considered me his leading candidate for the position. However, during my interview with Eastern Regional Account Manager John Hawknis, Mr. Hawkins told me that he was hesitant to promote me because I was in the Pennsylvania district, which was not performing well. However, I was transferred to the Pennsylvania district only several months before the interview, having previously worked very successfully in the New York district, which was the number one district in the nation in 2000 and 2001. I was denied the Associate Director promotion in favor of a male employee, Dan Cullman, who worked in Corporate Accounts and did not have the relevant experience that I had. When I pointed out that Mr. Cullman did not have Acute Care knowledge, as Mr. Hawkins was well aware, Mr. Hawkins told me that he was counting on me to train Mr. Cullman in his new position. At a meeting shortly afterwards, numerous other employees were joking that I did not receive the promotion because I did not "have a penis." Following this

denial of promotion in 2002, I continued to excel in my new district and, in fact, was ranked the top Sales Representative in the country in 2003.

As the Acute Care Associate Director, Mr. Cullman favored male employees and subjected female employees to harsher treatment. For example, he harassed me and gave me a lower rating on my annual review for being approximately one minute late to a meeting, even though Mr. Cullman had shown up 1.5 hours late to a meeting on another occasion. Further, because of his lack of relevant experience, Mr. Cullman is currently unable to perform his job competently. I know of several female employees who are attempting get Mr. Cullman removed from his position.

In addition, when I expressed my interest in a position in the Home Care division to Mr. Hawkins, he pointed out that the position required a great deal of travel and commented that the travel would not suit me well because I had four children. I do not believe that managers prevented male employees from advancing their careers with Novartis because they had children.

Additionally, in 2002, I was one of approximately four employees who received the Career Achievement Award for being an "advanced" performer who had ten or more years with the company. At the meeting during which I collected my award, Vice President Rob Harrington asked me whether I noticed that I was the only female on stage. Further, at the end of 2002, my performance was rated "solid," even though I had received this award for my advanced performance. Sales Representatives receive ratings of "needs improvement," "solid," "advanced," or "exceptional." Had I received the "advanced" rating that I clearly deserved, I would have been entitled to an additional $30,000 in commission. However, because I was rated "solid," I was denied the $30,000 commission.

The following year, in 2003, I was ranked the number one Sales Representative in the country. However, Mr. Hawkins selected a male employee as the "exceptional" performer. As a result, this male employee received an additional $10,000 that I was denied.

During my employment with Novartis, I contacted Human Resources on several occasions to complain about the discrimination I was experiencing. I first contacted Human Resources in approximately 2002 about manager Joe Bernauer, who was believed to be incompetent by many employees. It became common knowledge among my coworkers and managers that I had complained. As a result, I believe that I was singled out by Mr. Hawkins because he and Mr. Bernauer belonged to the same "good old boys'" network at Novartis. In fact, at a dinner in 2003 during which Mr. Hawkins became extremely drunk, he stood up, looked directly at me and announced, "Joe Bernauer is my number one guy and if anyone messes with him, they have to mess with me." I believed that this statement was in direct reference to my complaint to Human Resources about Mr. Bernauer. Mr. Bernauer was eventually removed from his position due to his incompetence as a manager.

I also complained to Human Resources about being denied the Acute Care Associate Director position in 2002. To my knowledge, Human Resources took no action in response to my complaint. In addition, Mr. Hawkins made threatening comments, such as telling me that I could go to Human Resources, but that Human Resources works for him.

## IV. Discrimination Claims

I believe that Novartis has discriminated against me in the terms and conditions of my employment on the basis of my gender, female, by denying me promotions in favor of less senior, less qualified male employees and subjecting me to disparate terms and conditions of employment, a hostile work environment and other forms of discrimination.

## V. Class Claims

Based on my observations and experience, I believe that Novartis has engaged and continues to engage in a pattern and practice of discrimination against its female employees and denies them equal employment opportunities in ways including, but not limited to, the following: denying female employees promotions in favor of less senior, less qualified male employees and subjecting female employees to disparate terms and conditions of employment, a hostile work environment and other forms of discrimination. I believe that these discriminatory patterns and practices occur throughout Novartis. I make this charge on behalf of all similarly situated female employees and myself.

I declare under penalty of perjury that the foregoing is true and correct.

May 24, 2005

_____
Sue Earl