UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------X

AMY VELEZ, PENNI ZELINKOFF,
MINEL HIDER TOBERTGA,
MICHELLE WILLIAMS, JENNIFER
WAXMAN-RECHT, KAREN LIGGINS,
LORI HORTON, HOLLY WATERS,
WENDY PINSON, ROBERTA
VONLINTEL, ASHLEY NARMOUR,
CATHERINE WHITE, KELLY
CORBETT, SUE EARL, JAMIE
HOLLAND, JOAN DURKIN, SIMONA
LOPES, MARYANNE JACOBY
and MARTA DEYNE,

Individually and on Behalf of Others
Similarly Situated,

PLAINTIFFS,

v.

NOVARTIS CORPORATION,
NOVARTIS PHARMACEUTICALS
CORPORATION, and THOMAS
EBELING,

DEFENDANTS.

----------------------------------------------------------X

04 Civ. 9194 (GEL)

ANSWER OF NOVARTIS
CORPORATION TO FOURTH
AMENDED COMPLAINT

ANSWER OF NOVARTIS CORPORATION TO
FOURTH AMENDED CLASS ACTION COMPLAINT

Defendant Novartis Corporation, by and through its attorneys White & Case LLP, for its Answer to the Fourth Amended Complaint ("Complaint") of Plaintiffs, responds as follows:

I.   NATURE OF THIS ACTION

1. Admits that the nineteen plaintiffs have filed a lawsuit under Title VII but denies that it employed any of the plaintiffs and denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint. Furthermore, Novartis

Corporation assumes that, unless otherwise clarified, references to "Novartis" throughout the Complaint refer to Novartis Pharmaceuticals Corporation ("NPC").

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admits that plaintiffs seek to represent other female employees of NPC, but denies the remaining allegations contained in paragraph 3 of the Complaint.

4. Admits that plaintiffs are seeking the relief set forth in paragraph 4 of the Complaint but denies they are entitled to any such relief. Novartis Corporation further denies that any pervasive and discriminatory employment policies, practices or procedures exist.

## II. JURISDICTION AND VENUE

5. Denies the allegations contained in this paragraph 5 of the Complaint for the reasons set forth in Defendants' Motion for Summary Judgment and to Change Venue previously submitted.

6. Denies the allegations contained in paragraph 6 of the Complaint for the reasons set forth in Defendants' Motion for Summary Judgment and to Change Venue previously submitted.

7. As set forth in Defendants' Motion for Summary Judgment and to Change Venue previously submitted, Novartis Corporation denies the allegations contained in paragraph 7 of the Complaint that the Southern District of New York is the most logical forum in which to litigate. Novartis Corporation further denies that it is headquartered in New York, New York and denies knowledge or information sufficient to form a belief to the remaining allegations contained in paragraph 7 of the Complaint.

### N. Sue Earl

293. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 293 of the Complaint.

294. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 294 of the Complaint.

295. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 295 of the Complaint.

296. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 296 of the Complaint.

297. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 297 of the Complaint.

298. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 298 of the Complaint.

299. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 299 of the Complaint.

300. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 300 of the Complaint.

301. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 301 of the Complaint.

302. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 302 of the Complaint.

303. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 303 of the Complaint.

304. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 304 of the Complaint.

305. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 305 of the Complaint.

306. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 306 of the Complaint.

307. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 307 of the Complaint.

308. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 308 of the Complaint.

**O.    Jamie Holland**

309. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 309 of the Complaint.

310. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 310 of the Complaint.

311. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 311 of the Complaint.

312. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 312 of the Complaint.

313. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 313 of the Complaint.

314. Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 314 of the Complaint.

495.    Denies the allegations contained in paragraph 495 of the Complaint.

496.    Admits that Mr. Ebeling is head of the Novartis Group Pharmaceuticals Division, member of the Novartis Group Executive Committee and member of NPC's Board of Directors but denies the remaining allegations of paragraph 496 of the Complaint.

