# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------

SUE EARL,

         Plaintiff,

v.

NOVARTIS CONSUMER HEALTH,
INC.

         Defendant.

------------------------------------------------------

Hon. Richard J. Holwell, U.S.D.J.
Civil No.: 07 CIV 9595 (RJH)

**ANSWER AND SEPARATE
DEFENSES**

**_Document Electronically Filed_**

Defendant Novartis Consumer Health, Inc. ("Consumer Health"), by and through its attorneys Ogletree, Deakins, Nash, Smoak & Stewart, P.C., by way of answer to the Complaint of Sue Earl states as follows:

1.     It denies the allegations contained in paragraph 1 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

2.     It denies the allegations contained in paragraph 2 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

3.     It denies the allegations contained in paragraph 3 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

4.     It denies the allegations contained in paragraph 4 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

5.     It denies the allegations contained in paragraph 5 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

6.     It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, except to deny that

plaintiff ever filed a charge of discrimination with the EEOC against Novartis Consumer Health, Inc. and denies that plaintiff ever received a Right to Sue letter as to Consumer Health.

7.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7, and leaves plaintiff to her proofs, except to deny that plaintiff was in the process of perfecting a notice of Right to Sue against Consumer Health.

8.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8, and leaves plaintiff to her proofs.

9.    It responds that the allegations contained in paragraph 9 amount to conclusions of law which it is not required to answer. To the extent that an answer is deemed to be required, it denies that any statute of limitations was tolled as to Consumer Health.

10.    It is without knowledge or information sufficient to form belief as to the truth of the allegations contained in paragraph 10 of the Complaint and leaves plaintiff to her proofs, and specifically denies that any statute of limitations was tolled as to Consumer Health.

11.    It responds that the allegations contained in paragraph 11 amount to conclusions of law which it is not required to answer. To the extent that an answer is deemed to be required, it denies the allegations contained in paragraph 11 of the Complaint.

12.    It responds that the allegations contained in paragraph 12 amount to conclusions of law to which it is not required to respond. To the extent that an answer is

deemed to be required, it denies the allegations contained in paragraph 12 of the Complaint.

13.    It responds that the allegations contained in paragraph 13 amount to conclusions of law which it is not required to answer. To the extent that an answer is deemed to be required, defendant denies that it ever employed Ms. Earl or engaged in any employment practices in violation of Title VII.

14.    It denies the allegations contained in paragraph 14 of the Compliant.

15.    It responds that the allegations contained in paragraph 15 amount to conclusions of law which it is not required to answer. To the extent that an answer is deemed to be required, it denies that it employed plaintiff at any time or in any capacity at any time or at any location.

16.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint, except to deny that plaintiff ever was employed by Consumer Health.

17.    It denies the allegations contained in paragraph 17 of the Complaint, except to admit that Novartis Consumer Health, Inc. is a Delaware corporation having its principal place of business in Parsippany, New Jersey and that its business includes the development, manufacture and marketing of over-the-counter pharmaceuticals.

18.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except to deny that plaintiff ever was employed by Consumer Health.

19.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, and leaves plaintiff to her proofs except to deny that plaintiff ever was employed by Consumer Health.

20.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, and leaves plaintiff to her proofs, except to deny that plaintiff ever was employed by Consumer Health, that Consumer Health ever discharged, constructively or otherwise, plaintiff, or that plaintiff filed an EEOC charge against Consumer Health at any time.

21.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity and to deny that Consumer Health ever employed an individual named Ken Notaro, or that Consumer Health created an Acute Care position.

22.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

23.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

24.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

25.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

26.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

27.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

28.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

29.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

30.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

31.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

32.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

33.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

34.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

35.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

36.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

37.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

38.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

39.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

40.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

41.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

42.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

43.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

44.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employed plaintiff at any time or in any capacity.

45.    It is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint, and leaves plaintiff to her proofs, except to deny that it employer plaintiff at any time or in any capacity.

## COUNT I

46.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

47.    It denies the allegations contained in paragraph 47 of the Complaint and specifically denies that it employed plaintiff at any time in any capacity.

48.    It denies the allegations contained in paragraph 48 of the Complaint and specifically denies that it employed plaintiff at any time in any capacity.

49.    It denies the allegations contained in paragraph 49 of the Complaint and specifically denies that it employed plaintiff at any time in any capacity.

50.    It denies the allegations contained in paragraph 50 of the Complaint and specifically denies that it employed plaintiff at any time in any capacity.

51.    It denies the allegations contained in paragraph 51 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity in any capacity.

52.    It denies the allegations contained in paragraph 52 of the Complaint and specifically denies that it employed plaintiff at any time in any capacity.

