**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SUE EARL,

        **Plaintiff,**

v.

                                        Judge Richard M. Berman

                                        2007 Civ. 09595(RJH)

NOVARTIS CONSUMER HEALTH,
INC,

        **Defendant.**

**<u>OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

I.    INTRODUCTION…………………………………………………………………...1

II.   FACTUAL AND PROCEDURAL HISTORY…………………………………………...2

III.  STANDARD OF REVIEW…………………………………………………………8

IV.   ARGUMENT……………………………………………………………………...9

    A.    PLAINTIFF'S AMENDMENT TO ADD NOVARTIS NUTRITION
          CORPORATION RELATES BACK TO THE DATE OF HER ORIGINAL
          COMPLAINT AGAINST NOVARTIS CORPORATION………………………9

          1.    Plaintiff is Entitled to Leave to Amend to Add Novartis Nutrition
                Corporation as a Defendant…………...……………………………………..9

          2.    Plaintiff's Proposed Amendment Relates Back to Her Original
                Complaint………………………………………………………………...10

    B.    PERMITTING RELATION BACK OF PLAINTIFF'S AMENDED
          COMPLAINT IS WHOLLY CONSISTENT WITH THE SECOND CIRCUIT'S
          APPROACH TO EQUITABLE TOLLING IN EMPLOYMENT
          DISCRIMINATION MATTERS………………………………………………...13

    C.    THE STATUTE OF LIMITATIONS ON PLAINTIFF'S EMPLOYMENT
          DISCRIMINATION CLAIMS CONTINUED TO TOLL THROUGH JULY 31,
          2007, BECAUSE SHE WAS A MEMBER OF THE PUTATIVE CLASS IN THE
          VELEZ MATTER THROUGH THAT DATE………………………………..15

    D.    PLAINTIFF'S ERRORS IN IDENTIFYING THE PROPER DEFENDANT
          FOR PURPOSES OF HER EEOC CHARGE DOES NOT PRECLUDE HER
          FROM BRINGING HER CLAIMS IN COURT………………………………...17

    E.    THIS COURT CONTINUES TO EXERCISE JURISDICTION OVER
          PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO 28 U.S.C. §
          1367……………………………………………………………………...........18

V.    CONCLUSION…………………………………………………………………..19

## I.     INTRODUCTION

In this action, Plaintiff Sue Earl seeks to recover damages for, *inter alia*, gender discrimination, sexual harassment, pregnancy discrimination and retaliation she suffered at the hands of Defendant.  Rather than defend on the merits, Defendant now moves for summary judgment based on what amount to technicalities and erroneous arguments despite the ample evidence that summary judgment is not appropriate here.  For instance, Defendant attempts to escape liability for its discriminatory acts by, *inter alia*, denying that it ever employed Plaintiff. Defendant also ignores the law regarding both tolling and relation back, arguing that Plaintiff's claims are barred by the statute of limitations.

Although Plaintiff has produced benefit statements, training manuals, and other work-related documents identifying her employer as "Novartis Consumer Health," Novartis Consumer Health, Inc. now denies that it ever employed her. Instead, Novartis Consumer Health, Inc. insists that Novartis Nutrition Corporation was Plaintiff's actual employer, and has moved for summary judgment. However, even assuming that Defendant Consumer Health, Inc. is correct in this contention, Plaintiff has addressed this issue by requesting leave to amend her Complaint to name Nestle Healthcare Nutrition, Inc. – the successor to Novartis Nutrition Corporation – as a defendant.[1] That motion is now pending before this Court.

As Plaintiff will demonstrate, her motion for leave to amend should be granted and Defendant's Motion for Summary Judgment should be denied. Plaintiff's complaints against her employer are not time-barred because she was a putative class number in *Velez v. Novartis Pharmaceuticals Corp., et al.*, Docket No. 04 Civ., S.D.N.Y. ("*Velez* matter") – in which

---

[1] For ease of reference, this memorandum will refer to Nestle Healthcare Nutrition, Inc. as Novartis Nutrition Corporation, which was the name of the company when Plaintiff worked for it.

Novartis Corporation was named as a defendant – until the class was certified on July 31, 2007. Because of the close parent-subsidiary relationship between Novartis Corporation and Novartis Nutrition Corporation, Plaintiff is entitled to tolling during the pendency of the *Velez* matter.

Nor does Plaintiff's designation of Novartis Corporation and Novartis Pharmaceuticals Corporation as her employer in her initial EEOC Charge preclude her from bringing suit against Novartis Nutrition Corporation. This action is permissible because of the "identity of interest" among the various entities within Novartis Corporation. Finally, Plaintiff's addition of Novartis Nutrition Corporation as a defendant in the instant case relates back to the date of her Complaint against Novartis Consumer Health, Inc. For all of these reasons, Plaintiff's request for leave to amend her Complaint should be granted, and Defendant's Motion for Summary Judgment should be denied.

