**Westlaw Delivery Summary Report for CHAHBAZI,MEENOO 6395529**

| | |
|---|---|
| Date/Time of Request: | Wednesday, July 16, 2008 13:50 Central |
| Client Identifier: | NOVARTIS24 |
| Database: | DCT |
| Citation Text: | Slip Copy |
| Lines: | 103 |
| Documents: | 1 |
| Images: | 0 |

The material accompanying this summary is subject to copyright. Usage is governed by contract with Thomson Reuters, West and their affiliates.

Slip Copy                                                                                                          Page 1
Slip Copy, 2008 WL 2686787 (E.D.Va.)
(Cite as: 2008 WL 2686787 (E.D.Va.))

Roberts v. Shaw Group, Inc.

E.D.Va.,2008.

Only the Westlaw citation is currently available.

United States District Court, E.D. Virginia,
Richmond Division.

Brenda ROBERTS, Plaintiff,

v.

The SHAW GROUP, INC., Shaw Services, LLC,
and Shaw Constructors, Inc., Defendants.

Civil Action No. 3:08CV046-HEH.

July 8, 2008.

Grant E. Morris, Law Offices of Grant E. Morris,
Washington, DC, for Plaintiff.

Rafael Eloy Morell, Ogletree Deakins Nash Smoak
& Stewart PC, Washington, DC, for Defendants.

***MEMORANDUM OPINION (Denying Defendants' Motion to Dismiss)***

HENRY E. HUDSON, District Judge.

**\*1** This is a civil action brought under Title VII of
the Civil Rights Act of 1964 for sexual harassment,
constructive discharge, and retaliation. It is before
the Court on Defendant Shaw Group, Inc. ("Shaw
Group") and Shaw Services, LLC's ("Shaw Services") Motion to Dismiss pursuant to Federal Rule
of Civil Procedure 12(b)(6) filed on June 23, 2008.
All parties have submitted a memorandum of law in
support of their position. The Court will dispense
with oral argument because the facts and legal contentions are adequately presented in the materials
before the Court, and argument would not aid in the
decisional process. For the reasons stated herein,
the Court will deny the Motion to Dismiss.

## Standard of Review

"The purpose of a 12(b)(6) motion is to test the sufficiency of a complaint; importantly a 12(b)(6) motion does not resolve contests surrounding the facts,
the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d
231, 243 (4th Cir.1999). A motion to dismiss for
failure to state a claim requires the Court to view
all facts alleged in the complaint in a light most favorable to the non-moving party, but does not require it to accept the legal conclusions drawn from
those facts. *Eastern Shore Markets, Inc. v. J.D. Associates Ltd. P'ship,* 213 F.3d 175, 180 (4th
Cir.2000). In reviewing a 12(b)(6) motion for failure to state a claim the Court may not consider
evidence outside of the pleadings. *Bosiger v. U.S.
Airways,* 510 F.3d 442, 450 (4th Cir.2007). In a
case of employment discrimination the complaint
need only contain specific facts to state a claim that
is plausible on its face. *Bell Atlantic Corp. v.
Twombly,* 127 S.Ct. 1955,1973-74(2007).

## Analysis

Under Title VII, a plaintiff must exhaust all administrative remedies against an employer before commencing a civil action. *Bryant v. Bell Atlantic
Maryland, Inc.,* 288 F.3d 124, 132 (4th Cir.2002).
Defendants Shaw Group and Shaw Services argue
that Plaintiff can only bring suit against Shaw Constructors, Inc. ("Shaw Constructors") because it
was the only entity named in Plaintiff's EEOC filing and thus is the only defendant against whom
Plaintiff exhausted all administrative remedies.
(Defs.' Mem. in Supp. of Mot. to Dismiss at 3.)
Since Shaw Group and Shaw Services were not
named in the EEOC filing they argue that they are
not proper defendants in the present suit. (Defs.'
Mem. in Supp. of Mot. to Dismiss at 3 & 6.) Defendants' motion concedes that the Fourth Circuit
recognized an exception in *Alvarado v. Bd. of
Treasurers of Montgomery Cmty. Coll.,* 848 F.2d
457 (4th Cir.1988), to the Title VII requirement that
all potential defendants be revealed to the EEOC.
They argue, however, that the exception is narrow
and does not apply to Plaintiff because she was represented by counsel in filing her EEOC complaint.
(Defs.' Mem. in Supp. of Mot. to Dismiss at 4-5.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy, 2008 WL 2686787 (E.D.Va.)
**(Cite as: 2008 WL 2686787 (E.D.Va.))**

Plaintiff argues that it was not necessary to name Shaw Group and Shaw Services in the EEOC complaint. In *Alvarado*, the Fourth Circuit recognized that the purpose of the naming requirement in Title VII is to provide a party with notice so that they might participate in the EEOC's conciliatory process. 848 F.2d at 460. Plaintiff posits that Shaw Group and Shaw Services had notice of the EEOC filing and had the opportunity to participate in conciliatory negotiations. (Pl.'s Mem. in Opp. to Mot. to Dismiss at 7-8.) Furthermore, Plaintiff argues that she need not name a defendant in an EEOC complaint i f the defendant is "functionally identical" to a defendant that is named in the complaint. *Nicol v. Imagematrix, Inc.,* 767 F.Supp. 744 (E.D.Va.1991) (citing *Alvarado,* 848 F.2d at 460). Plaintiff states that Shaw Group and Shaw Services are "functionally identical" to Shaw Construction. (Pl.'s Mem. in Opp. to Mot. to Dismiss at 7-8.)

**\*2** Defendants brought the current motion pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, but their argument, in effect, alleges a jurisdictional defect. A motion for failure to state a claim is not the correct vehicle with which to attack subject matter jurisdiction. A motion addressing subject matter jurisdiction is properly brought pursuant to Federal Rule of Civil Procedure 12(b)(1), which allows the Court to consider evidence outside the text of the complaint.

In its current form, there is no evidence in the record that would allow the Court to determine whether subject matter jurisdiction exists. Neither side has produced any evidence as to whether or not the three defendants are "functionally identical", or whether the defendants received notice and had an opportunity to participate in the conciliatory process, nor could they under Rule 12(b)(6). Such evidence is critical to the Court's determination of whether Shaw Group and Shaw Services are proper defendants to this suit.

As for the outstanding motion to dismiss for failure to state a claim, the Court must look at the factual allegations present in the complaint. In order to sus-

tain such a motion the complaint must allege facts that "raise the right to relief above a speculative level." *Bell Atlantic Corp.,* 127 S.Ct. at 1965. Since the complaint alleges ample facts upon which all of the Title VII counts could be sustained, and raises the right to relief above a "speculative level", Defendants' motion will be denied.

**Conclusion**

For the reasons state above, Defendants' motion to dismiss is DENIED, without prejudice to any motion under Rule 12(b)(1) that may be filed.

E.D.Va.,2008.
Roberts v. Shaw Group, Inc.
Slip Copy, 2008 WL 2686787 (E.D.Va.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.