UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **SUE EARL,**<br><br>      **Plaintiff,**<br><br>v.<br><br><br><br><br><br>**NOVARTIS CONSUMER HEALTH, INC.,**<br><br>      **Defendant.** | **PLAINTIFF SUE EARL'S STATEMENT OF DISPUTED MATERIAL FACTS**<br><br>(Judge Richard M. Berman)<br><br>2007 Civ. 09595(RMB) |

      Plaintiff Sue Earl hereby submits her Statement of Disputed Material Facts pursuant to Local Rule 56.1.

      1.      In Novartis Finance Corporation General Counsel Wayne Merkelson's September 27, 2005 deposition in the Velez matter, Merkelson discussed in detail the complex corporate structure of Novartis Corporation and its subsidiaries. At the time of those depositions, the four companies within the Novartis Consumer Health division were title Novartis Nutrition Corporation, Ciba Vision Corporation, Novartis Animal Health, and Consumer Health, Inc. *See Wayne Merkelson Dep., Sep. 27, 2005, p. 116, nos. 6-16, attached to Plaintiff's Memorandum as Exhibit D*.

      2.      Subsequently, in July 2007, Nestle acquired Novartis Nutrition Corporation and integrated it into Nestle Healthcare Nutrition, Inc. However, Novartis' website still refers collectively to the remaining three companies as "Novartis Consumer Health Division." *See Novartis web site "Our Businesses" section, http://www.novartis.com/about-novartis/our-businesses/consumer-health.shtml, attached to Plaintiff's Memorandum as Exhibit B.*

      3.      Employees of Novartis Nutrition Corporation are eligible for the "Novartis Consumer Health, Inc. Investment Plan," as well as retirement benefits and employee incentive plans overseen by Novartis Consumer Health. *Investment Savings Plan, attached to Plantiff's Memorandum as Exhibit E*. The booklet detailing these benefits refers to Novartis Nutrition Corporation employees as persons "actively employed by Consumer Health," and notifies employees that the amounts of such benefits are "within Consumer Health budget attainment

and pool-funding guidelines." *Ex. E, p. 21; Incentive Plan Statement, attached to this Memorandum as Exhibit F, p. 4.*

4. Plaintiff's work e-mail address domain was "CH/ Novartis@PH," where "CH" presumably stands for "Consumer Health." *E-mail from Ken Notaro to Plaintiff and Co-Workers, attached to Plaintiff's Memorandum as Exhibit G.*

5. Throughout the course of her employment at Novartis Nutrition Corporation, Plaintiff received a number of documents indicating that Novartis Consumer Health was her employer. *2003 Benefit Statement, attached to Plaintiff's Memorandum as Exhibit H; 2004 Individual Summary Report, attached to Plaintiff's Memorandum as Exhibit I; 1999 Employee Motivation and Satisfaction Survey, attached to Plaintiff's Memorandum as Exhibit J.*

6. These documents included, but were not limited to: a 2003 Benefit Statement which read "NOVARTIS CONSUMER HEALTH" at the top center; a 2004 financial Individual Summary Report which also issued from Novartis Consumer Health; and a 1999 Employee Motivation and Satisfaction Survey that repeatedly referenced "Medical Nutrition employees" within "Novartis Consumer Health Worldwide." The designation "Novartis Nutrition Corporation" did not appear anywhere on these documents. *2003 Benefit Statement, attached to Plaintiff's Memorandum as Exhibit H; 2004 Individual Summary Report, attached to Plaintiff's Memorandum as Exhibit I; 1999 Employee Motivation and Satisfaction Survey, attached to Plaintiff's Memorandum as Exhibit J.*

7. Plaintiff received IRS W-2 forms indicating that her employer was Novartis Nutrition Corporation. She has listed Novartis Nutrition Corporation as her employer in correspondence and on her resume. *Plaintiff's W-2 Forms, Attached to Defendant's Memorandum as Exhibit T; Plaintiff's Resumes, attached to Defendant's Memorandum as Exhibit Q.*

8. Executives throughout the Novartis corporate structure have testified that Novartis Nutrition Corporation and Novartis Corporation have the same audit team; that they maintain consolidated employee databases; that Novartis Corporation executives "administer . . . plans" for Novartis Nutrition Corporation; and that employees of Novartis Corporation subsidiaries have a "first crack" at job openings available within other subsidiaries. *Ex. D, p. 116, nos. 7-14; James Robinson Dep., Nov. 4, 2005, attached to Plaintiff's Memorandum as Exhibit K, p. 255, nos. 16-25; p. 280, nos. 16-23.*

9. In addition, even the companies' top executives gave conflicting and inconsistent testimony regarding the precise relationships among Novartis Nutrition Corporation, Novartis Finance Corporation, Novartis Consumer Health division, and Novartis Consumer Health, Inc.: two separate organizational charts produced in the course of discovery in the *Velez* matter, one hand-drawn by Mr. Merkelson, and the other produced by Novartis personnel on a computer prior to Mr. Merkelson's deposition, represent the corporate relationships entirely differently. Wayne Merkelson's hand-drawn chart does not include the Consumer Health/Pharmaceuticals divisional distinctions that play a prominent role in the computerized organizational chart. *See*

*Computerized Corporate Chart, attached to Plaintiff's Memorandum as Exhibit A*; *Merkelson Hand-Drawn Corporate Chart, attached to Plaintiff's Memorandum as Exhibit L.*

10.     Moreover, in Mr. Merkelson's hand-drawn chart, Sandoz, Inc. appears to be a subsidiary of Consumer Health, Inc., whereas in the computer-generated Novartis chart, Sandoz, Inc. is a division of Novartis Pharmaceuticals Corporation and is completely removed from both Novartis Consumer Health, Inc. and the Novartis Consumer Health division.  *Ex. A; Ex. L.*

11.     Further, James Robinson, the Vice President of Human Resources at Novartis Services, could not remember with certainty whether he was also a vice president at Novartis Finance.  *Ex. K, p. 96, no. 24.*


Dated: July 16, 2008                    By:  __/s/__ Steven Wittels_____
                                             Steven Wittels, (SLW-8110)
                                             Jeremy Heisler, (JH-0145)
                                             **SANFORD WITTELS & HEISLER, LLP**
                                             950 Third Avenue
                                             10th Floor
                                             New York, NY 10022
                                             Telephone: (646) 723-2947
                                             Facsimile: (646) 723-2948

                                             *Attorneys for Plaintiff*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, a copy of the foregoing was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

    Allyson Marie Smith
    **OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**
    10 Madison Avenue, Suite 402
    Morristown, NJ 07960

    *Attorney for Novartis Consumer Health, Inc.*

    __/s/__ Steven Wittels_____
    Steven Wittels