UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUE EARL,<br><br>        **Plaintiff,**<br><br>v.<br><br><br><br><br><br><br><br>**NOVARTIS CONSUMER HEALTH, INC.,**<br><br>        **Defendant.** | **PLAINTIFF SUE EARL'S RESPONSE TO DEFENDANT NOVARTIS CONSUMER HEALTH'S STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**<br><br>(Judge Richard M. Berman)<br><br>2007 Civ. 09595(RMB) |

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Civil Rule 56.1 of the Southern District of New York, Plaintiff hereby submits this response to Defendant's Statement of Undisputed Material Facts in support of Defendant's Motion for Summary Judgment.

    1.    Plaintiff was employed by Novartis Nutrition Corporation and before that, by Sandoz Nutrition Corporation from July 1991 until her resignation in March 2005. *See Plaintiffs' Complaint ¶16, annexed to Smith Dec. as Exhibit A; see also Plaintiff's Response to Defendant's First Set of Request for Admissions No. 1, annexed to Smith Dec. as Exhibit B.*

**RESPONSE TO NO. 1:** Disputed; it is unclear which entities employed Plaintiff. S*ee Plaintiff's Statement of Material Facts in Disputed, Facts No. 1-11 and exhibits thereto.*

    2.    On or about May 24, 2005, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission against Novartis Pharmaceuticals Corporation and Novartis Corporation. *See Plaintiff's Charge of Discrimination, annexed to Smith Dec. as Exhibit C; see also Exhibit B, Nos. 7-9.*

**RESPONSE TO NO. 2:**  Undisputed.

3.      Plaintiff was represented and assisted by her own counsel in filing the Charge of Discrimination, the counsel that currently represent her in the case at bar.  Counsel are highly qualified and, according to their own court submissions, "have substantial experience successfully prosecuting complex employment discrimination and wage and hour class actions." *See Exhibit B, Nos. 10-12; see also* Velez *Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, p. 45, annexed to Smith Dec. as Exhibit D.*

**RESPONSE TO NO. 3:**  Undisputed.

4.      Plaintiff has never, at any time, filed a Charge of Discrimination with the EEOC or any other agency against Consumer Health.  *See Exhibit B, No. 16.*

**RESPONSE TO NO. 4:**  Undisputed with the significant clarification that Plaintiff filed an EEOC Charge against Consumer Health's parent corporation, Novartis Corporation.  *See Plaintiff's Charge of Discrimination, attached as Exhibit C to Declaration of Allyson Smith in Support of Defendant's Motion for Summary Judgment.*

5.      Plaintiff has never, at any time, filed a Charge of Discrimination with the EEOC or any other agency against Novartis Nutrition Corporation.  *See Exhibit B, No. 17.*

**RESPONSE TO NO. 5:**  Undisputed.

6.      On or about June 2, 2005, while Plaintiff's Charge against Novartis Corporation and Novartis Pharmaceuticals Corporation was pending, Plaintiff elected to join the Velez matter, in which twenty-two women alleged class wide claims of gender discrimination against Novartis Pharmaceuticals Corporation, Novartis Corporation and an individual defendant, Thomas Ebeling.  Specifically, Plaintiff joined the Velez case as a plaintiff and putative class representative with the filing of the Second Amended Complaint.  *See Exhibit A, ¶¶7-8.*

**RESPONSE TO NO. 6:**  Undisputed.

7.      Consumer Health was never a party to the Velez matter.  *See caption pages of the Complaint, First – Fourth Amended Complaints filed in the* Velez *matter, annexed to Smith Dec. as Exhibit E.*

**RESPONSE TO NO. 7:**  Undisputed with the significant clarification that Novartis Corporation, parent corporation to Consumer Health, was a party to the Velez matter until July 31, 2007.  *See*

2

*Class Certification Decision in the* Velez *matter, attached to Defendant's Memorandum as Exhibit M.*

