**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
521 5th Avenue, Suite 1700
New York, New York 10175
(212) 292-4314
Allyson M. Smith (AS-4750)
Peter O. Hughes (admitted *pro hac vice*)
Attorneys for Defendant
Novartis Consumer Health, Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SUE EARL, | : | |
| | : | Hon. Richard M. Berman, U.S.D.J. |
| Plaintiff, | : | Civil No.: 07 CIV 9595 (RMB) |
| | : | |
| v. | : | |
| | : | |
| NOVARTIS CONSUMER HEALTH, INC. | : | ***Document Electronically Filed*** |
| | : | |
| | : | |
| Defendant. | : | |

---

**DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

---

On the Brief:

Peter O. Hughes (admitted *pro hac vice*)
Allyson M. Smith (AS-4750)

# TABLE OF CONTENTS


I. PRELIMINARY STATEMENT ..... 1

II. ARGUMENT ..... 2

A. Plaintiff Has Provided No Proof That Consumer Health Employed Her or Affected Her Employment in Any Way ..... 2

B. There is No "Identity of Interest" Between Consumer Health and Novartis Nutrition or Novartis Corp. ..... 3

C. The Statute of Limitations Was Not Tolled During the Pendency Of *Velez* ..... 6

D. Plaintiff's Title VII Claims Are Barred Due to Her Failure to Name Consumer Health or Novartis Nutrition in her EEOC Charge ..... 7

E. Plaintiff's Proposed Amendment Would Not Relate Back and Her Claims Are Barred By the Statute of Limitations ..... 8

III. CONCLUSION ..... 10

# TABLE OF AUTHORITIES

## Cases

*Arneil v. Ramsey*,
550 F.2d 774 (2d Cir. 1977)........................................ 6

*Balut v. Loral Systems*,
988 F.Supp. 339 (S.D.N.Y. 1997) ........................................ 5

*Barrow v. Wetherfield Police Dept.*,
66 F.3d 466 (2d Cir. 1995) *modified*, 74 F.3d 1366 (1996)........................................ 9

*Cardinale v. Southern Homes of Polk County*,
2008 WL 788460 (M.D. Fla. March 19, 2008)........................................ 3, 5

*Cornwell v. Robinson*,
23 F.3d 694, 705 (2d Cir. 1994)........................................ 9

*Darden v. DaimlerChrysler N.A. Holding. Corp.*,
191 F. Supp. 2d 382 (S.D.N.Y. 2002)........................................ 8

*DaSilva v. Kinsho Intern. Group*,
210 F.Supp.2d 241 (S.D.N.Y. 2000) (Berman) ........................................ 3

*Engelhardt v. S.P. Richards Co.*,
472 F.3d 1 (1st Cir. 2006)........................................ 4

*Equal Employment Opportunity Commission v. Con-Way, Inc.*,
2007 WL 2610367 (D. Or. Sept. 4, 2007) ........................................ 4

*Gagliardi v. Universal Outdoor Holdings, Inc.*,
137 F.Supp.2d 374 (S.D.N.Y. 2001)........................................ 8

*Harrington v. Hudson Sheraton Corp.*,
2 F. Supp. 2d 475 (S.D.N.Y. 1998) ........................................ 8

*Manzi v. DiCarlo*,
62 F.Supp.2d 780 (E.D.N.Y. 1999) ........................................ 7

*Meng v. Impanema Shoe Corp.*,
73 F.Supp.2d 392 (S.D.N.Y. 1999) ........................................ 4

*Murray v. Miner*,
74 F.3d 402 (2d Cir. 1996)........................................ 3

*Papa v. Katy Industries, Inc.*,
166 F.3d 937 (7th Cir. 1999) .......... 4

*Richard v. Bell Atlantic Corp.*,
946 F.Supp. 54 (D.D.C. 1996) .......... 4

*Richardson v. John F. Kennedy Hospital*,
838 F.Supp. 979 (E.D. Pa. 1993) .......... 9

