UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUE EARL,                                           :
                                                    :
                          Plaintiff,                :
                                                    :          **DECISION & ORDER**
            -against-                               :
                                                    :          07 Civ. 9595 (RMB)
                                                    :
NOVARTIS CONSUMER HEALTH, INC.,                     :
                                                    :
                          Defendant.                :
-------------------------------------------------------------X

**I.     Background**

On or about October 26, 2007, Sue Earl ("Plaintiff" or "Earl") filed a complaint

("Complaint") against Novartis Consumer Health, Inc. ("Defendant" or "Novartis Consumer

Health") alleging gender discrimination in violation of Title VII of the Civil Rights Act of 1964,

42 U.S.C. § 2000 et seq. ("Title VII").  Plaintiff alleges, among other things, that she "was

denied promotions and training opportunities because of her sex" and was "treated [] in a

harassing, offensive, and hostile manner in the workplace." (Complaint at 1–2.)

The parties agree to the following:  "Plaintiff was employed by Novartis Nutrition

Corporation ('Novartis Nutrition') until her resignation in March 2005." (Def. Rule 56.1

Statement, dated June 16, 2008 ("Def. 56.1"), ¶ 1; Pl. Br. in Opp. to Def. Mot. for S.J., dated

July 16, 2008 ("Opp."), at 2.)  "On or about May 24, 2005, Plaintiff filed a charge of

discrimination with the Equal Employment Opportunity Commission ('EEOC') against Novartis

Pharmaceuticals Corporation ('Novartis Pharmaceuticals') and Novartis Corporation ('Novartis

Corporation')." (Def. 56.1 ¶ 2; Opp. at 2–3.)

"On or about June 2, 2005, while Plaintiff's charge against Novartis Pharmaceuticals and

Novartis Corporation was pending, Plaintiff elected to join Velez v. Novartis Pharmaceuticals

<u>Corp.</u>, No. 04 Civ. 9194, in which twenty-two women alleged class wide claims of gender discrimination against Novartis Pharmaceuticals, Novartis Corporation, and an individual defendant, Thomas Ebeling." (Def. 56.1 ¶ 6; Opp. at 3.)  On or about July 31, 2007, the Honorable Gerard E. Lynch, U.S.D.J., dismissed Novartis Corporation as a defendant in that action and found, among other things, that "[b]ecause plaintiffs have failed to show that Novartis Corporation and Novartis Pharmaceuticals function as a single enterprise, Novartis Corporation cannot be held liable for any violation of Title VII by Novartis Pharmaceuticals." <u>Velez v. Novartis Pharmaceuticals Corp.</u>, 244 F.R.D. 243, 254 (S.D.N.Y. 2007).  Judge Lynch also certified a class of Novartis Pharmaceuticals employees but Plaintiff "was not in this category [and] her affiliation with the plaintiff class was terminated." (Def. 56.1 ¶ 14; Opp. at 4.)

On or about June 17, 2008, Defendant moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") arguing, among other things, that (1) "Plaintiff's Title VII claims should be dismissed due to her failure to name Novartis Consumer Health as a party in the EEOC charge of discrimination"; (2) "Plaintiff's Title VII claims are barred by the statute of limitations and [are] not subject to tolling"; (3) "Plaintiff's state law claims must be dismissed because Novartis Consumer Health never employed Plaintiff"; and (4) "Plaintiff's [cross– motion] to amend the Complaint to include [Novartis Nutrition] as a defendant should be denied because the motion is futile." (Def. Mem. in Supp. of Mot. for S. J., dated June 16, 2008 ("Def. Mem."), at 9, 14, 17, 22; <u>see also</u> Def. Reply Mem. in Supp. of Mot. for S.J., dated July 30, 2008 ("Reply"), at 8-10.)

On or about July 16, 2008, Plaintiff opposed Defendant's motion for summary judgment and filed a cross-motion to amend the Complaint arguing, among other things, that (1) "Plaintiff's errors in identifying the proper defendant for purposes of her EEOC charge do not

preclude her from bringing her claims in court"; (2) "the statute of limitations on Plaintiff's employment discrimination claims continued to toll through July 31, 2007 because she was a member of the putative class in the Velez matter through that date"; (3) "the court continues to exercise jurisdiction over Plaintiff's state law claims"; and (4) "Plaintiff is entitled to leave to amend to add Novartis Nutrition as a defendant." (Opp. at 9, 15, 17–18.) On or about July 30, 2008, Defendant filed a reply brief ("Reply"). The parties waived oral argument.

   **For the following reasons, Defendant's motion for summary judgment is granted and Plaintiff's cross-motion to amend the Complaint is denied.**

**II.     Legal Standard**

   Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). All reasonable inferences must be drawn in favor of the non-moving party. Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (internal quotation marks and citations omitted). A genuine issue of material fact exists if "a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

   While Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a); see Nerney v.