497.    Denies the allegations contained in paragraph 497 of the Complaint.

498.    Denies the allegations contained in paragraph 498 of the Complaint.

## COUNT XVII
## VIOLATIONS OF N.Y. EXEC. LAW § 296, SUBDIVISION 6

### RETALIATION
(Aiding and Abetting Liability Against Thomas Ebeling)

499.    Reasserts and incorporates by reference each and every response to Plaintiffs' allegations contained in each and every aforementioned paragraph as though fully set forth herein.

500.    Denies the allegations contained in paragraph 500 of the Complaint.

501.    Admits that Mr. Ebeling is head of the Novartis Group Pharmaceuticals Division, member of the Novartis Group Executive Committee and member of NPC's Board of Directors but denies the remaining allegations of paragraph 501 of the Complaint.

502.    Denies the allegations contained in paragraph 502 of the Complaint.

503.    Denies the allegations contained in paragraph 503 of the Complaint.

504.    Denies the allegations contained in paragraph 504 of the Complaint.

## AFFIRMATIVE DEFENSES

### General Defenses

1.    No Plaintiff may recover for any acts occurring more than 300 days prior to the day she filed her EEOC charge.

2. Plaintiffs' claims are barred to the extent Plaintiffs have failed to exhaust the administrative prerequisites for filing suit under Title VII.

3. Plaintiffs' claims are barred to the extent they are not like or reasonably related to the underlying EEOC Charges.

4. Plaintiff Amy Velez is barred from recovery because her EEOC Charge was dismissed as untimely.

5. Those Plaintiffs who are no longer employed by NPC have failed to mitigate their damages.

6. The claims of any Plaintiff are barred to the extent any such individual has executed or, in the future executes, a release of employment-related claims.

7. NPC exercised reasonable care to prevent and promptly correct alleged harassing behavior and Plaintiffs' claims are barred to the extent they unreasonably failed to take advantage of NPC's preventive and corrective opportunities, including but not limited to internal complaint procedures, or avoid harm otherwise.

8. Plaintiffs are not entitled to punitive damages in that NPC has acted at all times with good faith efforts to comply with all laws prohibiting discrimination.

9. Novartis Corporation is not a proper Defendant because it did not employ any of the Plaintiffs or putative class members, and was otherwise not responsible for the employment actions or practices of which Plaintiffs complain.

10. Plaintiffs' and putative class members' claims are barred to the extent NPC would have taken the same action giving rise to the claims even if it had not taken their gender and/or pregnancy or maternity or disability leave into account in taking action.

11. The venue of this action should be transferred to the District of New Jersey.

12. Ashley Narmour and Sue Earl are not proper plaintiffs because they were not employees of Novartis Pharmaceuticals Corporation or Novartis Corporation

13. Plaintiffs' claims are barred in whole or in part by applicable statutes of limitation.

14. The New York Executive Law does not apply to one ore more of the Plaintiffs and/or putative Class Members.

15. One or more Plaintiffs lack standing to bring and may not represent putative class members, in whole or in part, with respect to the asserted class claims.

Dated:   March 31, 2006

By: /s/ Vincent R. FitzPatrick

Vincent R. FitzPatrick, Jr. (VF-1636)
Heather K. McDevitt (HM-9973)
Jack E. Pace III (JP-8688)
White & Case LLP
1155 Avenue of the Americas
New York, New York 10036
Telephone: (212) 819-8200
Facsimile: (212) 354-8113

Attorneys for Defendant Novartis Corporation

## CERTIFICATE OF SERVICE

The undersigned counsel for Novartis Corporation hereby certifies that on the 31st day of March 2006, a true copy of Defendant Novartis Corporation's Answer to Plaintiffs' Fourth Amended Complaint was sent electronically to:

David W. Sanford
Lisa Goldblatt
Sanford, Wittels & Heisler, LLP
2121 K Street, N.W.
Suite 700
Washington, D.C. 20037
dsanford@nydclaw.com

Richard H. Schnadig
Jonathan A. Wexler
Vedder, Price, Kaufman & Kammholz, P.C.
805 Third Avenue - 23rd Floor
New York, New York 10022
jwexler@vedderprice.com

By: /s/ Alison R. Kirshner

Dated: March 31, 2006