## COUNT II

53.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

54.    It denies the allegations contained in paragraph 54 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

8

55.    It denies the allegations contained in paragraph 55 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

56.    It denies the allegations contained in paragraph 56 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

57.    It denies the allegations contained in paragraph 57 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

58.    It denies the allegations contained in paragraph 58 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

59.    It denies the allegations contained in paragraph 59 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

**COUNT III**

60.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

61.    It denies the allegations contained in paragraph 61 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

62.    It denies the allegations contained in paragraph 62 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

63.    It denies the allegations contained in paragraph 63 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

64.    It denies the allegations contained in paragraph 64 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

65.    It denies the allegations contained in paragraph 65 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

66.    It denies the allegations contained in paragraph 66 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

## COUNT IV

67.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

68.    It denies the allegations contained in paragraph 68 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

69.    It denies the allegations contained in paragraph 69 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

70.    It denies the allegations contained in paragraph 70 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

71.    It denies the allegations contained in paragraph 71 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

72.    It denies the allegations contained in paragraph 72 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

## COUNT V

73.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

74.    It denies the allegations contained in paragraph 74 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

75.    It denies the allegations contained in paragraph 75 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

76.     It denies the allegations contained in paragraph 76 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

77.     It denies the allegations contained in paragraph 77 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

## COUNT VI

78.     It repeats and reasserts each and every answer previously given as if set forth fully herein.

79.     It denies the allegations contained in paragraph 79 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

80.     It denies the allegations contained in paragraph 80 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

81.     It denies the allegations contained in paragraph 81 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

82.     It denies the allegations contained in paragraph 82 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

## COUNT VII

83.     It repeats and reasserts each and every answer previously given as if set forth fully herein.

84.     It denies the allegations contained in paragraph 84 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

85.     It denies the allegations contained in paragraph 85 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

86.    It denies the allegations contained in paragraph 86 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

## COUNT VIII

87.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

88.    It denies the allegations contained in paragraph 88 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

89.    It denies the allegations contained in paragraph 89 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

90.    It denies the allegations contained in paragraph 90 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

91.    It denies the allegations contained in paragraph 91 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

92.    It denies the allegations contained in paragraph 92 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

93.    It denies the allegations contained in paragraph 93 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

## COUNT IX

94.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

95.    It denies the allegations contained in paragraph 95 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

96.    It denies the allegations contained in paragraph 96 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

97.    It denies the allegations contained in paragraph 97 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

98.    It denies the allegations contained in paragraph 98 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

99.    It denies the allegations contained in paragraph 99 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

100.    It denies the allegations contained in paragraph 100 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

101.    It denies the allegations contained in paragraph 101 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

102.    It denies the allegations contained in paragraph 102 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

### COUNT X

103.    It repeats and reasserts each and every answer previously given as if set forth fully herein.

104.    It denies the allegations contained in paragraph 104 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

105.    It denies the allegations contained in paragraph 105 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

106.    It denies the allegations contained in paragraph 106 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

107.    It denies the allegations contained in paragraph 107 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

108.    It denies the allegations contained in paragraph 108 of the Complaint and specifically denies that it employed plaintiff at any time or in any capacity.

### FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part, by the applicable statutes of limitations.

### THIRD SEPARATE DEFENSE

Plaintiff has failed to comply with administrative prerequisites under state and federal law.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred in whole or in part, by the exclusive remedy provision of the applicable workers' compensation law.

### FIFTH SEPARATE DEFNESE

Plaintiff's claims are barred by the doctrine of laches.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate damages.

### EIGHTH SEPARATE DEFENSE

Consumer Health maintains an effective anti-discrimination and harassment policy and program and plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided or otherwise to avoid harm.

### NINTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages is barred because Consumer Health acted at all times in good faith to comply with all applicable anti-discrimination laws.

### TENTH SEPARATE DEFENSE

Consumer Health reserves the right to later amend this pleading by asserting additional defenses or otherwise supplementing this pleading based upon the discovery of more definite or additional facts relative thereto.

WHEREFORE, defendant Novartis Consumer Health, Inc. demands that plaintiff's Complaint be dismissed in its entirety and with prejudice, and that the Court award to Novartis Consumer Health, Inc. costs, attorneys fees, interests, and such other and further relief as the Court deems equitable and just.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: _Allyson M. Smith_

Allyson M. Smith
Peter O. Hughes
521 Fifth Avenue, Suite 1700
New York, New York 10175
Tel: (212) 292-4314

15

allyson.smith@odnss.com
peter.hughes@odnss.com
Attorneys for Defendant

16

## CERTIFICATION OF SERVICE

I hereby certify that on February 25, 2008, I caused a copy of the foregoing Answer and Separate Defenses to be filed electronically with the Clerk of the Court in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules and/or the Southern District's Rules on Electronic Service.

The above listed documents are available for viewing and downloading form the ECF.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By:_____
    Allyson M. Smith

5347348.1 (OGLETREE)

17