## II.    FACTUAL AND PROCEDURAL HISTORY

The Novartis Corporation is a multi-national corporation consisting of numerous business, including both Novartis Consumer Health, Inc. and Novartis Nutrition Corporation. *See Novartis Computer-Generated Corporate Chart, attached hereto as Ex. A.* Novartis Consumer Health, Inc. and Novartis Nutrition Corporation are both part of a division within Novartis Corporation that Novartis employees refer to as "Consumer Health" or "Novartis Consumer Health." *See Ex. A.* Novartis Consumer Health division, Novartis Consumer Health, Inc. and Novartis Nutrition Corporation are also subsidiaries of Novartis Finance Corporation. *Id.*

Plaintiff was employed by Novartis Nutrition Corporation and its predecessor, Sandoz Nutrition Corporation, from July 1991 until her resignation in March 2005. *See Earl Declaration ¶ 4.* On May 24, 2005 – understanding Consumer Health to be her employer, and recognizing that Novartis Corporation is a parent of Novartis Consumer Health -- Plaintiff filed an EEOC

2

Charge of Discrimination against Novartis Corporation and Novartis Pharmaceuticals Corporation. *See Plaintiff's Charge of Discrimination, attached to Defendant's Memorandum as Ex. C.*

On or about June 2, 2005, while Plaintiff's Charge against Novartis Corporation and Novartis Pharmaceuticals Corporation was pending, Plaintiff joined the *Velez* matter,[2] in which twenty-two class representatives alleged class-wide claims of gender discrimination against Novartis Pharmaceuticals Corporation, Novartis Corporation and an individual defendant, Thomas Ebeling. *See* Velez *matter, Docket No. 04 Civ., S.D.N.Y., Second Amended Complaint, attached to Defendant's Memorandum as Ex. H.* The *Velez* plaintiffs' Second Amended Complaint named Plaintiff as a class representative. *See Defendant's Ex. H, ¶ 1.*

On or about June 24, 2005, the EEOC issued a right-to-sue letter to Plaintiff. *See Plaintiff's right-to-sue letter, attached to this Memorandum as Exhibit C.* Between July 25, 2005 and March 31, 2006, plaintiffs in the Velez matter filed two more Amended Complaints, and received answers to these Complaints from both corporate defendants, Novartis Corporation and Novartis Pharmaceuticals Corporation. Due in no small measure to Novartis Corporation's inscrutable corporate structure, a major issue of disputed fact as the pleadings unfolded was whether Novartis Corporation had, in fact, employed the class representatives in the matter. Novartis Corporation maintained that it had not.

On January 16, 2007, plaintiffs in the *Velez* matter filed a Notice of Motion for Class Certification. *See Velez Plaintiffs' Memorandum in Support of Motion for Class Certification, attached to Defendant's Memorandum as Ex. D.* The plaintiffs' Memorandum of Law in

---

[2] Plaintiff maintains that even if she had not joined the *Velez* matter as a class representative, the statute of limitations would still have tolled on her claims, since she was a putative class member in the action.

Support of the Motion for Class Certification indicated that Sue Earl was no longer acting as a class representative in the matter. The Memorandum also referenced Sue Earl's intention to bring an individual action against Novartis in the matter. *See Defendant's Ex. D, p. 3, note 1.*

The *Velez* Plaintiffs' Memorandum of Law highlighted the centralized structure of the various Novartis entities and defined the putative class, in pertinent part, as "All women who … have held … a sales-related job position with [Novartis Corporation or Novartis Pharmaceuticals Corporation] during the time period July 15, 2002 through the present, including those who have held positions as Sales Representatives." *See Defendant's Ex. D, p. v.* Furthermore, the Memorandum contended that the discriminatory practices alleged by the class members issued from the central headquarters of Novartis Corporation. *See Defendant's Ex. D, p. 4-7.* As an Acute Care Sales Representative within the Novartis Consumer Health division, Plaintiff Sue Earl was clearly a member of the putative class as it was defined in the January 16, 2007 Memorandum of Law.

On July 31, 2007, the Honorable Gerard E. Lynch, United States District Judge, issued an opinion and order certifying the class action, with seventeen of the nineteen *Velez* Plaintiffs as class representatives, and affirming that Sue Earl and one other class representative had chosen to sue in their individual capacities. *See Class Certification Decision in Velez v. Novartis, attached to Defendant's Memorandum as Exhibit M.*

Judge Lynch's July 31, 2007 decision also granted Novartis Corporation's motion for summary judgment, which operated to dismiss Novartis Corporation as a defendant in the case. See *Defendant's Ex. M.* The certified class included only those plaintiffs whom Novartis Pharmaceuticals Corporation admitted it had employed. Because Sue Earl was not in this category, her affiliation with the plaintiff class was terminated at that point.