       8.      On or about June 24, 2005, the EEOC issued a right-to-sue letter to Plaintiff. *See Exhibit A, ¶6.*

**RESPONSE TO NO. 8:**  Undisputed.

       9.      On or about July 25, 2005 Novartis Pharmaceuticals Corporation filed an Answer to the Second Amended Complaint denying that it ever employed Sue Earl. *See relevant portions of Novartis Pharmaceutical Corporations' Answer to the Second Amended Complaint, annexed to Smith Dec. as Exhibit F.*

**RESPONSE TO NO. 9:**  Undisputed.

      10.      On or about July 25, 2005 Novartis Corporation filed an Answer to the Second Amended Complaint denying it ever employed Sue Earl. *See relevant portions of Novartis Corporation's Answer to the Second Amended Complaint, annexed to Smith Dec. as Exhibit G.*

**RESPONSE TO NO. 10:**  Undisputed.

      11.      On or about September 9, 2005 and March 13, 2006, plaintiffs in the Velez matter filed Third and Fourth Amended Complaints, respectively. Plaintiff Sue Earl's allegations were identical to the allegations asserted in the Second Amended Complaint. *See relevant portions of the Second, Third, and Fourth Amended Complaints, annexed to Smith Dec. as Exhibits H, I, and J.*

**RESPONSE TO NO. 11:**  Undisputed.

      12.      On or about March 20, 2006 and March 31, 2006, in their respective answers to the Fourth Amended Complaint, Novartis Pharmaceuticals Corporation and Novartis Corporation once again denied ever employing Sue Earl. *See relevant portions of Novartis Pharmaceutical Corporation's Answer to the Fourth Amended Complaint, annexed to Smith Dec. as Exhibit K; see also relevant portions of Novartis Corporation's Answer to the Fourth Amended Complaint, annexed to Smith Dec. as Exhibit L.*

**RESPONSE TO NO. 12:**  Undisputed.

      13.      On or about January 16, 2007, Plaintiffs in the Velez matter filed a Notice of Motion for Class Certification. However, in Plaintiffs' Memorandum of Law in Support of the Motion for Class Certification, Plaintiff Sue Earl expressly notified the court that she was not participating in the proposed class and was instead proceeding individually. Specifically, Plaintiffs' Memorandum of Law states: "Two named plaintiffs, Ashley Narmour and Sue Earl, do not serve as class representatives and proceed individually in this action." *See Exhibit D, p. 3*

*n. 1.* The Memorandum of Law further specified that only 17 of the 19 named plaintiffs were seeking class certification. *Id.*

**RESPONSE TO NO. 13:** Disputed. Plaintiff remained a putative class member under the class definition in the January 16, 2007 Notice of Motion for Class Certification. *SeeDefendant's Exhibit D, p. v.*

      14. On or about July 31, 2007, the Honorable Gerard E. Lynch, U.S.D.J., issued an amended opinion and order certifying the class action with respect to 17 of the 19 named plaintiffs against Novartis Pharmaceuticals Corporation, noting "Two of the nineteen named plaintiffs, Ashley Narmour and Sue Earl, sue only in their individual capacities, and no as putative class representatives." *See Velez v. Novartis Pharmaceuticals Corporation, 244 F.R.D. 243, 249 (S.D.N.Y. 2007), annexed to Smith Dec. as Exhibit M.*

**RESPONSE TO NO. 14:** Undisputed with the significant clarification that Sue Earl remained a class member until that date.

      15. In his amended opinion dated July 31, 2007, Judge Lynch also granted Novartis Corporation's pending motion for summary judgment filed on April 19, 2005 and dismissed it as a defendant in the case. *Id.* at 271.