*Roberts v. Shaw Group, Inc.*,
2008 WL 2686787 (E.D.Va., July 8, 2008) .......... 7

*Rodriguez v. International Brotherhood of Teamsters*,
1999 WL 816182 (S.D.N.Y. 1999) .......... 8

*Sharkey v. Lasmo (Aul Ltd)*,
906 F.Supp. 949 (S.D.N.Y. 1995) .......... 8

*Velez v. Novartis Pharmaceuticals Corporation*,
244 F.R.D. 243 (S.D.N.Y. 2003) .......... *passim*

**Rules and Statutes**

*Fed.R.Civ.P* 15(c)(3)(B) .......... 9

*Fed.R.Civ.P.* 12(b)(6) .......... 7

*Fed.R.Civ.P.* 15(c) .......... 8, 9

## I. PRELIMINARY STATEMENT

Defendant Novartis Consumer Health, Inc. ("Consumer Health") submits this Reply Brief in support of its Motion for Summary Judgment. There are no genuine issues of material fact, and Consumer Health is entitled to judgment as a matter of law.

Plaintiff has failed utterly to show that Consumer Health was her employer or was involved in any way, shape, or form in the employment decisions at issue in her Complaint. Instead, the entire thrust of the opposition papers is that the structure and operations of the Novartis-owned entities is confusing, so that Plaintiff's failure to timely sue the only entity that actually employed her – Novartis Nutrition Corporation – somehow should be excused.

Conspicuously absent from the opposition papers, however, is any sworn statement by Plaintiff Sue Earl herself that she was confused or mistaken about who her employer was. Nowhere does she state that she thought Consumer Health or Novartis Corp. somehow were her employers. Wouldn't one think, given that the alleged confusion is so central to her argument, that Plaintiff would have submitted an affidavit to say "I was confused," if that were really true?

The fact is that Plaintiff Earl *could not* sign such an affidavit. Plaintiff is not, and never was, confused or mistaken about the identity of her employer. She has always known that her employer was Novartis Nutrition, and she apparently (and admirably) refuses to perjure herself by now claiming she did not know that.

As noted in Consumer Health's moving papers, in 2002, long before any lawsuit was filed, Plaintiff Earl wrote a letter to her supervisor that began:

> As a dedicated twelve year clinical veteran of **Novartis Nutrition**, I have been consistently recognized throughout my career as an over achiever (sic) dedicated to the continued success of this company.

(Smith Cert., Ex. R)(emphasis added).

Even more revealing are her own resumes, which she prepared herself. In listing her work experience, Plaintiff Earl consistently listed Novartis Nutrition as her employer. (Smith Cert., Ex. Q). She has no resume listing Consumer Health. Indeed, Plaintiff has failed to identify any document – not a single scrap of paper – in which she ever identified Consumer Health or Novartis Corp. or any other Novartis entity as her employer. This is hardly surprising as the employment documents she received consistently and unambiguously showed that her employer was Novartis Nutrition. From her paystubs, to her W-2's, to her job description, Plaintiff Earl knew exactly who her employer was: Novartis Nutrition. Her attorneys' efforts to now obfuscate the issue should be rejected.

## II. ARGUMENT

### A. Plaintiff Has Provided No Proof That Consumer Health Employed Her or Affected Her Employment in Any Way

Having read and re-read Plaintiff's papers, it appears that Plaintiff has more or less conceded that Consumer Health was not her employer, did not control her employment, and did not make or affect the employment decisions about which she complains. She has offered no evidence whatsoever that Consumer Health was in any way involved in any of the facts or circumstances identified in her Complaint. Consumer Health did not employ her or any of the people she identifies as having wronged her. She has failed to identify any act of Consumer Health, or any Consumer Health employee, that affected her in any way. In light of the undisputed evidence submitted by Consumer Health in its moving papers, and Plaintiff's complete failure of proof, Consumer Health is entitled to summary judgment, dismissing all claims against it.