- 3 -

Valente & Sons Repair Shop, 66 F.3d 25, 28 (2d Cir. 1995) (per curiam), "[a] district court may properly deny a motion to amend when it finds that amendment would be futile," Patane v. Clark, 508 F.3d 106, 113 n.6 (2d Cir. 2007).

### III.    Analysis

#### (1)    EEOC Charge

Defendant argues, among other things, that Plaintiff "failed to file an EEOC charge of discrimination against Novartis Consumer Health"; "a party not named as a respondent in the EEOC charge may not later be named as a defendant in a civil suit under Title VII"; and Plaintiff "was represented by highly-competent counsel [when she filed the EEOC charge], who are well versed in Title VII and other employment laws." (Def. Mem. at 14–16.)

Plaintiff counters, among other things, that "given the 'identity of interest' that exists between the named defendants and the defendants in fact . . . [Plaintiff's] technical error is of no moment"; and Plaintiff's counsel's "experience had no bearing upon Plaintiff's ability to meet the procedural requirement at issue here, where the esoteric nature of the corporate arrangement—rather than unfamiliarity with Title VII—was at the root of Plaintiff's difficulty in naming the correct defendant." (Opp. at 17–18.)

Novartis Consumer Health is entitled to summary judgment because Plaintiff did not file an EEOC charge against it. 42 U.S.C. § 2000e-5(b); see also Bey v. I.B.E.W. Local Union No. 3, No. 05 Civ. 7910, 2008 WL 821862, at *10 (S.D.N.Y. Mar. 26, 2008) ("To assert a Title VII claim in federal court, the plaintiff must first file a charge with the EEOC or an appropriate state agency . . . within 180 days following the incident."). "[T]he 'identity of interest' exception [to this requirement] permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the

administrative charge." <u>Johnson v. Palma</u>, 931 F.2d 203, 209 (2d Cir. 1991). Because this

exception "is limited to situations where a plaintiff was not represented by counsel at the time the

EEOC charge was filed," it does not apply here.[1] <u>Gagliardi v. Universal Outdoor Holdings, Inc.</u>,

137 F. Supp. 2d 374, 379 (S.D.N.Y. 2001). Plaintiff's current counsel, who claim to "have

extensive Title VII experience," also represented her when she filed the EEOC charge and during

the <u>Velez</u> matter. (<u>See</u> Opp. at 17–18.)

    (2)    **Statute of Limitations**

Defendant argues, among other things, that "Plaintiff's claims against [it] are barred by

the statute of limitations because she failed to file a lawsuit against Novartis Consumer Health

within 90 days of receiving her right-to-sue letter in 2005"; and Plaintiff's "participation in a

class action against one party [Novartis Corporation] does not toll the statute of limitations

against a different party [Novartis Consumer Health]." (Def. Mem. at 9, 11.)

Plaintiff counters, among other things, that "the statute of limitations . . . continued to toll

through July 31, 2007 . . . when the [<u>Velez</u>] court ruled on the motion for class certification"; and

"the close parent-subsidiary relationship between Novartis Corporation," a defendant in the

<u>Velez</u> action, and "the various entities within Novartis Corporation" tolls the statute of

limitations. (Opp. at 2, 15–16.)

---

[1]    Even if Plaintiff had filed the EEOC charge <u>pro se</u> (which she did not), the identity of interest exception would not apply because (i) "Novartis Corporation, Novartis Consumer Health, and Novartis Nutrition were [] separate, independently-operating corporations" and (ii) "[t]here is no question that [Plaintiff] was able to ascertain the role of [her actual employer, Novartis Nutrition,] and could have named [Novartis Nutrition] if [s]he wished to in the agency complaints." <u>See Johnson</u>, 931 F.2d at 210. Defendant provides undisputed evidence that Plaintiff knew that her employer was Novartis Nutrition when she filed the EEOC charge, including, among other things, Plaintiff's 2005 W-2 and Earnings Summary listing her employer as Novartis Nutrition; copies of Plaintiff's resume listing Novartis Nutrition as her employer; and a 2002 letter from Plaintiff that begins "[a]s a dedicated twelve year clinical veteran of Novartis Nutrition . . . ." (<u>See</u> Declaration of Allyson M. Smith, dated June 16, 2008, Exs. Q, R, T)

Even assuming, arguendo, that Plaintiff had named Novartis Consumer Health in her EEOC charge (which she did not), see III.1 above, the deadline for her to commence a federal lawsuit against Novartis Consumer Health would have been September 26, 2005, i.e. 90 days after she received the right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e-5(f)(1); see also Francis v. Elmsford School Dist., 442 F.3d 123, 126 (2d Cir. 2006) ("a Title VII . . . claim must be filed within 90 days of the claimant's receipt of a right-to-sue letter from the EEOC"). The instant Complaint was filed on October 26, 2007, i.e. 2 years and 32 days too late. See 42 U.S.C. § 2000e-5(f)(1).