On October 26, 2007, Sue Earl timely filed her Complaint in the case at bar against Novartis Consumer Health, Inc., a subcorporation of Novartis Corporation. *See Plaintiff's Complaint, attached to Defendant's Memorandum as Exhibit A.* On February 25, 2008, Defendant Novartis Consumer Health, Inc. filed its Answer denying that it had ever employed Plaintiff. *See Defendant Consumer Health, Inc.'s Answer to Plaintiff's Complaint, attached to Defendant's Memorandum as Exhibit N, ¶ 3.* On April 2, 2008, Plaintiff filed a Motion for Leave to File an Amended Complaint to add Nestle Healthcare Nutrition, Inc. (formerly known as Novartis Nutrition Corporation) as a defendant. *See Plaintiff's Motion for Leave to Amend Complaint, attached to Defendant's Memorandum as Exhibit O.*

The deposition of Wayne Merkelson, General Counsel of Novartis Finance Corporation, which took place on September 27, 2005, discussed in detail the complex corporate structure of Novartis Corporation and its subsidiaries. *See relevant portions of Wayne Merkelson Dep., Sep. 27, 2005, attached hereto as Exhibit D.* At the time of those depositions, the four companies within the Novartis Consumer Health division were titled Novartis Nutrition Corporation, Ciba Vision Corporation, Novartis Animal Health, and Consumer Health, Inc. *See Ex. D.* Subsequently, in July 2007, Nestle acquired Novartis Nutrition Corporation and integrated it into Nestle Healthcare Nutrition, Inc. However, Novartis' website still refers collectively to the remaining three companies as "Novartis Consumer Health Division." *See Novartis Consumer Health Division Website, attached hereto as Exhibit B.*

Not only does the phrase "Novartis Consumer Health" thus admit of two wholly separate meanings, but to exacerbate the confusion, many of Novartis Nutrition Corporation's personnel operations are administered through Novartis Consumer Health. For example, employees of Novartis Nutrition Corporation are eligible for the "Novartis Consumer Health, Inc. Investment

Plan," as well as retirement benefits and employee incentive plans overseen by Novartis Consumer Health. *See Novartis Consumer Health "Investment Savings Plan," attached to this Memorandum as Exhibit E.* The booklet detailing these benefits refers to Novartis Nutrition Corporation employees as persons "actively employed by Consumer Health," and notifies employees that the amounts of such benefits are "within Consumer Health budget attainment and pool-funding guidelines." *Ex. E, p. 21; Incentive Plan Statement, attached to this Memorandum as Exhibit F, p. 4.* In addition, the domain for Plaintiff's work e-mail address was "CH/ Novartis@PH" where "CH" presumably stood for "Consumer Health." *E-mail from Ken Notaro to Plaintiff and Co-workers, attached to this Memorandum as Exhibit G.*

Plaintiff's personal employment records further reflect the considerable overlap of identity between Novartis Consumer Health and Novartis Nutrition Corporation. Throughout the course of her employment at Novartis Nutrition Corporation, Plaintiff received a number of documents indicating that she was employed by Novartis Consumer Health. These documents included, but were not limited to: a 2003 Benefit Statement which read "NOVARTIS CONSUMER HEALTH" at the top center; a 2004 financial Individual Summary Report which also issued from Novartis Consumer Health; and a 1999 Employee Motivation and Satisfaction Survey that repeatedly referenced "Medical Nutrition employees" within "Novartis Consumer Health Worldwide." The designation "Novartis Nutrition Corporation" did not appear anywhere on these documents. *Employee Benefit Statement, attached hereto as Exhibit H; Individual Summary Report, attached hereto as Exhibit I; Employee Motivation and Satisfaction Survey, attached hereto as Exhibit J.*

A similar overlap of operations exists between Novartis Corporation and Novartis Nutrition Corporation. Executives throughout the Novartis corporate structure have testified that

Novartis Nutrition Corporation and Novartis Corporation have the same audit team; that they maintain consolidated employee databases; that Novartis Corporation executives "administer . . . plans" for Novartis Nutrition Corporation; and that employees of Novartis Corporation subsidiaries have a "first crack" at job openings available within other subsidiaries. *Ex. D, p. 116, nos. 7-14; James Robinson Dep., Nov. 4, 1005, attached hereto as Exhibit K, p. 255 nos. 16-25, and p. 280 nos. 16-23.*