**RESPONSE TO NO. 15:** Undisputed.

      16. On or about October 26, 2007, Sue Earl, filed the Complaint in the case at bar against Novartis Consumer Health, Inc. *See Exhibit A.*

**RESPONSE TO NO. 16:** Undisputed.

      17. On or about February 25, 2008, Defendant Novartis Consumer Health timely filed its Answer denying the allegations and specifically denying it employed plaintiff at any time or in any capacity. *See Defendant's Answer, annexed to Smith Dec. as Exhibit N.*

**RESPONSE TO NO 17:** Undisputed.

      18. On or about April 2, 2008, Plaintiff filed a Motion for Leave to File an Amended Complaint to add Nestle Healthcare Nutrition, Inc. (formerly known as Novartis Nutrition Corporation, Inc.) as a defendant. *See Plaintiff's Motion for Leave to File an Amended Complaint, annexed to Smith Dec. as Exhibit O.*

**RESPONSE TO NO 18.:** Undisputed.

      19. Plaintiff Earl is a citizen of the State of New Jersey, residing in Sparta, New Jersey. *See Exhibit A, ¶16.*

**RESPONSE TO NO. 19:**  Undisputed.

20. Consumer Health is also a citizen of New Jersey, having its principal place of business in Parsippany, New Jersey.  *See Certification of Mark Armstrong ¶3.*

**RESPONSE TO NO. 20:**  Undisputed with the significant clarification that Consumer Health has offices and/or registered agents in New York.  *Novartis Consumer Health, Inc. Business Registration, attached to Plaintiff's Memorandum as Exhibit N.*

21. Consumer Health never employed Plaintiff, and never employed any of the individuals Plaintiff identifies in the Complaint as having discriminated against her.  *See Affidavit of Bon Lopez ¶¶4-5.*

**RESPONSE TO NO. 21:**  Disputed. Although Plaintiff was not employed by Consumer Health, Inc., Plaintiff was employed by what Novartis refers to as its "Consumer Health Division." *Ex. M; see also Investment Savings Plan, attached to Plaintiff's Memorandum as Exhibit E; Consumer Health Incentive Plan, attached to Plaintiff's Memorandum as Exhibit F.*

22. Plaintiff was at all relevant times employed by Novartis Nutrition Corporation, which paid all her wages and directed her day-to-day business activities.  *See Exhibit B, Nos. 1 and 3.*

**RESPONSE TO NO. 22:**  Disputed. Although Plaintiff's payroll documents designated Novartis Nutrition Corporation as her employer, numerous other documents pertaining to her employments – including incentive information, retirement benefit information, benefit statements, individual summary reports, and general employee information packets – indicated that she was employed by Novartis Consumer Health, and thus that Consumer Health "directed her day-to-day business activities." *Ex. E; Ex. F; 2003 Benefit Statement, attached to Plaintiff's Memorandum as Exhibit H; Individual Summary Report, attached to Plaintiff's Memorandum as Exhibit I; Employee Motivation & Satisfaction Survey, attached to Plaintiff's Memorandum as Exhibit J.*

5

23.     Plaintiff received paychecks, paystubs and IRS W-2 forms showing that her employer was Novartis Nutrition Corporation. *See Exhibit B, Nos. 3 and 4.*

**RESPONSE TO NO. 23:**   Undisputed with the significant clarification that the documents referenced in item 22 showed her employer to be Novartis Consumer Health.

24.     Plaintiff never received any paychecks, paystubs or IRS W-2 forms showing her employer to be Novartis Consumer Health, Inc. *See Exhibit B, Nos. 5 and 6.*

**RESPONSE TO NO. 24:**   Undisputed with the significant clarification that the documents referenced in item 22 showed her employer to be Novartis Consumer Health.

25.     On her own resumes, Plaintiff lists Novartis Nutrition Corporation as her employer. Nowhere does Plaintiff list Consumer Health as her employer. *See Plaintiff's resumes, annexed to Smith Dec. as Exhibit Q.*

**RESPONSE TO NO. 25:**   Undisputed that nowhere on Plaintiff's resumes did she list Consumer Health as her employer, with the clarification that Plaintiff's resume has no bearing on the corporate relationships between Novartis Corporation, Novartis Pharmaceutical Corporation, Novartis Nutrition, and Consumer Health or the lack of clarity therein.