**B. There is No "Identity of Interest" Between Consumer Health and Novartis Nutrition or Novartis Corp.**

Perhaps in recognition of the lack of any claim against Consumer Health, Plaintiff spends all her time trying to argue that Consumer Health and Novartis Nutrition (and/or Novartis Corp.) were a "single employer" or had such an "identity of interest" that they should be treated as one entity. She fails, however, to provide any competent evidence to support this. Instead, she simply trots out same tired arguments this court already rejected when it granted summary judgment against her on her claims against Novartis Corp. in *Velez v. Novartis Pharmaceuticals Corporation*, 244 F.R.D. 243 (S.D.N.Y. 2003). Indeed, to the extent she now argues that Novartis Corp. was her employer under a "single employer" or "identity of interest" theory, her argument is barred by *res judicata* and collateral estoppel.

It bears repeating that "the law only treats the employees of a corporate entity as the employees of a related entity under extraordinary circumstances." *Murray v. Miner*, 74 F.3d 402, 404 (2d Cir. 1996). As Your Honor has held, "this Court agrees that a parent company should not lightly be liable for the acts of its subsidiaries absent proof that the parent was involved in the particular circumstances giving rise to the litigation." *DaSilva v. Kinsho Intern. Group*, 210 F.Supp.2d 241, 244 (S.D.N.Y. 2000) (Berman). This is particularly apropos here, where Consumer Health was not even the parent of Plaintiff's employer, Novartis Nutrition, but was merely an affiliated company. "Plaintiffs alleging horizontal rather than vertical integration carry a higher burden." *Cardinale v. Southern Homes of Polk County*, 2008 WL 788460, p. 7 (M.D. Fla. March 19, 2008). Plaintiff has utterly failed to meet any burden whatsoever, high or low.

For example, she claims that "throughout the course of her employment" she

received documents supposedly showing that she was employed by Novartis Consumer Health. (Plaintiff's Brief at p. 6). When one examines the evidence she actually submitted, however, it amounts to a grand total of four documents: a benefits plan, two benefits statements, and a 1999 Employee Motivation and Satisfaction Survey. As noted in Consumer Health's moving papers (Defendant's Brief, p. 21 n. 2), Judge Lynch rejected this very same argument when Plaintiff raised it in the *Velez* matter. 244 F.R.D. at 252. The fact that employees of related entities participate in the same benefits plans does not mean that they are a "single employer" or that there is such identity of interest that corporate separateness can be ignored. *Meng v. Impanema Shoe Corp.*, 73 F.Supp.2d 392, 405 (S.D.N.Y. 1999) ("fact that parent administers pension and benefit plans for its subsidiary is of 'low or no probative value' in determining single employer status")(quoting, *Richard v. Bell Atlantic Corp.*, 946 F.Supp. 54, 62-63 (D.D.C. 1996)). *See also*, *Engelhardt v. S.P. Richards Co.,* 472 F.3d 1, 7-8 (1st Cir. 2006); *Papa v. Katy Industries, Inc.*, 166 F.3d 937, 942 (7th Cir. 1999).

Plaintiff next argues that the fact that employees of Consumer Health and Novartis Nutrition had similar email addresses demonstrates identity of interest. This argument, too, has been rejected by the courts. In *Equal Employment Opportunity Commission v. Con-Way, Inc.*, 2007 WL 2610367 (D. Or. Sept. 4, 2007), plaintiffs argued that two related entities were a single employer, in part, because the companies "use a single telephone directory, email system, and news bulletin system for employees falling under the Con-Way umbrella." The court emphatically rejected this argument:

> Finally, I give no weight to defendants' use of a single telephone directory, email system, and news bulletin system. The EEOC and [intervenor] have failed to raise any question of fact as to how defendants' use of these communication means establishes an uncommon degree of interrelatedness between Con-Way, Menlo

Logistics, and MWT.