And, although "[t]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class," Plaintiff's involvement in the Velez matter against Novartis Corporation does not toll the statute of limitations against Novartis Consumer Health. In re WorldCom Sec. Lit., 496 F.3d 245, 254 (2d Cir. 2007) (internal citation omitted). Novartis Consumer Health was not a named party in the Velez matter and the statute of limitations cannot be "suspended from running in favor of a person not named as a defendant in [a] class suit." See Arneil v. Ramsey, 550 F.2d 774, 782 n.10 (2d Cir. 1977).[2]

**(3)    State Law Claims**

"As there are no longer any claims based on federal law in this action and with due consideration of concerns of judicial economy, convenience and fairness, pursuant to 28 U.S.C.

---

[2]    Any parent-subsidiary relationship between Novartis Corporation and Novartis Consumer Health does not save Plaintiff's cause because "a parent is liable for the acts of its subsidiary only under 'extraordinary circumstances'" and there is "a strong presumption that a parent is not the employer of its subsidiary's employees." See Balut v. Loral Elec. Sys., 988 F. Supp. 339, 344 (S.D.N.Y. 1997). And, Novartis Consumer Health provides evidence that it "was never advised that there was a claim or potential claim by [Plaintiff] against [it] until . . . the Complaint in this case was filed." (See Certification of Gregory Tole, Vice President and Associate General Counsel of Novartis Consumer Health, Inc., dated June 12, 2008, ¶ 3); see also American Pipe & Const. Co. v. Utah, 414 U.S. 538, 544 (1974).

§ 1367(c)(3), the court declines to exercise supplemental jurisdiction over the remaining state law claims." <u>LaGrande v. Key Bank Nat. Ass'n</u>, 393 F. Supp. 2d 213 (S.D.N.Y. 2005); <u>see also</u> <u>Block v. First Blood Assocs.</u>, 988 F.2d 344, 351 (2d Cir. 1993).

### (4)    Motion to Amend the Complaint

Plaintiff argues, among other things, that her "proposed amendment of her Complaint to name Novartis Nutrition as a defendant relates back to June 6, 2005, the date that she joined the <u>Velez</u> matter as a class representative, thus putting Novartis Corporation on notice of the claims against her employer"; "the statute of limitations on her claim against Novartis Nutrition was tolled during the pendency of the class action against Novartis Corporation"; and "her October 26, 2007 Complaint against Novartis Consumer Health gave Novartis Nutrition additional imputed notice of the claims against it." (Opp. at 9–14.)

Defendant argues, among other things, that Plaintiff's "claims against Novartis Nutrition are time-barred and the proposed amendment therefore must be denied as futile" because "Novartis Nutrition was not named as a respondent in Plaintiff's EEOC charge" (<u>see</u> footnote on page 5); "Plaintiff never filed a complaint against Novartis Nutrition within 90 days of receiving her right to sue letter"; Plaintiff "was well aware that Novartis Nutrition was her employer and was the proper party when she filed her complaint in the <u>Velez</u> matter in 2005"; and "[Plaintiff] and her attorneys made a conscious decision not to pursue Novartis Nutrition, presumably because they feared it would detract from the effort to have a class certified." (Opp. at 22–23; Reply at 8–10.)

Under Fed. R. Civ. P. 15(c), a party may change a name in the complaint "only if the change is the result of an error, such as a misnomer or misidentification." <u>Johnson v. Barney</u>, No. 04 Civ. 10204, 2007 WL 2667134, at *1 (S.D.N.Y. Aug. 30, 2007) (internal citation

omitted).  "Plaintiff can point to no 'misnomer' or 'misidentification' sufficient to allow the addition of a new defendant at this late stage in the case, after the statute of limitations on Plaintiff's claim has lapsed."  See id.  There is, as noted, undisputed evidence that Plaintiff identified her employer as Novartis Nutrition (in her resume and correspondence) long before she filed her EEOC charge.  (See Declaration of Allyson M. Smith, dated June 16, 2008, Exs. Q, R, T).  But, she failed to name Novartis Nutrition or, for that matter, Novartis Consumer Health in her EEOC charge.  "[T]he mistake exception is not available when a plaintiff knew the identity of the [proposed] newly named defendant and its possible involvement in the alleged acts and simply chose not to sue it at the time of the original pleading."  Chrobak v. Hilton Group PLC, No. 06 Civ.1916, 2007 WL 2325913, at *2 (S.D.N.Y. Aug. 15, 2007).

**IV.    Conclusion**

    For the reasons stated above, Defendant's motion for summary judgment [#19, 28] is granted and Plaintiff's cross-motion to amend the Complaint [#9] is denied.  The Clerk is respectfully request to close this case.

Dated: New York, NY
        September 12, 2008

_____
RICHARD M. BERMAN, U.S.D.J.