In addition, the precise relationships among Novartis Nutrition Corporation, Novartis Finance Corporation, Novartis Consumer Health division, and Novartis Consumer Health, Inc. are so convoluted as to confuse these same companies' top executives. Two separate organizational charts produced in the course of discovery in the *Velez* matter, one hand-drawn by Mr. Merkelson, and the other produced by Novartis personnel on a computer prior to Mr. Merkelson's deposition, represent the corporate relationships entirely differently. Wayne Merkelson's hand-drawn chart does not include the Consumer Health/Pharmaceuticals divisional distinctions that play a prominent role in the computerized organizational chart. *Merkelson Corporate Chart, attached hereto as Exhibit L.* Additionally, in Mr. Merkelson's hand-drawn chart, Sandoz, Inc. appears to be a subsidiary of Consumer Health, Inc., whereas in the computer-generated Novartis chart, Sandoz, Inc. is a division of Novartis Pharmaceuticals Corporation and is completely removed from both Novartis Consumer Health, Inc. and the Novartis Consumer Health division. *Ex. A; Ex. L.*

Not surprisingly, then, the confusion surrounding employer identity is not limited to lower- or mid-level employees. Indeed, James Robinson, the Vice President of Human Resources at Novartis Services, could not remember with certainty whether he was also a vice president at Novartis Finance. *Ex. K, p. 96, no. 24.* The confusion regarding the relationship

among Novartis entities, together with the operational overlap among these entities, accounts for Plaintiff's difficulty in identifying the proper defendant against whom to bring her Title VII discrimination claims.

## III.    STANDARD OF REVIEW

Summary judgment is only proper when the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits or declarations, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c).  A fact is considered "material" if it might affect the outcome of the action under the governing law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

Once the movant meets this initial burden, the nonmoving party must "go beyond the pleadings and by [its] own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Celotex, 477 U.S. at 324 (internal quotations omitted).  The Court must construe all facts and inferences in a light most favorable to the party opposing the motion.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002).  Indeed, in determining summary judgment in discrimination cases, court must be "extra-careful to view all evidence in the light most favorable to plaintiff."  Phuong v. Nat'l Academy of Sciences, 901 F. Supp. 12, 14 (D.D.C. 1995).  Assessing the facts in a light most favorable to Plaintiff, Defendant's Motion for Summary Judgment must be denied.

## IV.    ARGUMENT

### A.    PLAINTIFF'S AMENDMENT TO ADD NOVARTIS NUTRITION CORPORATION RELATES BACK TO THE DATE OF HER ORIGINAL COMPLAINT AGAINST NOVARTIS CORPORATION.

#### 1.    Plaintiff is Entitled to Leave to Amend to Add Novartis Nutrition Corporation as a Defendant.

Defendant concedes that Plaintiff's filing of a class action against her employer would generally toll her individual claims, see Defendant's MSJ (citing American Pipe Constr. Co. v. Utah, 414 U.S. 538, 554 (1971)), but maintains that tolling does not apply to Plaintiff because the *Velez* matter only named Novartis Corporation and Novartis Pharmceuticals Corporation as defendants. As the above factual background demonstrates, however, considerable confusion exists even among Novartis Corporation's top executives regarding the relationship among Novartis Consumer Health, Inc., Novartis Nutrition Corporation, and Novartis Consumer Health Division. This lack of clarity caused Plaintiff to file her initial EEOC charge against Novartis Corporation, the parent of Novartis Nutrition Corporation; and then to file her individual Complaint against Novartis Consumer Health, Inc. after Novartis Corporation had been excluded as a defendant. Plaintiff now requests leave to amend to add Novartis Nutrition Corporation as a defendant.

Pursuant to Fed. R. Civ. Proc. 15(a), Plaintiff is entitled to leave to amend her complaint, to add Novartis Nutrition Corporation as a defendant. Rule 15(a) requires that this Court "freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a). The Second Circuit has braodly construed this Rule, finding that "the usual practice is to grant leave to amend . . . [and] refusal to grant leave must be based on a valid ground." Ronzani v. Sanofi S.A., 899 F.2d 196, 198 (2d Cir. 1990); see also Oliver Schools, Inc. v. Foley, 930 F.2d 248, 253 (2d Cir. 1991) (affirming a liberal standard for leave to amend). Given the justifiable confusion Plaintiff experienced

regarding her employer's identity, the robust notice Plaintiff has given the various Novartis entities of her Title VII discrimination claims, the inability of Novartis top executives to understand or articulate their own corporate structure, and the absence of any change in the factual or legal arguments on which Plaintiff's claims are based, it is clear that Plaintiff meets this liberal standard for granting leave to amend.