26.     At no time was there any parent-subsidiary relationship between Consumer Health and Novartis Nutrition Corporation ("Novartis Nutrition"). Consumer Health owned no stock or shares or other equity interest in Novartis Nutrition. Novartis Nutrition Corporation owned no stock or shares or other equity interest in Consumer Health. *See Certification of Mark Armstrong ¶5.*

**RESPONSE TO NO. 26:**   Undisputed with the significant clarification that Novartis Nutrition Corporation belonged to a division of Novartis commonly referred to as "Novartis Consumer Health." *See Novartis Corporate Chart, attached to Plaintiff's Memorandum as Exhibit A; Novartis website, attached to Plaintiff's Memorandum as Exhibit B.*

27.     Neither company had the right or authority to review the financial performance of the other. Consumer Health had no authority to approve or disapprove any business decision of Novartis Nutrition Corporation, and Novartis Nutrition Corporation had no authority to approve or disapprove any business decision of Consumer Health. *See Certification of Mark Armstrong ¶7.*

6

**RESPONSE TO NO. 27:** Plaintiff lacks sufficient information to respond to this allegation.

28.   Consumer Health exercised neither control nor right of control over Novartis Nutrition Corporation, and Novartis Nutrition Corporation exercised neither control nor right of control over Consumer Health.  Consumer Health has its own Articles of Incorporation, by-laws, Board of Directors, and independent operations.  *See Certification of Mark Armstrong ¶6.*

**RESPONSE TO NO. 28:** Plaintiff lacks sufficient information to respond to this allegation.

29.   Consumer Health did not formulate or implement personnel or employment decisions regarding Novartis Nutrition Corporation employees.  Consumer Health had no influence over, and played no role in formulating or implementing any of the personnel decisions at issue in the Complaint by Plaintiff.  *See Affidavit of Bon Lopez ¶¶7 and 9.*

**RESPONSE TO NO. 29:** Undisputed insofar as "Consumer Health" refers to Novartis Consumer Health, Inc. Disputed with respect to Novartis Consumer Health Division, in light of the fact that Consumer Health division oversees pension and benefit plans for Novartis Nutrition Corporation employees and monitors their job satisfaction. *Ex. E; Ex. F; Ex. H; Ex. I; Ex. J.*

30.   Consumer Health exercised neither control nor right of control over Plaintiff's performance or conduct, nor over the terms and conditions of her employment.  *See Affidavit of Bon Lopez ¶¶7 and 9.*

**RESPONSE TO NO. 30:** Undisputed insofar as "Consumer Health" refers to Novartis Consumer Health, Inc. Disputed with respect to Novartis Consumer Health Division, in light of the fact that Consumer Health division oversees pension and benefit plans for Novartis Nutrition Corporation employees and monitors their job satisfaction. *Ex. E; Ex. F; Ex. H; Ex. I; Ex. J.*

Dated: July 16, 2008                           By:   __/s/ Steven Wittels_____
                                                    Steven Wittels, (SLW-8110)
                                                    Jeremy Heisler, (JH-0145)
                                                    **SANFORD WITTELS & HEISLER, LLP**
                                                    950 Third Avenue
                                                    10th Floor
                                                    New York, NY 10022
                                                    Telephone: (646) 723-2947
                                                    Facsimile: (646) 723-2948

                                                    *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2008, a copy of the foregoing was filed electronically. Notice of filing will be sent to the following parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

>Allyson Marie Smith
>**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C**
>10 Madison Avenue, Suite 402
>Morristown, NJ 07960
>
>*Attorney for Novartis Consumer Health, Inc.*


>     /s/ Steven Wittels_____
>Steven Wittels