*Id.* at, p. 5.[1] *See, Cardinale*, 2008 WL 788460, pp. 8-9 (rejecting argument where, among other things, companies shared common telephone and email systems).

Plaintiff's efforts to conflate Novartis Corp. with Consumer Health (or Novartis Nutrition) similarly fall flat. All her arguments already were squarely rejected by Judge Lynch in the *Velez* decision. Even leaving aside the *res judicata* issue, Plaintiff's arguments fail. For example, the fact that financial audit services for Consumer Health and Novartis Nutrition were provided by another Novartis subsidiary does not establish single employer status or identity of interest. *Velez v. Novartis*, 244 F.R.D. at 253. *See also, Balut v. Loral Systems,* 988 F.Supp. 339, 347 (S.D.N.Y. 1997)(fact that parent corporation regularly reviewed subsidiary's financial performance is "no more than what a parent typically requires of a subsidiary" and does not establish "common management").

The fact that employees at Novartis-owned companies were permitted to apply for positions at other Novartis affiliates, or even were given "first crack" at such positions, also fails to establish "single employer" or identity of interest. *Velez*, 244 F.R.D. at 254. As this court has noted in another case:

> The fact that a parent assists a subsidiary's employee in locating other employment within the company's group does not indicate centralized control of labor relations where the parent typically provides such assistance. . . . To hold otherwise would deter a parent from making referrals for valued employees, by transforming a common courtesy into a means of "control."

*Balut*, 988 F.Supp. at 346 (citations omitted). Here, Plaintiff does not even allege that the parent company assisted employees of affiliates, but merely that employees of affiliates

---

1 Indeed, the court in *Con-Way* held that plaintiffs failed to establish the extraordinary level of interrelatedness necessary for single employer status even though the companies also shared office space, had a common payroll, and employees of all three participated in common pension and benefit plans. *Id.* at pp. 4-5.

were permitted to apply and given some kind of priority.

Finally, we are compelled to point out that Plaintiff has in some cases simply misrepresented the evidence she has submitted. For example, Plaintiff refers to the deposition testimony of James Robinson, who apparently was a Rule 30(b)(6) witness for Novartis Corp. in the *Velez* matter. Plaintiff claims that Mr. Robinson admitted that Novartis Corp. exercised control over aspects of Novartis Nutrition's business (Plaintiff's Brief at pp. 6-7). In fact, however, the transcript shows precisely the opposite:

Q. Is Novartis Corp. – do you administer Nutrition, their business?

[Defense counsel objection omitted].

A. No.

(Robinson Dep., Tr. 255:2-7)(Exhibit K to Plaintiff's Brief).

**C. The Statute of Limitations Was Not Tolled During the Pendency of *Velez***

Because Consumer Health was not a defendant in the *Velez* matter (was nor Novartis Nutrition, for that matter), the statute of limitations was not tolled as to Consumer Health or Novartis Nutrition by the pendency of the *Velez* class action. *Arneil v. Ramsey*, 550 F.2d 774, 782 (2d Cir. 1977). Plaintiff has failed to identify a single legal authority that would permit such tolling in these circumstances. Instead, Plaintiff simply argues that Novartis Corp. is so integrated with its subsidiaries that tolling should apply. As detailed above, however, there simply is no evidence to support this bare assertion. On the contrary, Consumer Health has provided affirmative evidence that it was not aware that it was implicated in the *Velez* matter, and was not aware of any potential claim against it by Plaintiff until October 2007, when she filed the Complaint here. Cert. of Gregory Tole, ¶3.