### 2.    Plaintiff's Proposed Amendment Relates Back to Her Original Complaint.

Furthermore, Plaintiff's amended Complaint will not fall outside of the statute of limitations. Under Fed. R. Civ. Proc. 15(c), Plaintiff's proposed amendment of her Complaint to name Novartis Nutrition Corporation as a defendant relates back to June 6, 2005, the date that she joined the *Velez* matter as a class representative, thus putting Novartis Corporation on notice of the claims against her employer. Accordingly, the statute of limitations on her claim against Novartis Nutrition Corporation was tolled during the pendency of the class action against Novartis Corporation. Similarly, her October 26, 2007 Complaint against Novartis Consumer Health, Inc. gave Novartis Nutrition Corporation additional imputed notice of the claims against it. For these reasons, Plaintiff's amendment of her complaint to name Novartis Nutrition Corporation as a defendant relates back to the date of her original complaint against Novartis Corporation and Novartis Pharmaceuticals Corporation. See Fed. R. Civ. Proc. 15(c).

The Supreme Court has paraphrased the requirements of rule 15(c) to develop a four-part test for determining whether relation back is applicable:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading;    (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

Schiavone v. Fortune, 477 U.S. 21, 29 (1986); see also Aslandis v. United States Lines, Inc., 7 F.3d 1067 (2d Cir. 1993) (affirming the Schiavone standard and guaranteeing automatic relation back where party to be added had notice of the claim within 120 days of the filing.) Plaintiff's May 2005 EEOC Charge, her association with the Velez matter, her initial Complaint against Consumer Health, Inc., and her proposed amended Complaint against Novartis Nutrition Corporation have all been based upon the same set of facts and the same legal arguments. Thus, there can be no dispute that the first of these four requirements is satisfied.

It is also beyond dispute that Plaintiff's initial EEOC Charge and her association with the *Velez* matter – both of which operated to give the various Novartis entities notice of her claims – occurred within the limitations period. With respect to the second and third portions of the test, there is a sufficient "identity of interest" between Novartis Corporation, Novartis Consumer Health, and Novartis Nutrition Corporation to impute notice of Plaintiff's initial Complaints to Novartis Nutrition Corporation.

The Second Circuit has recognized the "identity of interest" mechanism of relation back in circumstances where the businesses in question "have organized or conducted their activities in a manner that strongly suggest a close linkage." In re Allbrand Appliance & Television Co., 875 F.2d 1021, 1025 (2d Cir. 1989); see also Kirk v. Cronvich, 629 F.2d 404, 408 n. 4 (5th Cir. 1980) (recognizing identity of interest for parties "closely related in their business operations"); Hernandez Jiminez v. Calero Toledo, 604 F.2d 99, 102-03 (1st Cir. 1979) (finding that identity of interest applies "where the original and added parties are substantially identical and … have similar names or share office space"); In re Enron Corp. Securities, Derivative and "ERISA" Litigation, 310 F.Supp.2d 819, 851 (S.D. Tex. 2004) (finding identity of interest "between

related corporations whose officers, directors, or shareholders are substantially identical and who may have similar names").

As discussed in the Factual and Procedural History, *supra*, Novartis Corporation and Novartis Nutrition Corporation had combined policies with respect to such central issues as finance auditing, personnel hiring and retention, company calendar maintenance, and general administration of plans. *See Ex. B; Ex. K.* Because of the "close linkage" and comcomitant "identity of interest" between Novartis Corporation and Novartis Nutrition Corporation, notice of the occurrences referenced in the *Velez* matter is imputed to Novartis Nutrition Corporation even though only Novartis Corporation was named as a defendant.

A similar situation exists regarding the connection between Novartis Nutrition Corporation and Novartis Consumer Health. As discussed *supra*, "Consumer Health" oversaw Novartis Nutrition Corporation's policies concerning retirement savings and incentive plans, formed the domain for Novartis Nutrition Corporation employees' e-mail addresses, and appeared on official documents directed to employees of Novartis Nutrition Corporation. In light of this extensive coordination and overlap of personnel policies, the "identity of interest" argument also applies to the relationship between Novartis Consumer Health and Novartis Nutrition Corporation.