**D. Plaintiff's Title VII Claims Are Barred Due to Her Failure to Name Consumer Health or Novartis Nutrition in her EEOC Charge**

Plaintiff faces the same problem with her failure to name Consumer Health or Novartis Nutrition in her EEOC charge. As noted in Consumer Health's moving papers, because Plaintiff was represented by experienced attorneys when she filed her charge, clear precedent in this district holds that her failure to name these entities is not excused under the "identity of interest" exception. (Defendant's Brief, p. 15). In response, Plaintiff relies on two cases from other courts, neither of which gives her succor. The first is *Manzi v. DiCarlo*, 62 F.Supp.2d 780 (E.D.N.Y. 1999). In *Manzi*, however, the court found that the attorney representing the plaintiff had little or no experience in Title VII law and, thus, "is no more competent to deal 'with the vagaries of Title VII and its jurisdictional requirements' than a layman." 62 F.Supp.2d at 787-8. That obviously is not the case here, where Plaintiff Earl has been represented by highly experienced Title VII counsel.[2]

Plaintiff's citation to the second case, *Roberts v. Shaw Group, Inc.*, 2008 WL 2686787 (E.D.Va., July 8, 2008) is troubling, because Plaintiff's Brief completely misrepresents the decision. The court in *Roberts* did not in fact render any decision on the issue, or even address it. In *Roberts*, the defendant had moved to dismiss pursuant to *Fed.R.Civ.P.* 12(b)(6) because plaintiff had failed to name the proper entity in the EEOC charge. The court's "decision" was that such an argument was not properly made on a 12(b)(6) motion but, instead, needed to be brought as a motion for lack of jurisdiction under Rule 12(b)(1). Thus, the court's sole ruling was, "For the reasons stated above, Defendants' motion to dismiss is DENIED, without prejudice to any motion under Rule

---

2 We also note that Plaintiff mis-cites *Manzi* in her Brief, misrepresenting it as a Southern District case when it actually is an Eastern District case, and then referring to it as "this Court's clear precedent." (Plaintiff's Brief at p. 17). Obviously, it is no such thing.

12(b)(1) that may be filed." 2008 WL 2686787, p. 2. The case thus stands for no proposition at all, even if a decision from a court in Virginia could somehow trump the overwhelming authority from the Southern District of New York.

And overwhelming, it is. *Harrington v. Hudson Sheraton Corp.*, 2 F. Supp. 2d 475, 478 (S.D.N.Y. 1998); *Darden v. DaimlerChrysler N.A. Holding. Corp.*, 191 F. Supp. 2d 382, 389-390 (S.D.N.Y. 2002); *Sharkey v. Lasmo (Aul Ltd)*, 906 F.Supp. 949, 954 (S.D.N.Y. 1995) ("As a threshold matter, this exception only applies where plaintiff is not represented by counsel"); *Rodriguez v. International Brotherhood of Teamsters*, 1999 WL 816182, p. 5 (S.D.N.Y. 1999)("The 'identity of interest' exception, however, . . . is unavailable to a party who was represented by counsel when his or her EEOC charge was filed"); *Gagliardi v. Universal Outdoor Holdings, Inc.*, 137 F.Supp.2d 374, 379 (S.D.N.Y. 2001)("In this case, Gagliardi does not dispute that he was represented at the time of the EEOC filing by his present attorneys who apparently have experience in employment law litigation. Gagliardi's failure to identify Universal Holdings and Eller Corp. in his EEOC charge is therefore inexcusable"). Plaintiff's Title VII claims are barred.

**E. Plaintiff's Proposed Amendment Would Not Relate Back and Her Claims Are Barred By the Statute of Limitations**

Plaintiff also argues that she is entitled to "relation back" under *Fed.R.Civ.P.* 15(c) for her proposed amendment of the Complaint to add Novartis Nutrition.[3] This is without merit and relation back is not permissible under these circumstances. Plaintiff Earl was well aware that Novartis Nutrition was her employer and was the proper party when she

3 Actually, Plaintiff asserts that the amendment should be considered to relate back to the filing of a completely different lawsuit, the *Velez* action, which was filed in 2005. Not surprisingly, Plaintiff proffers no legal authority whatsoever for the breathtaking proposition that amendment to a complaint in Lawsuit B could relate back to the filing of the complaint in Lawsuit A. The proposition is, in fact, absurd.

filed her complaint in the *Velez* matter in 2005. She and her attorneys made a conscious decision not to pursue Novartis Nutrition, presumably because they feared it would detract from the effort to have a class certified, since all of the other plaintiffs in *Velez* were employees of Novartis Pharmaceuticals Corporation (another Novartis subsidiary). Relation back under *Fed.R.Civ.P.* 15(c) is not designed to rescue plaintiffs from strategy decisions gone awry.