The reasonableness of Plaintiff's confusion with respect to the Novartis corporate structure further bolsters her argument for relation back. Although the court in Schiavone found that the plaintiff could not relate back his complaint when he had sued a subsidiary company rather than its parent, its analysis emphasized that the defendant's corporate relationships were easily discoverable: specifically, the court noted that "[t]his was not a case where the ascertainment of the defendant's identity was difficult for the plaintiffs." Schiavone, 477 U.S. at

28; accord Korn v. Royal Caribbean Cruise Lines, Inc., 724 F.2d 1397 (9th Cir. 1984) (finding that plaintiff was entitled to relate back his tort claim against defendant cruise line where similarity of names made defendant's identity difficult to discern).  By contrast, given the conflicts in Plaintiff's employment-related documents as to the identity of her employer, the perplexing dual meanings of "Novartis Consumer Health," and the manifest inability of Novartis' top executives to describe the corporation's structure, it is clear that such ascertainment was exceedingly difficult for Plaintiff. Thus, Plaintiff's claims were tolled during the pendency of the action against Novartis Corporation, and her omission of Novartis Nutrition Corporation from her initial Complaint does not operate to extinguish her Title VII discrimination claims.

### B. PERMITTING RELATION BACK OF PLAINTIFF'S AMENDED COMPLAINT IS WHOLLY CONSISTENT WITH THE SECOND CIRCUIT'S APPROACH TO EQUITABLE TOLLING IN EMPLOYMENT DISCRIMINATION MATTERS.

The argument for relation back-- and, relatedly, for tolling of the statute of limitations throughout the *Velez* matter's pendency -- is particularly compelling when viewed alongside the Second Circuit's consistently liberal approach to tolling in employment discrimination cases, and its view that "In those matters near the border of dismissal for one or another deficiency . . . courts must be careful, especially in civil rights cases, not to dismiss a case too hastily on procedural grounds." Minette v. Time Warner, 997 F.2d 1023, 1025 (2d Cir. 1993); see also Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991) ((quoting Eglestone v. State Univ. College at Genesco, 535 F.2d 752 (2d Cir. 1976)) (endorsing a "flexible stance in interpreting Title VII's procedural provisions . . . so as not to frustrate Title VII's remedial goals"). In accordance with the Supreme Court's finding that "the basic inquiry [in a statute of limitations dispute] is whether congressional purpose is effectuated by tolling the statute of limitations in given circumstances," Burnett v. New York Central R.R. Co., 380 U.S. 424, 427 (1965), the Second Circuit is

compelled to allow for procedural flexibility as necessary to effectuate the purpose of Title VII and other federal employment legislation.

The Second Circuit has been particularly mindful of this need for flexibility in cases where the defendant's own behavior is to blame for delays in the litigation. See Dillon v. Combustion Engineering, Inc., 784 F.2d 57, 60 (2d Cir. 1986) (statute of limitations tolled for ADEA claim "when an employer's misleading conduct is responsible for the employee's unawareness of his cause of action"); Cerbone v. Int'l Ladies' Garment Workers' Union, 768 F.2d 45, 50 (2d Cir. 1985) (equitable tolling is necessary to serve the ends of justice "where the defendant … in some way lulled the plaintiff into believing that it was not necessary for him to commence litigation"); cf. Smith v. Henderson, 137 F.Supp.2d 313, 317 (E.D.N.Y. 2001) (finding that the "ninety-day rule imposed by Title VII is not a jurisdictional requirement" and may be equitably tolled as justice requires).

Even assuming that Novartis Corporation did not actively deceive Plaintiff as to the identity of the proper defendant, its failure to make clear its own corporate structure constitutes a serious impediment to subsidiary employees with valid Title VII claims. As this Memorandum has emphasized, the Novartis corporate structure is such that its own top managers cannot properly describe it. Plaintiff's employment documents, which represented her employer variously as "Novartis Nutrition Corporation," "Novartis Medical Nutrition," and "Novartis Consumer Health," only exacerbated this confusion.

Given that Burnett requires this Court to apply the statute of limitations in the manner most likely to effectuate congressional purpose, it is patently unreasonable to find that a corporate defendant may evade meritorious Title VII claims simply by establishing a corporate structure so abstruse that no employee can figure out whom to sue. Moreover, as this Circuit's

opinions in <u>Dillon</u> and <u>Cerbone</u> have evidently recognized, defendants in federal employment litigation are particularly well-positioned to impede plaintiffs' claims because of the considerable control they exercise over plaintiffs' access to information. For these reasons, the Court should find that Plaintiff's amendment to add Novartis Nutrition Corporation as a defendant relates back to her initial action against Novartis Corporation, thus enabling her discrimination claims to be tried on their merits.

### C. THE STATUTE OF LIMITATIONS ON PLAINTIFF'S EMPLOYMENT DISCRIMINATION CLAIMS CONTINUED TO TOLL THROUGH JULY 31, 2007, BECAUSE SHE WAS A MEMBER OF THE PUTATIVE CLASS IN THE *VELEZ* MATTER THROUGH THAT DATE.