An amended complaint, adding a new defendant, relates back only if the failure to name that defendant in the original complaint was due to a "mistake." *Fed.R.Civ.P* 15(c)(3)(B); *Cornwell v. Robinson*, 23 F.3d 694, 705 (2d Cir. 1994). Plaintiff bears the burden of proving that her failure to name Novartis Nutrition was the result of a mistake, and not due to strategy, lack of knowledge, or some other reason. *Barrow v. Wetherfield Police Dept.*, 66 F.3d 466, 469-70 (2d Cir. 1995) *modified*, 74 F.3d 1366 (1996). Unless Plaintiff proves that the failure was a mistake, the court need not consider any of the other factors in Rule 15(c). *Barrow*, 66 F.3d at 469-70.

Here, there was no "mistake" as a matter of law. "If, at the time of filing his initial complaint, plaintiff knew of the identity and possible role of the person whom plaintiff seeks to add as a defendant, there is no mistake for purposes of the relation back doctrine." *Richardson v. John F. Kennedy Hospital*, 838 F.Supp. 979, 987 (E.D. Pa. 1993). Thus, in *Cornwell*, the Second Circuit held that plaintiff's proposed amendment to name individuals who had harassed and discriminated against her did not relate back to the filing of the original complaint where she clearly knew the identities of the individuals, and knew exactly what she alleged they had done, when she filed the initial complaint. In light of her knowledge of the individuals' involvement, the Second Circuit concluded that her failure to

name them "must be considered a matter of choice, not mistake." *Id.* at 705.

Plaintiff Earl and her counsel made the same choice here. Plaintiff was well aware all along that Novartis Nutrition was her employer. She never believed that either Consumer Health or Novartis Corp. were her employer. She and her counsel made a conscious decision not to name Novartis Nutrition in the *Velez* case because they thought it would detract from their effort to have a class action certified.[4] Having gambled and lost, they are not entitled to the benefit of relation back. The claims against Novartis Nutrition are time-barred, and the proposed amendment therefore must be denied as futile.

## III. CONCLUSION

Defendant Consumer Health respectfully requests that Summary Judgment be granted and that Plaintiff's Motion to Amend the Complaint be denied.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Attorneys for Novartis Consumer Health, Inc.

Dated: July 30, 2008

By: /s/ Allyson M. Smith
Peter O. Hughes (admitted *pro hac vice*)
Allyson M. Smith (AS 4750)

---

[4] In fact, Exhibit A to *Plaintiff's Brief* demonstrates that her attorneys had full information about the exact relationship between the various entities way back in **2005**. Exhibit A is an organizational chart that was marked by Plaintiff's attorney at a deposition of a Novartis Corp. witness in *Velez v. Novartis* in September 2005. The chart clearly shows that: (1) Consumer Health, Novartis Nutrition, and Novartis Corp. are separate entities; (2) that the "Consumer Health Division" and "Novartis Consumer Health, Inc." are two different things; (3) that Consumer Health and Novartis Nutrition had different ownership; and (4) that there was no parent/subsidiary relationship between Consumer Health and Novartis Nutrition. In light of the availability of this information back in 2005, coupled with Plaintiff's obvious knowledge of the correct identity of her employer, Plaintiff's attorneys had no excuse for not naming Novartis Nutrition in the *Velez* matter years ago. They certainly had no excuse for not naming Novartis Nutrition when they filed the Complaint in the case at bar in October 2007.