Defendants have argued that, notwithstanding the dispute regarding the identity of interest among the several Novartis entities in question, Plaintiff's statute of limitations nonetheless lapsed when she did not file against any Novartis defendant within 90 days of ceasing to be a class representative in the *Velez* matter. This argument falls flat.

In the Second Circuit, "[b]ecause members of [an] asserted class are treated for limitations purposes as having instituted their own actions . . . so long as they continue to be members of the class, the limitations period does not run against them during that time." <u>In re Worldcom Securities Litig.</u>, 495 F.3d 245, 255 (2d Cir. 2007); see also <u>American Pipe</u>, 414 U.S. 538 (1971). In the *Velez* Plaintiffs' Memorandum of Law in Support of the Motion for Class Certification – the document Defendant cites as terminating Plaintiff's involvement in the *Velez* matter – Plaintiffs defined the class as "All women who … have held … a sales-related job position with [Novartis Corporation or Novartis Pharmaceuticals Corporation] during the time period July 15, 2002 through the present, including those who have held positions as Sales Representatives." *Defendant's Ex. D, at p. v.* Because Sue Earl was employed by Novartis Nutrition Corporation as an Acute Care Sales Representative, *Ex. B, no. 6*, and because she was

an employee of a Novartis Corporation subsidiary, she remained a member of the putative class at that point. Accordingly, she remained entitled to tolling until July 31, 2007, when the class was certified only with respect to admitted employees of Novartis Pharmaceuticals Corporation.

Defendant asserts that Sue Earl "opt[ed] out of the class action." Def. Mot. for Summ. Judg. p. 10. There is, however, no evidence to support that contention, given that she remained a putative class member until the Court ruled on the motion for class certification. *See Defendant's Ex. D, at p. v; Defendant's Ex. M.* Although she elected not to act as a class representative in the Velez plaintiffs' motion for class certification, *see Defendant's Ex. D*, nothing in the language of In re Worldcom Securities – the controlling Second Circuit case on this issue – can be read to suggest that tolling applies only to class representatives. To the contrary, the decision extends tolling privileges to all "members of an asserted class," In re Worldcom Securities Litig., 495 F.3d at 255. Thus, Plaintiff's decision not act as a class representative had no bearing on the tolling of her limitations period.

Defendant also claims that, by expressing her intention to "proceed individually" with her employment discrimination claims in the Motion for Class Certification, she somehow forfeited the tolling to which she is entitled. Yet In re Worldcom explicitly found that "[n]othing in the Supreme Court [authority on this issue] … suggests that the [tolling] rule should be otherwise for a plaintiff who files an individual action before certification is resolved." Id. Given that putative class members do not lose their tolling privileges by choosing to file individual actions, it is impossible to see how Plaintiff's informal reference to her intention of filing individually – even as she remained a member of the putative class – could have extinguished her tolling rights.

**D.  PLAINTIFF'S ERRORS IN IDENTIFYING THE PROPER DEFENDANT FOR PURPOSES OF HER EEOC CHARGE DOES NOT PRECLUDE HER FROM BRINGING HER CLAIMS IN COURT**.

Defendant also maintains that, because Plaintiff's EEOC Charge named only Novartis Corporation and Novartis Pharmaceuticals Corporation as defendants, she is barred from bringing suit against Novartis Consumer Health, Inc. or Novartis Nutrition Corporation. However, given the "identity of interest" that exists between the named defendants and the defendants in fact -- together with the fact that Plaintiff's amended claims are based on the same core events as her EEOC Charge -- this technical error is of no moment. This holds true notwithstanding the attorney assistance that Plaintiff received in drafting her complaint.

As Defendant recognizes, this Circuit permits a finding of "identity of interest" between putative Title VII defendants, consistent with its "flexible stance in interpreting Title VII's procedural provisions." Johnson, 931 F.2d 203 at 209. Contrary to Defendant's contentions, this exception is not limited to plaintiffs who have filed their EEOC complaints *pro se*. In fact, this Court has explicitly rejected such a hard and fast rule, noting that "[Representation by counsel as a] 'threshold matter'. . . has not been articulated in any opinion of the Court of Appeals, and it would seem to be relevant – at most – to [discrete considerations] rather than a decisive consideration in itself." Manzi v. DiCarlo, 92 F.Supp.2d 780, 788 (S.D.N.Y. 1990); see also Roberts v. Shaw Group, Inc., 2008 WL 2686787, (E.D. Va., July 8, 2008) at 3 (denying defendant's motion to dismiss when plaintiff had named the wrong defendant in her EEOC complaint, and had been represented by counsel at that time). Thus, Defendant's position -- that representation by counsel at the time of the EEOC charge is dispositive of the issue -- overlooks this Court's clear precedent.

Defendant is correct in noting that Plaintiff's attorneys have extensive Title VII experience. However, such experience had no bearing upon Plaintiff's ability to meet the procedural requirement at issue here, where the esoteric nature of the corporate arrangement – rather than unfamiliarity with Title VII – was at the root of Plaintiff's difficulty in naming the correct defendant. The source of Plaintiff's difficulty in the instant case sharply contrasts with Hamad v. Nassau County Medical Center, 191 F.Supp.2d 286 (E.D.N.Y. 2000) – not a binding case on this Court at any rate -- in which plaintiffs' attorneys' ignorance of the law pertaining to sovereign immunity led them to file against the wrong defendant. Indeed, it is difficult to see how Plaintiff's attorneys' level of expertise regarding Title VII should render them accountable for a corporate structure that even Novartis' top executives are unable to understand.

Additionally, this Court recently upheld the general principle that "[f]ailure to name a defendant in an EEOC charge . . . does not prohibit a plaintiff from asserting claims . . . that may be based on the same core events." Darden v. DaimlerChrysler N.A. Holding Corp., 191 F.Supp.2d 382, 389 (S.D.N.Y. 2000) (citation omitted). Because Plaintiff seeks only to add a proper defendant to a complaint that is certainly "based on the same core events" as her EEOC complaint, this rationale applies to her claims against Novartis Nutrition Corporation.

### E. THIS COURT CONTINUES TO EXERCISE JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS PURSUANT TO 28 U.S.C. § 1367.

As Defendant concedes, Plaintiff's New York state law claims form part of the "same case or controversy" as her federal claims, and thus are subject to resolution in federal court pursuant to 28 U.S.C. § 1367. For the reasons described in this Memorandum, Plaintiff's federal claims should not be dismissed. Thus, this Court retains supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

## V.    CONCLUSION

As the factual record above demonstrates, Plaintiff has found it exceedingly difficult to identify the proper defendant against which to bring her Title VII employment discrimination claims. This difficulty can be attributed partly to the substantial overlap of operations among the Novartis entities in question, and partly to the obstacles that Novartis executives have placed, deliberately or inadvertently, in the path of subsidiary employees wishing to identify their employers for Title VII purposes.

Both of these factors support Plaintiff's argument that she is entitled to leave to amend her Complaint to add Novartis Nutrition Corporation, now Nestle Healthcare Nutrition, Inc., as a defendant. The overlap of operations points to an "identity of interest" among Novartis Corporation, Novartis Consumer Health, Novartis Nutrition Corporation, such that Plaintiff's involvement in the *Velez* matter, together with her subsequent complaint against Novartis Consumer Health, Inc., put Novartis Nutrition Corporation on notice of the claims against it. Thus, her current Complaint relates back to the date of that Complaint. In addition, the understandable confusion Plaintiff experienced regarding her employer's identity supports her argument for equitable tolling of the statute of limitations, since her employer was in large part responsible for her confusion. Finally, the "identity of interest" between Novartis Corporation and Novartis Nutrition Corporation enables Plaintiff to add Novartis Nutrition Corporation as a defendant, although she never lodged a formal EEOC Complaint against that party. For these reasons, Defendant's Motion for Summary Judgment should be denied, and Plaintiff given leave to amend her Complaint to include Novartis Nutrition Corporation as a defendant.

Dated: July 16, 2008                    Respectfully Submitted,


                                        _____/s/ Steven Wittels_____
                                        Jeremy Heisler, (JH-0145)
                                        Steven Wittels, (SLW-8110)
                                        **SANFORD, WITTELS & HEISLER, LLP**
                                        950 Third Avenue, 10th Floor
                                        New York, NY 10022
                                        Telephone: (646) 723-2947
                                        Facsimile: (646) 723-2948

                                        Grant Morris, D.C. Bar No. 926253
                                        **LAW OFFICES OF GRANT E. MORRIS**
                                        1666 Connecticut Avenue, N.W., Suite 310
                                        Washington, D.C. 20009
                                        Telephone: (202) 742-7780
                                        Facsimile: (202) 742-7776

                                        *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 16, 2008, a copy of the foregoing was filed electronically.

Notice of filing will be sent to the following parties by operation of the Court's electronic filing

system.  The parties may access this filing through the Court's system.

        Allyson Marie Smith
        **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**
        10 Madison Avenue, Suite 402
        Morristown, NJ 07960

        *Attorney for Novartis Consumer Health, Inc.*

        ____/s/ Steven Wittels____
        Steven Wittels